AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| Jameson Taylor Anderson et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:19-cv-05582-SCJ |
| USI Advantage Corp. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BrightWater Holdings, LLC
690 Aviation Boulevard
Enterprise, Alabama 36330

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto

| Place: To undersigned counsel for USI or, if preferred, to J. Casey Pipes and John Dukes of Helmsing, Leach, Herlong, Newman & Rosue at 150 Government Street, Ste. 2000, Mobile, AL 36602 | Date and Time: Friday, January 17, 2020 at 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/3/20

CLERK OF COURT

_____    OR    *Matthew Weiss*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
USI Insurance Services LLC_____, who issues or requests this subpoena, are:
Matthew M. Weiss, Parker, Hudson, Rainer & Dobbs LLP, 303 Peachtree Street, Suite 3600, Atlanta, GA 30308, mweiss@phrd.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-05582-SCJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

### **Introduction, Definitions and Procedures**

A.  USI Insurance Services LLC serves this subpoena pursuant to the Court's December 20, 2019 Order allowing expedited discovery in connection with Defendant USI Insurance Services LLC's Emergency Motion for Temporary Restraining Order and Preliminary Injunction before further Court proceedings are held on January 8, 2020. USI Insurance Services LLC reserves the right to serve additional subpoenas and discovery requests on a later date.

B.  These document requests are continuing in nature, and you shall supplement these responses with any documentation that is unavailable at the time of the response hereto, but which becomes available at any time after the initial response.

C.  Each request seeks documents available to BrightWater Holdings, LLC, its attorneys or agents, and all persons acting on its behalf. Accordingly, as used herein, the terms "BrightWater Holdings," "you," and "your" refer without limitation to BrightWater Holdings, LLC, and its attorneys and agents, and all other persons acting on its behalf.

D.  If you claim privilege as to some or all of the documents requested by any document request, it is requested that you serve upon the undersigned counsel, on the date fixed for responding to the document requests, your written objections identifying: (a) the legal ground for the claimed privilege; (b) a description of the general topic of the document claimed to be privileged; and (c) the facts upon which such claim is based, to the extent possible in a manner consistent with the claimed privilege. You shall also set forth (d) the title and general nature of the document (e.g., letter, memorandum, etc.); (e) the general subject matter of the document; (f) the date of the document's preparation; and (g) the length of the document. You shall also identify (h) the person(s) who authored, prepared or signed such document; and (i) the person(s) to whom the document was directed, to whom a copy was shown to be sent or who received the document, or had access to the original or any copy.

E.  If you object to any part of any request and refuse to answer that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and respond to the remaining portion of that request for the scope or time period you believe is appropriate.

F.  If any of the following requests cannot be responded to in full after exercising due diligence to secure the documents, so state and respond to the extent possible, specifying your inability to answer the remainder and identifying whatever information or documents you have concerning the unanswered portions. If your response is qualified in any particular way, please set forth the details of such qualification.

G.  As used herein, the term "oral communication" means any words heard or spoken, including, without limitation, words spoken at any meeting, discussion, speech or conversation, or telephone call.

H. The provision of documents that "identify" a natural person means to provide documents containing information sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include his or her full legal name and present or last known home address and telephone number.

I. The provision of documents that "identify" a firm, corporation, partnership, proprietorship, association, or other organization or entity identified or named in your responses to these Requests should include the address of its principal office or place of business together with the identity of each officer, representative, agent or employee having knowledge or information concerning the subject matter of that answer.

J. The provision of documents that "identify" an oral communication means to provide documents showing what persons participated in such oral communication; the date, manner, and place; a description of the circumstances surrounding the communication; name of all persons present; substance of the communication; and/or comments regarding or in response to the communication.

K. As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

L. As used herein, the singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or," and the disjunctive "or" shall include the conjunctive "and."

M. As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

N. As used herein, the word "document" shall mean anything on which information is stored or from which information can be retrieved, including, but not limited to, any kind of written, typewritten, printed, recorded, computer produced, or graphic material, however produced or reproduced, brochures, drawings, graphs, photographs, microfilms, notes, memoranda, letters, telegrams, newspaper advertisements or articles, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, diaries, notebooks, minutes, summaries, and/or reports of negotiations or investigations, analyses, projects, ledger sheets, accounts, journals, publications, contracts, records, tapes, transcripts of records and recordings, and business records relating to the subject matter to which the respective interrogatory refers, and including, without limitation, originals, copies, drafts, and/or any other writings, whether signed or unsigned, regardless of whether approved, sent, received, redrafted, executed, erased or otherwise defaced or mutilated, from wherever obtained, now in your possession, custody, or control.

O. As used herein, the term "Taylor Anderson" means Jameson Taylor Anderson.

P. As used herein, the term "Dean Anderson" means Robert Dean Anderson.

Q. As used herein, the term "Plaintiffs" means, individually and collectively, Jameson Taylor Anderson, Robert Dean Anderson, and Roger Maldonado.

R.  As used herein, the term "USI" means USI Insurance Services LLC.

S.  As used herein, the term "Lockton" means Southeast Series of Lockton Companies, LLC.

**Requests for the Production of Documents**

You are commanded to produce the following:

1. All documents, including all e-mails and text messages, that evidence, reflect, or relate to the transfer of your business from USI to Lockton, including, but not limited to, your decision to change your insurance broker from USI to Lockton.

2. All documents, including all e-mails and text messages, that evidence or reflect communications between you and any officer, director, employee, agent, or representative of Lockton that relate to the transfer of your business from USI to Lockton, including, but not limited to, your decision to change your insurance broker from USI to Lockton.

3. All documents, including all e-mails and text messages, that evidence or reflect communications between you and any of the Plaintiffs that relate to the transfer of your business from USI to Lockton, including, but not limited to, your decision to change your insurance broker from USI to Lockton.

4. All documents, including all e-mails and text messages, that relate to meetings between you and any of the Plaintiffs regarding the transfer of your business from USI to Lockton.

5. To the extent not already produced, all documents that evidence or reflect communications between you and any officer, director, employee, agent, or representative of Lockton that were created from December 9, 2019 until the present.

6. To the extent not already produced, all documents that evidence or reflect communications between you and any of the Plaintiffs that were created from December 9, 2019 until the present.

7. To the extent not already produced, all documents and communications that evidence, reflect, or relate to any meetings between you and any of the Plaintiffs on or after June 9, 2019.

8. To the extent not already produced, all documents that evidence or reflect communications between you and any of the Plaintiffs on or after June 9, 2019.

9. All documents, including all e-mails and text messages, between you and any of the Plaintiffs regarding the Plaintiffs' resignation from/cessation of their employment at USI, including, but not limited to documents relating to their preparation to resign/cease their employment with USI.

10. All documents, including all e-mails and text messages, between you and any of the Plaintiffs regarding commencing their employment with Lockton including, but not limited to documents relating to their preparation to commence employment with Lockton.