# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, DEAN ANDERSON, and ROGER MALDONADO,  Plaintiffs,  v.  USI ADVANTAGE CORP. and USI INSURANCE SERVICES, LLC,  Defendants. | CIVIL ACTION FILE NO.  1:19-CV-5582-SCJ |

## ORDER

This case is before the Court on Defendant USI Insurance Services LLC's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 7] filed on December 18, 2019. The Court conducted an evidentiary hearing on the motion on December 20, 2019. Based on the submissions by USI Insurance Services LLC ("USI") and arguments and evidence presented at hearing, pursuant to Federal Rule of Civil Procedure 65 and applicable authority, the

motion for temporary restraining order ("TRO") is **GRANTED** in part and **DENIED** in part, as follows.[1]

It is hereby **ORDERED** that:

1. USI's motion for a TRO enjoining Robert Dean Anderson ("Dean Anderson") and Jameson Taylor Anderson ("Taylor Anderson") from resigning and terminating their employment with USI prior to February 7, 2020, is **DENIED**. This does not constitute a substantive ruling as to whether Dean Anderson or Taylor Anderson properly resigned from USI or whether Dean Anderson or Taylor Anderson remain employees of USI.

2. USI's motion for a TRO enjoining Dean Anderson and Taylor Anderson from competing against USI or providing services to the Southeast Series of Lockton Companies until February 7, 2020, is **DENIED**.

3. USI's motion for a TRO enforcing Section 7.5 of Dean Anderson's Employment Agreement [Doc. 7-2, pp. 29-44] (the "DA Agreement") is **GRANTED** except as stated in this Paragraph 3. Dean Anderson is enjoined from

---

[1] After the hearing, both parties electronically submitted proposed orders for the Court's review, as well as arguments on the propriety of the orders. After review, the Court adopts Defendant's proposed order in relevant part.

violating Section 7.5 of the DA Agreement, which prohibits him from, "directly or indirectly, compet[ing] with the Company [USI] within the Restricted Geographic Area [as defined in the DA Agreement] by: (a) acting in Executive's [as defined in the DA Agreement] same or similar capacity, which Executive acted for the Company, on behalf of any Competitive Business [as defined in the DA Agreement]; (b) performing Executive's same or similar functions, which Executive performed for the Company, on behalf of any Competitive Business; or (c) otherwise taking, facilitating or encouraging any action to evade or attempt to evade the intent of this Section[.]" Notwithstanding the foregoing, the "restricted geographic area," of Section 7.5 has been blue-penciled as follows. Dean Anderson is not enjoined at this time from working for the Southeast Series of Lockton Companies in Charlotte, North Carolina.

4.   USI's motion for a TRO enforcing Section 7.6 of the DA Agreement is **GRANTED** except as stated in this Paragraph 4.  Dean Anderson is enjoined from violating Section 7.6 of the DA Agreement, which prohibits him from "carrying on any business in competition with the Company [USI], directly or indirectly, with respect to any Client Account [as defined in the DA Agreement] or Active Prospective Client [as defined in the DA Agreement] in the Restricted

3

Geographic Area [as defined in the DA Agreement]." Notwithstanding the foregoing, for purposes of this TRO only, this TRO with respect to Section 7.6 of the DA Agreement shall apply only to the following portions of the Restricted Geographic Area: "(a) the state in which Executive maintained his/her principal office for the Company during the last twelve (12) months of Executive's employment hereunder," which is Georgia, and "(b) a one hundred (100) mile radius from any Company facility in which Executive maintained an office during the last twelve (12) months of Executive's employment hereunder[.]"

5.      USI's motion for a TRO enforcing Section 7.6 of Taylor Anderson's Employment Agreement [Doc. 7-2, pp. 61-79] (the "TA Agreement) and Section 4.6 of Roger Maldonado's Employment Agreement [Doc. 7-2, pp. 48-59] (the "RM Agreement") is **GRANTED**. Taylor Anderson is enjoined from violating Section 7.6 of the TA Agreement, which prohibits him from "carrying on any business in competition with the Company [USI], directly or indirectly, with respect to any Client Account [as defined in the TA Agreement] or Active Prospective Client [as defined in the TA Agreement] in the Restricted Geographic Area [as defined in the TA Agreement]." Roger Maldonado is enjoined from violating Section 4.6 of the RM Agreement, which prohibits him from "carrying

4

on any business in competition with the Company [USI], directly or indirectly, with respect to any Client Account [as defined in the RM Agreement] or Active Prospective Client [as defined in the RM Agreement] in the Restricted Geographic Area [as defined in the RM Agreement]."

6. This Order does not constitute a ruling on the merits of any legal claim or defense. This Order also does not constitute a ruling one way or the other as to whether the Plaintiffs or any other person or entity may or may not perform the activities that are not enjoined by this Order. Instead, this Order constitutes a ruling solely on USI's Motion for TRO.

The requirement for bond has been waived by the language of the employment agreements.

7. The Court does not enter a ruling at this time on USI's Motion for Preliminary Injunction [Doc. 7], which remains pending. The Court has scheduled a hearing on USI's Motion for Preliminary Injunction for **JANUARY 8, 2020 at 2:00 P.M.** This Order shall remain in effect until further Order of the Court.[2]

---

[2] The motion for leave to file matters under seal (Doc. No. [10]) is **GRANTED** for good

5

**IT IS SO ORDERED** this 6th day of January, 2020.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

cause shown.  The motion for leave to file excess page (Doc. No. [6]) is **GRANTED** in the exercise of the Court's discretion.

6