**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JAMESON TAYLOR ANDERSON,** | ) | |
| **ROBERT DEAN ANDERSON, and** | ) | **Civil Action File No.** |
| **ROGER MALDONADO,** | ) | |
| | ) | **1:19-cv-05582-SCJ** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **USI ADVANTAGE CORP. and** | ) | |
| **USI INSURANCE SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ──────────────────────── | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiffs and Counterclaim Defendants Jameson Taylor Anderson, Robert Dean Anderson, and Roger Maldonado (collectively, "Plaintiffs") and Defendant and Counterclaim Plaintiff USI Insurance Services LLC ("USI"), after having conferred, submit this Joint Preliminary Report and Discovery Plan.

1

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

In this action, Plaintiffs assert claims for declaratory judgment and injunctive relief, seeking to have certain of the restrictive covenants and other contractual provisions contained in the contracts they entered in connection with their employment with USI declared unlawful.  USI has asserted counterclaims against Plaintiffs seeking to enforce several of these same restrictive covenants and other contractual provisions.  USI seeks both injunctive relief and monetary damages against Plaintiffs.

 Plaintiff Taylor Anderson also asserts claims against Defendant USI Advantage Corp. ("USI Advantage") seeking to have certain restrictive covenants contained in a Stock Agreement he entered with USI Advantage declared unlawful. USI Advantage has moved to dismiss those claims based on lack of personal jurisdiction and due to the New York forum selection clause contained in Section 9 of the Stock Agreement.

2

**(b)    Summarize, in the space provided below, the facts of this case. The summary  should not be argumentative nor recite evidence.**

**<u>Plaintiffs:</u>**

This lawsuit arises in the context of a former employment relationship between Plaintiffs and Defendant USI Insurance Services, LLC ("USI Insurance" or "Defendant"). The Plaintiffs are three Georgia residents who are former Georgia employees of Defendant USI Insurance.  Plaintiffs filed a Verified Complaint in the Superior Court of Fulton County, Georgia on December 10, 2019, seeking a declaratory judgment relating to certain restrictive covenants contained within Taylor Anderson's "Employment Agreement" ("TA Agreement"), Taylor Anderson's "Restricted Stock Award Agreement" (the "Stock Agreement"), Dean Anderson's "Employment Agreement" ("DA Agreement"), and Maldonado's "Confidentiality, Non-Solicitation & Non-Interference Agreement" ("Maldonado Agreement"). These several agreements purport to contain restrictive covenants which place severe restrictions on Plaintiffs' post-employment activities.  Plaintiffs contend that many of the restrictions contained in the cited agreements are unlawful and unenforceable as a matter of law.  On December 11, 2019, Defendants filed their Notice of Removal, removing this case to federal court.

3

USI Insurance is an insurance brokerage firm that provides various types of commercial insurance and related services.  Plaintiffs began working for USI in or about 2017 when USI acquired their former employer, Wells Fargo Insurance Services, Inc. ("WFIS").  Throughout their employment at USI Insurance, Plaintiffs worked in the USI Insurance office located in Atlanta, Fulton County, Georgia.

Taylor Anderson and Defendant USI Advantage Corp. ("USI Advantage"), the indirect parent corporation of USI Insurance, also entered into the Stock Agreement in May 2019. The Stock Agreement conditionally granted certain restricted stock to Taylor Anderson and was drafted by USI Advantage. Taylor Anderson's stock grants under the Stock Agreement did not vest prior to Anderson's separation from employment with USI, and thus Taylor Anderson never received any actual value for these stock grants.

During the summer and fall of 2019, USI indicated that it would be significantly reducing and altering the National Aviation Practice's size and nature, leaving it largely dismantled.  Under the proposed changes, clients' aviation insurance needs would largely be handled locally by individual USI offices around the country instead of as currently by the national aviation insurance group.

