UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | ) ) ) ) | Civil Action File No. |
| Plaintiffs, | ) ) ) | 1:19-cv-05582-SCJ |
| v. | ) ) | |
| USI ADVANTAGE CORP. and USI INSURANCE SERVICES, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

This case having come before the Court on agreement of Defendant USI Insurance Services LLC ("USI") and Plaintiffs Jameson Taylor Anderson, Robert Dean Anderson, and Roger Maldonado ("Plaintiffs" and collectively with USI, the "parties")[1] requesting entry of a protective order pursuant to Rule 26(c) of the

---

[1] Defendant USI Advantage Corp. has elected to not sign this Stipulated Protective Order. Accordingly, it not considered a "Party" for purposes of this Order and is not entitled access to any documents protected by it. If, at some date in the future, USI Advantage wishes to be bound by this Order, USI Advantage may gain access to any protected documents by filing a notice of agreement with this Stipulated Protective Order.

Federal Rules of Civil Procedure, the Court being otherwise fully advised in the premises and for good cause shown, **IT IS HEREBY ORDERED**:

1. This Order shall apply to all information produced during discovery in this action, by either a party to this action or by a non-party, that shall be designated by the party, non-party, or person producing it ("producing party") as "Confidential" or "Confidential – Outside Counsel's Eyes Only," as those terms are defined in Paragraph 2 of this Order (collectively, "Designated Information"). This Order shall not apply to information that was public knowledge prior to disclosure, or that following disclosure becomes public knowledge, unless: (a) the information is compiled in such a way that is not publicly available, or (b) such information became public (whether prior to or following disclosure) by an unauthorized or unlawful act or omission of a party. This Order shall also not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, unless such information was acquired subject to a confidentiality designation under this Order.

2. "Confidential" information is information, documents, or electronically stored data (including forensic images of such electronically stored data) that is designated in writing by the producing party or by another party or as otherwise permitted by this Order as "Confidential" and that is of a personal,

private, confidential, proprietary, or business nature and/or concerns entities who are not parties to this proceeding, including but not limited to information, documents, or data concerning current or former clients and/or current and former employees of any party, including but not limited to, Plaintiffs Jameson Taylor Anderson, Robert Dean Anderson, or Roger Maldonado (collectively, "Plaintiffs"), and/or the current or former employment of Plaintiffs or of any other current or former employee of a party, as well as data concerning USI's or Lockton's confidential and/or proprietary information (hereinafter "Confidential Information"). If a document or transcript contains information considered "Confidential" by a producing party, in order to designate a document or transcript as "Confidential," the producing party shall mark or cause to be marked such document or transcript with the legend "CONFIDENTIAL." To the extent feasible, such notation shall be placed on every page of each document so designated, but for electronic files produced only in native format the files may be otherwise designated in writing as "Confidential." Any producing party may designate as "Confidential – Outside Counsel's Eyes Only" information that it believes in good faith to be so highly confidential and highly sensitive that, if it were disclosed, there would be a serious risk of competitive harm to the producing party or to some other person to whom the producing party believes it owes a duty

to preserve competition-sensitive information or information obtained from a non-party pursuant to a current nondisclosure agreement or pursuant to any other obligation, by designating such information as "Confidential – Outside Counsel's Eyes Only" in writing or as otherwise set forth in this Order. To the extent feasible, such notation shall be placed on every page of each document so designated, but for electronic files produced only in native format the files may be otherwise designated in writing as "Confidential – Outside Counsel's Eyes Only."

3. All discovery exchanged in this matter shall be used only for the purpose of this litigation (including in this forum and/or the forum in which this litigation ultimately proceeds) and not for any other business, proceeding, litigation, or other purpose whatsoever.[2] Designated Information may not be disclosed to anyone except as provided in this Order. Outside Counsel for a

---

[2] The parties have been unable to agree as to whether documents produced in discovery in this action, but designated as Confidential or Confidential – Outside Counsel's Eyes Only under this Protective Order, may be shared with counsel for Plaintiff Jameson Taylor Anderson and Defendant USI Advantage Corp. in the related New York action, which is captioned as *USI Advantage Corp. v. Jameson Taylor Anderson*, U.S. District Court for the Southern District of New York (Civil Action No. 7:20-cv-00495) (the "New York Action"), or whether such documents may be used in the New York Action, subject to appropriate confidentiality protections. In the interest of moving discovery in this action forward, the parties have agreed to the terms of the current Protective Order, which does not allow use of such documents in any other litgation. The parties agree that each party reserves its right to seek amendment of this Order to allow use of protected documents in the New York Action.

receiving party may give advice and opinions to their client based on evaluation of Designated Information marked "Confidential – Outside Counsel's Eyes Only" produced by a producing party, provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party.

4. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" at the time of the testimony or deposition by make such designations on the record. Additionally, a party may designate testimony as "Confidential" after a deposition, by notifying the other party in writing within ten (10) business days after receipt of the final transcript of the specific pages and line numbers of the transcript that should be so designated. Unless the parties otherwise agree on the record of the deposition, all transcripts and testimony shall be treated as "Confidential" (unless previously designated "Confidential—Outside Counsel Eyes Only") from the date of the deposition until a period of ten (10) business days after receipt of the final transcript to allow the parties time to designate additional testimony as "Confidential" or "Confidential—Outside Counsel Eyes Only" in accordance with this Paragraph.

5. Any information designated "Confidential" or "Confidential – Outside Counsel's Eyes Only," or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such Designated Information, may be filed with the Court, but the filing party must follow the Court's procedures for attempting to file such information under seal. Information designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" may not be publicly filed without the filing party first trying to file such information under seal and allowing appropriate opportunity for the request to be ruled upon.

6. As used in this Protective Order, "Outside Counsel" refers exclusively to the parties' attorneys of record in this action, including the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with this action, and does not include employees of a party, any entity related to or affiliated with a party or a non-party in this action. Outside Counsel must have been retained to advise, counsel, or represent a party or non-party in this action and have appeared on behalf of that party or non-party or is affiliated with the law firm that has appeared on behalf of that party or non-party.

7. As used in this Protective Order, "In-House Counsel" refers exclusively to the attorneys who are employees of a party or non-party in this

6

action. Outside Counsel does not include In-House Counsel or any other outside counsel.

8. Material designated as "Confidential" that has been obtained during the course of this proceeding may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons, subject to the provisions of this Order:

    (a) The parties and the directors, officers, and employees or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by Outside Counsel for the purpose of assisting in the prosecution or defense of this action;

    (b) Counsel (including Outside Counsel who represent the parties in this action and In-House Counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with this action;

    (c) Subject to Paragraph 10, experts or consultants assisting counsel for the parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts

or consultants (including outside copying services and outside support services) who are assisting with this action;

(d) Subject to Paragraph 12, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action;

(e) Subject to Paragraph 12, any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(f) The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom; and

(g) Subject to Paragraph 12, other persons (i) as to whom the parties in writing agree or (ii) as authorized by an order of the Court entered upon notice to the parties.

9. Material designated as "Confidential – Outside Counsel's Eyes Only" that has been obtained during the course of this proceeding may be disclosed, summarized, described, characterized, or otherwise communicated or made

available in whole or in part only to the following persons, subject to the provisions of this Order:

    (a)    Outside Counsel, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with this action;

    (b)    Subject to Paragraph 10, independent experts or consultants retained by Outside Counsel, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the prosecution, defense, or settlement of this action;

    (c)    Subject to Paragraph 12, witnesses or deponents indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(d) The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom; and

(e) Subject to Paragraph 12, other persons (i) as to whom the producing party in writing agrees (such as In-House Counsel) or (ii) as authorized by an order of the Court entered upon notice to the parties.

10. Any independent experts or consultants (together with their clerical staff) identified under Paragraphs 8(c) and 9(b) having access to Designated Information shall be given a copy of this Order before being shown such Designated Information, and its provisions shall be explained to them by an attorney. Each independent expert or consultant (or their clerical staff), before having access to the Designated Information, shall agree not to disclose to anyone any Designated Information not exempted by this Order, and to not make use of any such Designated Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto, notice of execution to be served on the producing party, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Pursuant to Paragraph 20, any expert who is provided any

such Designated Information shall not retain copies or content of such materials in any form following the conclusion of this litigation, including any appeals.

