## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMESON TAYLOR ANDERSON,** | ) | |
| **ROBERT DEAN ANDERSON, and** | ) | **Civil Action File No.** |
| **ROGER MALDONADO,** | ) | |
| | ) | **1:19-cv-05582-SCJ** |
| **Plaintiffs and Counterclaim** | ) | |
| **Defendants,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **USI INSURANCE SERVICES LLC,** | ) | |
| | ) | |
| **Defendant and Counterclaim** | ) | |
| **Plaintiff.** | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE FOR DEFENDANT USI INSURANCE SERVICES LLC TO FILE AMENDED COUNTERCLAIM

Defendant USI Insurance Services LLC ("USI") requests leave to amend its Counterclaim in the form attached hereto as Exhibit A[1] so that USI may: (1) amend Counts V and VI of the Counterclaim to add breach of fiduciary duty and breach of duty of loyalty claims against Counterclaim Defendant Roger Maldonado based

---

[1] For the Court's and Plaintiffs' ease of reference, in addition to attaching the proposed Amended Counterclaim at Exhibit A, USI also attaches at Exhibit B a redline version of the Amended Counterclaim showing the proposed amendments and changes to the Counterclaim.

upon recently discovered evidence that Mr. Maldonado, while he was still an employee of USI: (a) worked together with David Brosbell of Purves Redmond Limited to facilitate the solicitation of USI's client, Field Aerospace, at least a couple of weeks before his resignation; and (b) communicated directly with Field Aerospace during that time to discuss with Field Aerospace his departure from USI, for the purpose of trying to divert this business to Lockton, and (2) amend Counts V and VI of the Counterclaim to set forth supplemental factual allegations supporting the already pending tort claims against Robert Dean Anderson and Jameson Taylor Anderson to clarify that these tort claims against the Andersons are premised on both conduct that occurred before and after December 9, 2019. While USI's original Counterclaim already does include claims against the Andersons for breaching their duty of loyalty and fiduciary duty to USI during their employment with USI, USI was unaware of these particular facts at the time it filed its initial Counterclaim against Defendants because Defendants intentionally concealed these facts from USI until this litigation.

As USI was unaware of these additional facts supporting the tort claims against Mr. Maldonado and the expanded tort claims against the Andersons until they were recently discovered as part of the preliminary injunction litigation before this Court and discovery responses received as late as April 30, 2020, this Motion is

timely. Moreover, as shown below, the Court's granting leave to allow USI to file the amendment to the Counterclaim will not delay this action, and the Motion is not requested in bad faith, will not unfairly prejudice the Plaintiffs, and is not futile. Therefore, the Court should grant the Motion and allow USI to file the Amended Counterclaim.

## I.      Standard for Granting Motion for Leave.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should grant leave freely when justice so requires. *See Kimberly-Clark Corp. v. Cardinal Health 200, LLC*, Civ. Action No. 1:10-CV-0034-CAP, 2010 WL 11453975, *1 (N.D. Ga. Nov. 22, 2010) (granting leave to amend counterclaim and stating that the "standard for allowing amendments under Rule 15 is a liberal one; Rule 15(a)(2) directs the court to 'freely give leave where justice so requires.'"). Courts, including the United States Supreme Court and the Eleventh Circuit, have held that Rule 15(a) affords a party the opportunity and presumption to amend a complaint (or other pleadings such as a counterclaim), unless there is a substantial reason to not allow such amendment, such as undue delay, bad faith, dilatory motive, or undue prejudice to the defendant. *See Forma v. Davis*, 371 U.S. 178, 178, 83 S. Ct. 227, 230 (1962); *see also Eco Solutions, LLC v. Verde Biofuels Inc.,* Civ. Action No. 4:09-CV-0125-HLM, 2010 WL 11470365, *2 (N.D. Ga. Oct. 19, 2010) ("A court thus may deny a motion to

amend *only if* certain circumstances exist, including: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment.") (emphasis added) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). Under this liberal standard, the Court should grant USI's Motion.

## II.   The Court Should Grant Leave to Amend and Permit the Filing of the Amended Counterclaim.

Here, the Court should exercise its broad discretion to grant the Motion because justice requires that USI be permitted to assert the attached Amended Counterclaim, and there is no reason to deny this request. There has been no delay, bad faith, or dilatory motive on the part of USI in bringing this Motion. Additionally, Plaintiffs will not suffer any prejudice if the Court grants this Motion, because the new claims against Mr. Maldonado and the new allegations supporting the existing claims against the other Plaintiffs arise out of the agreements at issue, because USI only recently learned of factual information supporting the Amended Counterclaim, and because the new counterclaims arise from facts that have already been the subject of discovery in this action and declarations obtained and filed by each party in this action. Finally, the granting of the Motion would not be futile, as the Court's recent issuance of a preliminary injunction, based, in part, on the new factual

evidence USI seeks to add to the Counterclaim, indicates that USI will likely succeed on the merits of the Counterclaim in Counts V and VI supported by such new evidence.

