UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO,<br><br>Plaintiffs,<br><br>v.<br><br>USI INSURANCE SERVICES LLC,<br><br>Defendant. | **CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42**<br><br>Civil Action File No.<br><br>1:19-cv-05582-SCJ |
| USI INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC,<br><br>Defendant. | Civil Action File No.<br><br>1:20-cv-02490-SCJ |

## ORDER REGARDING DEPOSITIONS

This matter is before the Court upon the Joint Motion for Entry of Order Regarding Depositions (the "Joint Motion") filed by all parties to these consolidated cases, specifically USI Insurance Services LLC, Jameson Taylor

1

Anderson, Robert Dean Anderson, Roger Maldonado, and Southeast Series of Lockton Companies, LLC.  Having reviewed the Joint Motion, based on the consent of all parties to these consolidated cases, and for good cause shown, the Court **GRANTS** the Joint Motion and **ORDERS** the following:

1. This Order modifies Paragraph 6 of the Court's August 4, 2020 Scheduling Order.  Doc. 150 in Case No. 1:19-cv-05582-SCJ and Doc. 23 in Case No. 1:20-cv-02490-SCJ.  Paragraph 6 of the August 4, 2020 Scheduling Order is hereby superseded and replaced by the terms of this Order.  Except as expressly amended by this Order, the August 4, 2020 Scheduling Order remains in full force and effect.

2. USI Insurance Services LLC ("USI") may take a total of 15 depositions, inclusive of depositions already taken, in the consolidated discovery period in these two cases.

3. Plaintiffs Jameson Taylor Anderson, Robert Dean Anderson, Roger Maldonado (collectively, "Plaintiffs"), and Southeast Series of Lockton Companies, LLC ("Lockton") may take a total of 15 depositions, inclusive of depositions already taken, in the consolidated discovery period in these two cases.

4. Up to 10 of the 15 depositions USI may take will be governed by the duration parameters set forth in Fed. R. Civ. P. 30(d)(1).  The remaining 5

depositions USI may take shall be limited to no more than 2 hours of time on the record for USI to question the witness. USI may designate any of its 15 depositions as a full-length or a two-hour deposition, provided that these limitations are complied with in total, meaning that USI may include two-hour depositions in its first 10 depositions and full-length depositions in its last 5 depositions, provided that, in total, USI takes no more than 10 full-length depositions and 5 two-hour depositions. USI may designate a deposition as a two-hour deposition by providing written notice to Plaintiffs and Lockton via email sent to their counsel of record at least five (5) business days prior to any such deposition. If timely notice is not given designating the duration of a deposition, it shall be deemed to be a full-length deposition if any full length depositions remain available to the deposing party. The deposition time limits set forth herein do not include follow-up direct, redirect, or recross examinations by any party after USI's initial examination – provided, however, that USI's recross examination shall be strictly limited to the subject matter of the preceding direct or redirect examination. Any recross examination that extends beyond the subject matter of the preceding direct or redirect examination shall be allowed only if USI has not exhausted its time limit for that deposition.

5. Up to 10 of the 15 depositions Plaintiffs and Lockton may take will be

governed by the duration parameters (combined for Plaintiffs and Lockton) set forth in Fed. R. Civ. P. 30(d)(1). The remaining 5 depositions Plaintiffs and Lockton may take shall be limited to no more than 2 hours of time on the record for Plaintiffs and Lockton (combined for Plaintiffs and Lockton) to question the witness. Plaintiffs and Lockton may designate any of its 15 depositions as a full-length or two-hour deposition, provided that these limitations are complied with in total, meaning Plaintiffs and Lockton may include two-hour depositions in their first 10 depositions and full-length depositions in their last 5 depositions, provided that, in total, Plaintiffs and Lockton take no more than 10 full length depositions and 5 two-hour depositions. Plaintiffs or Lockton may designate a deposition as a two-hour deposition by providing written notice to USI via email sent to its counsel of record at least five (5) business days prior to any such deposition. If timely notice is not given designating the duration of a deposition, it shall be deemed to be a full-length deposition if any full length depositions remain available to the deposing party. The deposition time limits set forth herein do not include follow-up direct, redirect, or recross examinations by any party after Plaintiffs' and Lockton's initial examination – provided, however, that Plaintiffs'/Lockton's recross examination shall be strictly limited to the subject matter of the preceding direct or redirect examination. Any recross examination

that extends beyond the subject matter of the preceding direct or redirect examination shall be allowed only if Plaintiffs/Lockton has not exhausted their/its time limit for that deposition.

6. It is presumed that all depositions will take place virtually, rather than in-person, although the parties reserve their respective rights to request an in-person deposition.

7. USI shall be permitted to take an evidentiary preservation deposition of David Brosbell after the discovery period and after the Court has ruled upon dispositive motions (if any). Such a deposition shall not count towards the number of discovery depositions allowed pursuant to this Order.

8. USI may also take a deposition of Lockton pursuant to Fed. R. Civ. P. 30(b)(6), which shall be in addition to, and not included in, the 15 depositions referenced above. Lockton anticipates that Manoj Sharma shall be its designated 30(b)(6) witness. The parties anticipate that this 30(b)(6) deposition of Lockton shall be consolidated with and take place simultaneously with the deposition of Manoj Sharma. USI shall serve a deposition notice containing its 30(b)(6) topics for Lockton no later than six days prior to Mr. Sharma's deposition. If Lockton designates a witness other than Mr. Sharma or in addition to Mr. Sharma to testify on its behalf in response to some of the deposition topics, such witness(es) on

behalf of Lockton shall count, along with Mr. Sharma's deposition, as only one (1) deposition for purposes of the total allowed to USI under this Order.

9. No further requests for additional discovery depositions shall be permitted. The parties reserve the right to request evidentiary preservation depositions for trial following discovery and after the Court's ruling on any summary judgment motions.

**SO ORDERED** this 28 day of October, 2020.

                                             s/Steve C. Jones
                                             The Honorable Steve C. Jones
                                             United States District Judge