4

In the days prior to Plaintiffs' resignations and in response to several departures by personnel in the national aviation insurance group to other brokers, USI suddenly indicated to Dean Anderson that it might not dismantle the National Aviation Practice.  USI indicated, instead, that it might just reorganize the practice in some ways without significant layoffs of employees.  USI's lack of a coherent and definite plan for the National Aviation Practice continued to undermine the Plaintiffs' confidence and trust in USI. One day the plan was to eliminate the national group; another day the plan was just diminishing the size of the group; then yet another day, once personnel were departing due to the plans to diminish the group, the plan suddenly shifted to retain the group in a reorganization, but without any details of when, how, or what kind of reorganization it would be.  Due to these issues, Plaintiffs resigned their employment with USI on December 9, 2019.  Plaintiffs subsequently became affiliated with Southeastern Series of Lockton Companies, LLC ("Lockton").

As alleged more fully at paragraphs 75-117 of the Verified Complaint for Declaratory Judgment and Injunctive Relief, Plaintiffs contend that the restrictive covenants purportedly imposed upon them by USI Insurance and USI Advantage are unlawful and unenforceable.  The employment agreements the Stock Agreement

include non-solicitation covenants that bar the acceptance of unsolicited business, and that purport to bar the Plaintiffs from providing any services to clients, regardless of whether any of the Plaintiffs ever worked for (or ever had any contact with) the client. The non-solicitation covenants also purport to apply to clients of only the Plaintiffs' former employer, WFIS, and not to clients of USI Insurance. The challenged agreements also purport to keep the Plaintiffs from engaging in competitive activities on a nationwide basis, or worldwide with respect to clients of any USI-affiliated entity located within a 100-mile radius of the Plaintiffs' former office at USI Insurance in Atlanta, Georgia. These covenants purport to apply even with respect to clients of USI entities for whom Plaintiffs never worked, and whose existence as clients of a USI entity would be unknown to Plaintiffs.

The agreements include patently unenforceable covenants that purport to bar the hiring of any employee of any USI entity, regardless of whether the Plaintiff ever worked at the entity or knew (or had any contact with) the employee.

Accordingly, Plaintiffs seek a declaratory judgment as to the unenforceable covenants, and injunctive relief prohibiting the Defendants from attempting to enforce said covenants, and for other relief as specified in the Verified Complaint for Declaratory Judgment and Injunctive Relief.

6

**<u>Defendant USI:</u>**

Plaintiffs filed their Verified Complaint for Declaratory Judgment and Injunctive Relief on December 9, 2019 in the Superior Court of Fulton County, Georgia. In such Verified Complaint, Plaintiffs sought a declaration that the restrictive covenants in the employment agreements between Plaintiffs and USI and the restrictive covenants in the Stock Agreement between Taylor Anderson and USI Advantage Corp. were void and unenforceable. In response, Defendants removed this action to this Court. In its answer, USI denied that the restrictive covenants in the employment agreements between USI and Plaintiffs were unenforceable. In addition, USI asserted counterclaims against Jameson Taylor Anderson ("Taylor Anderson"), Robert Dean Anderson ("Dean Anderson"), and Roger Maldonado (collectively, the "Counterclaim Defendants") to enforce restrictive covenants in the employment agreements between the Counterclaim Defendants and USI as the restrictive covenants in the employment agreements are clearly enforceable under Georgia law.

USI is a full-service risk management and insurance brokerage firm and one of the largest insurance brokerages in the United States. The Counterclaim Defendants, as Executives and Producers, were responsible for managing all aspects

of client relationships at USI, including attracting and developing new clients, expanding current client relationships, and planning, marketing, and developing future client opportunities.

In connection with the closing of a stock purchase agreement USI entered into in June 2017, USI offered the Counterclaim Defendants employment positions at USI. USI offered Dean Anderson an at-will position as National Practice Leader Property & Casualty working out of USI's office in Atlanta, Georgia. Dean Anderson accepted the offer and agreed to certain terms and conditions set forth in an Employment Agreement (the "DA Agreement"). USI also offered Roger Maldonado an at-will position as Senior Vice President working out of USI's office in Atlanta, Georgia. Mr. Maldonado accepted USI's offer and agreed to certain terms and conditions set forth in an Employment Agreement (the "RM Agreement"). Finally, USI offered Taylor Anderson an at-will position as Commercial Lines Producer working out of USI's office in Atlanta, Georgia. Taylor Anderson accepted USI's offer and agreed to certain terms and conditions set forth in an Employment Agreement (the "TA Agreement").The TA Agreement, the DA Agreement, and the RM Agreement are collectively referred to as the "Agreements."