11. Subject to the rules of evidence, in the event documents designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" are to be filed with the Court or offered in evidence at hearing or trial of this case, the party filing or offering such evidence must file such materials under seal in a manner not to be disclosed to the public. If necessary to protect the confidential nature of such documents, the party designating the Documents as "Confidential" or "Confidential – Outside Counsel's Eyes Only" may move the Court orally or in writing for an order that the Designated Information be received *in camera* at the hearing or under other conditions to prevent disclosure. The Court will then determine whether the proffered evidence should be treated as confidential, and if so, what protections shall be afforded to such documents at the hearing or trial. The parties shall also consider whether filing of a redacted version of evidence is sufficient to protect against the disclosure of Designated Information but will still allow for the use of the evidence as needed by the Court or requested by a party.

12. Notwithstanding anything to the contrary herein, any Designated Information may be used in any deposition taken of the producing party or its employees or experts, or may be used in any other deposition with the written

consent of the party that produced such Designated Information, which such consent shall not be unreasonably withheld, subject to the condition that when such Designated Information is so used, the party who made the designation may notify the reporter that the portion of the deposition involving such Designated Information is being taken pursuant to this Order. Further, whenever any Designated Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Designated Information pursuant to the terms of this Order. Pursuant to Paragraph 20, any person who is provided any such Designated Information at a deposition shall not retain copies or content of such materials in any form.

13. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential – Outside Counsel's Eyes Only" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential" or "Confidential – Outside Counsel's Eyes Only," the party objecting shall first try to resolve such disagreement with the producing party in good faith on an informal basis, such as

by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction shall submit the issue to the Court for resolution.

14. Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Designated Information without marking it with the legend "Confidential" or "Confidential – Outside Counsel's Eyes Only," or designates it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the document, information, or testimony contains Designated Information and/or that the document, information or testimony should be treated as Designated Information or with the corrected level of confidentiality in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Designated Information, and shall cooperate in restoring the confidentiality of such Designated Information. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled or incorrectly labeled

13

Designated Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Protective Order.

15. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance, so long as the producing party promptly notified the compelling party upon discovery of the error.

16. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the

producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Designated Information. The fact that Information is designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular document, information, or transcript is or is not Designated Information;

(b) whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

18. Any non-party to this action may designate information requested via third party discovery requests or subpoena as "Confidential" or "Confidential – Outside Counsel's Eyes Only" and such Designated Information produced by a

non-party in connection with this litigation is protected by the remedies and relief provided by this Order.

19. To protect its own Designated Information, the producing party may ask a non-party to execute a document in the form of Exhibit A.

20. Within thirty (30) days following the conclusion of this litigation, including any appeals, or for witnesses provided Designated Information pursuant to Paragraphs 8(d), 8(e) or 9(c), immediately following the deposition or testimony, all information designated as Designated Information, all copies of Designated Information and/or any content of such material, in whole or in part, including any content within any notes made by such person of Designated Information, shall be returned by all those receiving it pursuant to this Order to the producing party, or destroyed, except counsel of record in this action may maintain such documents or information provided they continue to be abide by the terms of this Order. Within thirty (30) days following the conclusion of this litigation, the parties agree that their counsel of record shall confer about the appropriate protocol for counsel of record returning, destroying, or maintaining other Desinged Information in the files of counsel of record; if the parties cannot reach an agreement regarding this issue, either party may raise the issue with the Court.

21. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit but shall continue until further Order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

22. Nothing in this Order limits or restricts a producing party's right to use or disclose information which it produced, and which is proprietary to it.

This the 13th day of February, 2020.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

**Agreed to and submitted by:**

| **HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP** | **PARKER HUDSON RAINER & DOBBS, LLP** |
|---|---|
| /s/ Wayne M. Cartwright | /s/ Jared C. Miller |
| Warren R. Hall, Jr. | Nancy H. Baughan |
| Georgia Bar No. 319405 | Georgia Bar No. 042575 |
| Wayne M. Cartwright | Jared C. Miller |
| Georgia Bar No. 257328 | Georgia Bar No. 142219 |
| 3340 Peachtree Road, Suite 1900 | Julie A. Wood |
| Atlanta, Georgia 30326 | Georgia Bar No. 023749 |
| Telephone: (404) 442-8776 | Matthew M. Weiss |
| Facsimile: (404) 537-5555 | Georgia Bar No. 718795 |
| Email: whall@hgrslaw.com | 303 Peachtree Street, NE, Suite 3600 |
| wcartwright@hgrslaw.com | Atlanta, Georgia 30308 |
| | Telephone: (404) 420-5564 |
| *Counsel for Plaintiffs* | Facsimile: (404) 522-8409 |