USI did not delay in filing the Motion. Plaintiffs filed their Complaint in Fulton County Superior Court on December 10, 2019, and USI removed the action to this Court on December 11, 2019 [Doc. 1]. Defendants were forced to file their Answer and Counterclaims on an expedited basis, shortly after removal, on December 18, 2019 in order so that they could file their Emergency Motion for Temporary Restraining Order and Preliminary Injunction that same day. [Doc. 5, 7] The expedited filing was made necessary given that Plaintiffs had recently abruptly purported to leave their employment with USI on December 9, 2019 and were actively in the process of transferring over substantial business to their new employer, Lockton, in violation of their legal obligations to USI. [*See* Doc. 7] In the original Counterclaim, USI asserted claims against all Plaintiffs for breaching their contractual obligations to USI. USI also asserted claims against Andersons, who remained employees of USI through February 7, 2020, for breaching their contractual and common law duties of loyalty and fiduciary duties owed to USI by disregarding their 60-day notice provision and diverting business from USI while they still remained employed by USI and on USI's payroll. [*Id.*]

At the initial hearing before the Court on December 20, 2019, the Court entered a Temporary Restraining Order against Plaintiffs and opened discovery. [Doc. 31] The parties immediately began pursuing expedited discovery regarding USI's pending Motion for Preliminary Injunction. Shortly before the February 26, 2020 hearing on USI's Motion for Preliminary Injunction, Plaintiffs filed the Declaration of a Canadian broker, David Brosbell, which disclosed certain communications between Mr. Brosbell and Plaintiffs following the December 9, 2019 purported resignations of Plaintiffs from USI, but misleadingly omitted any discussion of the in-person meeting and communications between certain Plaintiffs and Mr. Brosbell in November 2019, well *prior to* Plaintiffs' purported resignations. [Doc. 86-3]

After Plaintiffs filed this misleading Declaration, USI contacted Mr. Brosbell, at which time Mr. Brosbell disclosed that Plaintiffs Taylor Anderson and Roger Maldonado had, in fact, notified Mr. Brosbell of their planned departures from USI several weeks prior to notifying USI and prior to a dinner meeting with USI client Field Aerospace in November 2019. Plaintiffs had concealed these facts—that they had communicated with Mr. Brosbell, and that Mr. Brosbell had met with Taylor Anderson and Roger Maldonado in Toronto on November 18, 2019 prior to a client dinner to discuss their forthcoming resignation from USI—until well after they

- 6 -

resigned from USI and even in their submission of Mr. Brosbell's initial declaration. Upon learning of these facts, USI immediately obtained a Second Declaration from Mr. Brosbell outlining these and other facts and filed it with the Court on March 6, 2020. [Doc. 99 (Notice of Newly Acquired Evidence in Support of USI's Motion for Preliminary Injunction)] As Plaintiffs continued to deny anything improper about their communications with Mr. Brosbell and Field Aerospace [Doc. 100], USI obtained additional information from Mr. Brosbell regarding Plaintiffs' improper communications with Mr. Brosbell and filed a Third Declaration from Mr. Brosbell on April 6, 2020, which established that Plaintiffs Taylor Anderson and Mr. Maldonado specifically communicated with Mr. Brosbell about Plaintiffs' efforts to solicit Field Aerospace to move to Lockton around the time of Plaintiffs' purported resignations. [Doc. 109] Shortly thereafter, on April 21, 2020, the Court granted USI's Motion for Preliminary Injunction and issued a Preliminary Injunction against Plaintiffs. [Doc. 114] In its Order, the Court noted, in particular, Plaintiffs' communications with Mr. Brosbell. [Doc. 114, p. 11 (finding that "[s]ome of Plaintiffs' acts of solicitation occurred through intermediaries such as David Brosbell").

Then, on April 30, 2020, USI obtained additional evidence supporting these amendments to the Counterclaims, via Taylor Anderson and Roger Maldonado's

responses to interrogatories (attached hereto as <u>Exhibits C and D</u>), revealing that both Taylor Anderson and Mr. Maldonado had spoken with several clients, including Field Aerospace as well as other clients, shortly before their purported resignations to notify them they planned to leave USI. Mr. Anderson specifically admitted that he told certain clients, including Field Aerospace, of the possibility that he might leave USI for Lockton. *See* <u>Exhibit C</u> (Response to Interrogatory No. 2). These communications occurred even before Plaintiffs had informed USI of their intent to resign. These communications with clients, which Mr. Anderson and Mr. Maldonado undertook while still USI employees, were clearly for the purpose of carrying out their scheme to solicit and divert the business of USI clients to Lockton. Through these actions, Plaintiffs breached their legal duties to USI.