Dean Anderson and Taylor Anderson had the right to terminate their

8

employment with USI subject to Section 8.2 of the DA Agreement or TA Agreement, respectively, which required both Dean Anderson and Taylor Anderson to give sixty days' advance written notice to USI prior to such termination. The sixty-day notice provisions are referred to as the "Notice Provisions."

In exchange for employment by USI and other good and valuable consideration, in Section 7.5 of the DA Agreement, Dean Anderson also agreed not to compete against USI during the term of his employment and for six months thereafter within a specified "Restricted Geographic Area." Section 7.5 of the DA Agreement is referred to as the "Non-Compete Covenant." In addition, in exchange for employment by USI and other good and valuable consideration, the Counterclaim Defendants agreed not to compete against USI for client accounts or active prospective clients during their terms of employment and for a two-year period thereafter. (DA Agreement § 7.6, RM Agreement § 4.6; TA Agreement § 7.6 - referred to herein collectively as the "Client Non-Compete Covenants.") Finally, the Counterclaim Defendants also agreed to certain non-solicitation agreements in each of the Agreements. (DA Agreement § 7.7, TA Agreement § 7.5, RM Agreement § 4.5 - referred to herein collectively as the "Client Non-Solicitation Covenants.")

On December 9, 2019, without providing any advance notice, the

Counterclaim Defendants abruptly and unexpectedly attempted to terminate their employment with USI, effective immediately by submitting purported letters of resignation to USI on December 9, 2019 (collectively, the "Letters"). Pursuant to the Letters, Counterclaim Defendants' resignations were purported to be effective immediately, notwithstanding the Notice Provisions in the contracts of both Dean Anderson and Taylor Anderson. At or before Counterclaim Defendants' submission of the Letters, they indicated via LinkedIn that they were affiliating with the Southeast Series of Lockton Companies, LLC (the "Lockton Companies"), a direct competitor of USI.

Prior to and since attempting to resign their employment from USI, Counterclaim Defendants have been actively working for the Lockton Companies. Since the Counterclaim Defendants' affiliation with the Lockton Companies, many of USI's clients have sent broker of record change letters changing their broker of record from USI to the Lockton Companies. By virtue of the Counterclaim Defendants' conduct: (1) Dean Anderson and Taylor Anderson have violated the Notice Provisions and breached their duty of loyalty and their fiduciary duty to USI by attempting to resign from USI without the contractually required notice and by working for the Lockton Companies during the sixty-day notice period, (2) Dean

10

Anderson has violated the Non-Compete Covenant, (3) all the Counterclaim Defendants have violated the Client Non-Compete Covenants, and (4) all the Counterclaim Defendants have violated the Client Non-Solicitation Covenants. Moreover, the Counterclaim Defendants have acted in bad faith, have been stubbornly litigious, and have caused USI unnecessary trouble and expense.

By way of further explanation of the facts in this case, USI incorporates its Statement of Facts set forth in USI's Memorandum of Law in Support of Its Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7.1, pp. 5-13) and the Declaration of Robert Allen. (Doc. 7-2).

**(c)     The legal issues to be tried are as follows:**

Plaintiffs:

- Whether the Plaintiffs were employees at will under Georgia law, and thus could resign their employment at any time pursuant to O.C.G.A. § 34-7-1.

- Whether the United States Constitution, Thirteenth Amendment, and/or the Georgia Constitution, permits an employer to mandate that an employee remain under mandatory, compulsory employment, without the right to resign or accept employment elsewhere absent permission from the employer.

- Whether Plaintiffs are entitled to injunctive relief to prohibit Defendants from enforcing the unlawful covenants contained in the several Agreements entered into between Plaintiffs and USI Insurance.

- Whether Dean Anderson and Taylor Anderson owe and have breached a

11

duty of loyalty and a fiduciary duty to USI from December 9, 2019 to February 7, 2020 as alleged by USI Insurance.

- Whether Plaintiffs have breached any Agreements with USI Insurance.

- Whether USI Insurance has failed to take reasonable steps to mitigate any alleged damages.

- Whether the restrictive covenants contained within the Stock Agreement are enforceable under Georgia law.