In addition to the Counterclaims USI asserted against Plaintiffs in their original Counterclaim, the recently learned facts about Plaintiffs' secret communications with Mr. Brosbell and others in order to facilitate the solicitation of USI client Field Aerospace and other clients to Lockton while they still remained employees of USI, supports additional counterclaims against Plaintiffs. Accordingly, based on this recently discovered evidence, Plaintiffs now seek to amend their Counterclaims. USI's proposed revisions are to expand their currently pending breach of duty of loyalty claim (Count Five) and breach of fiduciary duty

claim (Count Six) to: (a) expand the currently pending claims against the Andersons to make clear the scope of those claims includes, not only the Andersons' post-December 9, 2019 conduct during their notice period, but also the Andersons' pre-December 9, 2019 disloyal conduct, such as the interactions with Mr. Brosbell and Field Aerospace in November 2019 described above;[2] and (b) add these same claims against Roger Maldonado.

Granting this Motion and allowing the proposed amendment will not cause the Plaintiffs any unfair prejudice. The Plaintiffs were aware of this evidence prior to USI discovering it. USI was not able to discover the evidence supporting its Amended Counterclaim sooner because Plaintiffs concealed it. Moreover, these same facts have already been the subject to discovery, litigation, and the Court's Preliminary Injunction Order in this case. In fact, the Andersons have already had these same legal claims, breach of duty of loyalty and breach of fiduciary duty, pending against them since the inception on this case. In any event, should Plaintiffs believe additional discovery is needed on the Amended Counterclaim, they have ample time left to take it.

---

[2] USI believes its existing counterclaims against the Andersons for breach of duty of loyalty and breach of fiduciary duty are already sufficient to cover the conduct at issue, but seek to amend their Counterclaim to assert these additional facts in the interest of completeness and out of an abundance of caution.

In addition, the proposed Amendment will not alter scheduling or slow down this action and there is no evidence suggesting that USI is filing the Motion for any dilatory or bad faith purpose. Discovery is currently scheduled to remain open through September 20, 2020. [Doc. 122] Moreover, the Amendment does not expand the scope of discovery or require the parties to "redo" any discovery that already has occurred, as the facts between the pending claims and new claims overlap substantially, if not completely, and no depositions have yet occurred in this case.

Finally, the Plaintiffs are unable to making any showing that the amendment would be futile. USI has already provided argument and case law in this case showing the viability under Georgia law for both breach of duty of loyalty and breach of fiduciary duty claims against employees for disloyal conduct such as that described in the Amended Counterclaim. [Doc. 7-1, pp. 18-19 (citing case law)] As stated above, the Court cited to the new evidence supporting the Amendment when it granted USI's Motion for a Preliminary Injunction. The additional factual allegations which support the tort claims against Roger Maldonado and the supplementation of the existing factual allegations relating to the already pending tort claims against the Andersons clearly support USI's position that it will prevail on these claims. As such, no good faith argument may be made that the Amendment would be futile.

## III.    Conclusion

Accordingly, because justice requires this Amendment under these circumstances and because there is no basis to deny this request, the Court should grant the Motion and allow USI to file the amended Counterclaim at <u>Exhibit A</u>.

Respectfully submitted this 9th day of June, 2020.

**PARKER HUDSON RAINER & DOBBS LLP**

/s/ Jared C. Miller
Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller
Georgia Bar No. 142219
Julie A. Wood
Georgia Bar No. 023749
Matthew M. Weiss
Georgia Bar No. 718795
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30303
Phone: (404) 523-5300
Fax: (404) 522-8409
E-mail:    nbaughan@phrd.com
           jmiller@phrd.com
           jwood@phrd.com
           mweiss@phrd.com

*Attorneys for USI Insurance Services LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with Local Rule 7.1D, I certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE FOR DEFENDANT USI INSURANCE SERVICES LLC TO FILE AMENDED COUNTERCLAIM** has been prepared in conformity with Local Rule 5.1. The foregoing memorandum was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch. This memorandum is proportionately spaced, and is not longer than 25 pages.

<u>/s/ Jared C. Miller</u>
Jared C. Miller

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE FOR DEFENDANT USI INSURANCE SERVICES LLC TO FILE AMENDED COUNTERCLAIM** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to the following counsel of record:

> Warren R. Hall, Jr., Esq.
> Wayne M. Cartwright, Esq.
> Hall, Gilligan, Roberts & Shanlever, LLP
> 3340 Peachtree Road – Suite 1900
> Atlanta, Georgia 30326

This 9th day of June, 2020.

> /s/ Jared C. Miller
> Jared C. Miller