- Whether Taylor Anderson's claim for declaratory judgment and injunctive relief related to certain covenants within the Stock Agreement should be dismissed under the doctrine of forum non-conveniens.

- Whether the Court has personal jurisdiction over USI Advantage.

Defendants:

- Whether the Notice Provisions are enforceable under Georgia law?

  o If so, whether Plaintiffs Dean Anderson and Taylor Anderson have breached the Notice Provisions?

  o If so, whether USI is entitled to injunctive relief to enforce the Notice Provisions?

- Whether the restrictive covenants in the Agreements (including the Non-Compete Covenant, the Client Non-Compete Covenant, and the Client Non-Solicitation Covenant) are enforceable under Georgia law?

  o If so, whether Plaintiffs have breached the restrictive covenants?

  o If so, whether USI is entitled to injunctive relief to enforce the restrictive covenants?

- Whether Dean Anderson and Taylor Anderson owe and have breached a duty of loyalty and a fiduciary duty to USI during their employment with USI (including the 60-day notice period)?

- What damages has USI sustained as result of the Counterclaim Defendants

12

breaching the Agreements (including the Notice Provisions and the restrictive covenants)?

- What damages has USI sustained as a result of Dean Anderson and Taylor Anderson's breaches of fiduciary duty and the duty of loyalty?

- Whether USI is entitled to attorneys' fees pursuant to O.C.G.A. § 13-6-11?

- If the Court denies USI Advantage's pending Motions to Dismiss, this list may need to be supplemented to add issues to be tried relating to Taylor Anderson's claims against USI Advantage relating to that certain Stock Agreement and any counterclaims that USI Advantage files against Taylor Anderson relating to that same agreement.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

*USI Advantage Corp. v. Jameson Taylor Anderson*, U.S. District Court for the Southern District of New York (Civil Action No. 7:20-cv-00495)

**(2)     Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_ (4) Greater than normal volume of evidence
    \_\_X\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof

13

_____ (11)Unusually complex discovery of electronically stored
information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel

for the parties:

<u>Plaintiffs:</u>

Warren R. Hall Jr.
Hall, Gilligan, Roberts & Shanlever, LLP
3340 Peachtree Road, NE, Suite 1900
Atlanta, GA 30326
Phone: (404) 442-8776
whall@hgrslaw.com

<u>Defendants:</u>

Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller
Georgia Bar No. 142219
Parker Hudson Rainer & Dobbs LLP
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Tel: (404) 523-5300
Fax: (404) 522-8409
Email:    nbaughan@phrd.com
jcm@phrd.com

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

14

 X  Yes          ____No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

USI Advantage has moved to dismiss alleging that this Court lacks personal jurisdiction over it (Doc. 22) and because the Stock Agreement between it and Plaintiff Jameson Taylor Anderson requires that all disputes between the parties relating to the restrictive covenants therein by submitted solely and exclusively to courts located in New York.  USI Advantage incorporates its motions and briefs filed at Doc. 22, 22-1, 23, and 23-1.

Plaintiffs oppose USI Advantage's motions to dismiss and urge that personal jurisdiction exists over USI Advantage.  (Doc. 40, 41.)  Plaintiffs assert that Taylor Anderson is entitled to engage in jurisdictional discovery, and has interposed jurisdictional discovery upon USI Advantage. (Doc. 41.)  Plaintiffs note that only the motion to dismiss filed by USI Advantage based on personal jurisdiction (Doc. 22.) presents issues of personal jurisdiction.  Plaintiffs assert that the separate motion to dismiss on the grounds of forum non-conveniens (Doc. 23.) does not present jurisdictional arguments.

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

None.

The parties reserve the right to assert claims against other persons and entities who are not currently named in this action.

**(b)    The following persons are improperly joined as parties:**

USI Advantage asserts that it is improperly part of this action for the reasons stated in the response to Item #4 above. Plaintiffs assert that USI Advantage is a proper party defendant for the reasons asserted in its responses to USI Advantage's motions to dismiss (Docs. 40 and 41) and as set forth more fully within the Verified Complaint for Declaratory Judgment and Injunctive Relief (Doc. 1-1.).

**(c)    The names of the following parties are either inaccurately stated or necessary  portions of their names are omitted:**

The proper name of USI Insurance Services LLC is not "USI Insurance Services, LLC" (*e.g.*, there is no comma in the name).  The parties propose that they shall henceforth amend the style of the case in subsequent filings to reflect the proper name.

16

**(d)**     **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties reserve the right to file such amendments as needed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Northern District of Georgia.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

17

All other motions must be filed WITHIN THIRTY  DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)      *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)      *Summary Judgment Motions:*  within thirty days after the close of discovery,  unless otherwise permitted by court order. Local Rule 56.1.

(c)      *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)      *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

Plaintiffs and USI agree to serve their Initial Disclosures by January 24, 2020.

USI Advantage has filed a motion to stay its deadline to file Initial Disclosures due to USI Advantage's pending motions to dismiss, including based on lack of personal jurisdiction.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference at this time.

**10.     Discovery Period:**

Plaintiffs contend that limited discovery commenced on December 20, 2019 when the Court granted USI's motion to expedite discovery on a limited and focused basis.   Plaintiffs contend that the unabridged discovery period commenced thirty days after the appearance of the first defendant by answer to the complaint or on January 17, 2020.

Defendant USI contends that regular discovery commenced on December 20, 2019 when the Court granted USI's motion to expedite discovery.

As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

*Plaintiffs:*

Plaintiffs have served written discovery on USI Insurance. Plaintiffs seek discovery regarding USI Insurance's Counterclaims and defenses.

Plaintiff Taylor Anderson has served jurisdictional discovery related to USI Advantage's claims that it is not subject to personal jurisdiction.

*Defendant USI:*

USI has served written discovery on Plaintiffs in this action and sought the discovery of information and documents relating to, among other things: (1) inspection of Plaintiffs' personal electronic devices; (2) communications between Plaintiffs and Lockton prior to December 9, 2019; (3) communications among Plaintiffs and other USI employees regarding Lockton; (4) communications between Plaintiffs and USI clients after June 1, 2019; (5) communications between Plaintiffs and any person regarding Plaintiffs' intention to join Lockton or regarding this action; (6) copies of Plaintiffs' social media accounts since November 1, 2019; (7) attempts by Plaintiffs to solicit any USI client to do business with Lockton; (8) cell phone records of Plaintiffs; and (9) any experts retained by Plaintiffs.

20

USI has also served subpoenas on several non-parties who are or were clients of USI prior to Plaintiffs' attempted resignation from USI and sought the discovery of documents relating to, among other things: (1) documentation of such non-party transferring its business from USI to Lockton; (2) communications between such non-party and any agent of Lockton regarding the transfer of its business to Lockton; (3) communications between such non-party and Plaintiffs regarding the transfer of business to Lockton; (4) documentation of any meeting or any communications between Plaintiffs and such non-party since June 2019; and (5) communications with Plaintiffs regarding their attempted resignation from USI and their beginning employment with Lockton.

By way of further response regarding the subjects on which discovery may be needed, USI incorporates the individual discovery requests included in the written discovery to Plaintiffs and the list of documents sought from each of the non-parties upon which USI served a subpoena.

USI may also need to take discovery on other topics, including based on facts learned of during discovery and regarding facts pertaining to subsequent developments.

If the Court denies USI Advantage's pending Motions to Dismiss, this list may need to be supplemented to add subjects on which discovery may be needed relating to Taylor Anderson's claims against USI Advantage concerning that certain stock agreement and any counterclaims that USI Advantage files against Taylor Anderson concerning that same agreement.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties anticipate that additional time to complete discovery beyond the standard four-month discovery track will be necessary.  There is a substantial volume of discovery to be completed in this matter given the numerous claims, counterclaims, and issues that are relevant to the parties' claims and counterclaims. In addition, this case will require substantial third-party discovery, which will require additional time to coordinate and complete.  Accordingly, the parties request that discovery remain open until June 20, 2020, which is six months after the Court granted USI's motion to expedite discovery. The parties reserve the right to request extensions of the discovery period if necessary to complete discovery.

22

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b)     Is any party seeking discovery of electronically stored information?**

     X     Yes                     No

If "yes,"

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have had a preliminary discussion regarding the scope of electronic discovery in this case. However, at the time of that conference, Plaintiffs had not yet served any discovery requests on USI. The parties intend to continue to discuss the scope and limits of the production of electronically stored information.

The parties have specifically conferred about USI's request to have a third-party party forensic neutral image and run search terms on Plaintiffs' electronic devices. Plaintiffs have objected to this request. The parties do not believe they are likely to reach an agreement on this issue.

23

With respect to discovery served upon USI, USI believes it will be necessary for the parties to confer regarding search criteria in order to ensure that the discovery sought does not impose an undue burden and is proportional to the needs to this case.

> **(2)** **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have had a preliminary conference regarding the format for the production of electronically stored information.  USI requests that Plaintiffs provide documents in text searchable format, and also in native format and with the inclusion of metadata.  The parties intend to continue to discuss the format of production during discovery.

## 12.    Other Orders:

> What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties agree that this case requires a Protective Order governing the confidentiality of certain documents produced during discovery.  The parties are in the process of conferring about the terms of the Protective Order and anticipate submitted their proposed Order to the Court soon.

24

The parties jointly request that the Court's scheduling order reflect that dispositive motions, if any, shall be filed no later than July 31, 2020.  Provided, however, that if the Court grants any extensions to the discovery period beyond the currently proposed discovery close date of June 20,2020, the deadline for dispositive motions shall be the later of July 31, 2020, or 30 days after the close of the amended discovery period.

**13.    Settlement Potential:**

**(a)**    The undersigned counsel certify by their signatures below that a Rule 26(f) conference was held on January 15, 2020, which included discussion of potential settlement of this case.

 For Plaintiffs: Lead counsel (signature)

*/s/ Warren R. Hall, Jr.*

For Defendant USI: Lead counsel (signature)

*/s/ Nancy H. Baughan*

*/s/ Jared C. Miller*

25

Other participants: Wayne Cartwright

**(b)**   All parties were promptly informed of all offers of settlement and following

discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(_____X_____) A possibility of settlement after discovery

(_____) A possibility of settlement, but a conference with the
judge is needed.

(_____) No possibility of settlement.

**(c)** Counsel (___) do  or (_____X_____) do not intend to hold additional settlement

conferences among themselves prior to the close of discovery.  The proposed

date of the next settlement conference has not yet been determined.

**(d)**   The following specific problems have created a hindrance to settlement of

this case:

None.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is

otherwise  entitled to a jury trial.

**(a)**      The parties (_____) do consent to having this case tried before a

26

magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of the Court this ___ day of May, 2018.

**(b)**     The parties (___X___) do not consent to having this case tried before a Magistrate Judge of this Court.

Respectfully submitted this 21st day of January, 2020.

| | |
|---|---|
| **HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP** | **PARKER HUDSON RAINER & DOBBS, LLP** |
| /s/ Wayne M. Cartwright (with permission by Jared C. Miller) | /s/ Jared C. Miller |
| Warren R. Hall, Jr. | Nancy H. Baughan |
| Georgia Bar No. 319405 | Georgia Bar No. 042575 |
| Wayne M. Cartwright | Jared C. Miller |
| Georgia Bar No. 257328 | Georgia Bar No. 142219 |
| 3340 Peachtree Road, Suite 1900 | Matthew M. Weiss |
| Atlanta, Georgia 30326 | Georgia Bar No. 718795 |
| Telephone: (404) 442-8776 | 303 Peachtree Street, NE, Suite 3600 |
| Facsimile: (404) 537-5555 | Atlanta, Georgia 30308 |
| Email: whall@hgrslaw.com | Telephone: (404) 420-5564 |
|       wcartwright@hgrslaw.com | Facsimile: (404) 522-8409 |
| | Email: nbaughan@phrd.com |
| *Counsel for Plaintiffs* |       jcm@phrd.com |
| |       mweiss@phrd.com |
| | |
| | *Counsel for Defendant USI* |

27

\* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as modified in the parties' Joint Preliminary Report and Discovery Plan.  Discovery in this case shall remain open through June 20, 2020.

**IT IS SO ORDERED**, this _____ day of  January, 2020.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE