IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO,**<br><br>Plaintiffs,<br><br>v.<br><br>**USI INSURANCE SERVICES LLC,**<br><br>Defendant. | **CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42**<br><br>**Civil Action File No.**<br><br>**1:19-cv-05582-SCJ** |
| **USI INSURANCE SERVICES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC,**<br><br>Defendant. | **Civil Action File No.**<br><br>**1:20-cv-02490-SCJ** |

**[PROPOSED] ORDER REGARDING EXPERT DEPOSITIONS AND RELATED DISCOVERY**

This matter is before the Court upon the Joint Motion for Entry of Order Regarding Expert Depositions and Related Discovery (the "Joint Motion") filed by all parties to these consolidated cases, specifically Jameson Taylor Anderson, Robert

1

Dean Anderson, Roger Maldonado (collectively, "Plaintiff"), Southeast Series of Lockton Companies, LLC ("Lockton") and USI Insurance Services LLC ("USI"). Having reviewed the Joint Motion, based on the consent of all parties to these consolidated cases, and for good cause shown, the Court **GRANTS** the Joint Motion and **ORDERS** the following:

1. This Order modifies the Court's August 4, 2020 Scheduling Order. Doc. 150 in Case No. 1:19-cv-05582-SCJ and Doc. 23 in Case No. 1:20-cv-02490-SCJ; the Court's October 28, 2020 Order Regarding Depositions Doc. 161 in Case No. 1:19-cv-05582-SCJ and Doc. 44 in Case No. 1:20-cv-02490-SCJ; and the Court's November 23, 2020 Order Regarding Depositions, Discovery, and Dispositive Motions Doc. 173 in Case No. 1:19-cv-05582-SCJ and Doc. 52 in Case No. 1:20-cv-02490-SCJ. Except as expressly amended by this Order the referenced Orders remain in full force and effect.

2. Pursuant to Federal Rule of Civil Procedure 29, the Parties stipulate that expert discovery and discovery related to the amount (if any) of punitive damages and attorneys' fees and costs that may be recovered in this case may take place after the December 7, 2020 close of discovery as set forth below.

3. USI's proposed expert witness may be deposed through and including January 20, 2021. Any such deposition will be in addition to the 15 depositions

Plaintiffs and Lockton are allowed pursuant to this Court's Order Regarding Depositions Doc. 161 in Case No. 1:19-cv-05582-SCJ and Doc. 44 in Case No. 1:20-cv-02490-SCJ.

4. Plaintiffs, and Lockton may designate a proposed counter-expert(s) through and including January 25, 2021.

5. If Plaintiffs or Lockton designate an expert, USI may serve written discovery on Plaintiffs relating to such expert and serve non-party subpoenas relating to such expert and take said expert's deposition through and including March 10, 2021. Any such deposition will be in addition to the 15 depositions USI is allowed pursuant to this Court's Order Regarding Depositions Doc. 161 in Case No. 1:19-cv-05582-SCJ and Doc. 44 in Case No. 1:20-cv-02490-SCJ.

6. Pursuant to NDGA LR 26.2(c) any party objecting to an expert's testimony based upon *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993) shall file a motion no later than the date that the proposed pretrial order is submitted.

7. The parties agree that both parties have timely sought discovery relevant to the amount of potential punitive damages and attorneys' fees and costs that could be recovered by the parties in this action. To promote judicial efficiency, the parties have agreed to postpone discovery related to the amount of punitive

damages and/or attorneys' fees that may be awarded in this case until after the Court rules on dispositive motions. After any such ruling, the parties will meet and confer in order to agree to a schedule to obtain such discovery still applicable before any trial of the case.

8. The parties further agree that attorney correspondence may be attached to summary judgment briefing and admitted at trial without the need for an attorney declaration or attorney testimony authenticating such correspondence. All objections to admissibility except as to authenticity are reserved.

9. This Order does not preclude other agreements between counsel under Rule 29.

10. Dispositive motions must be filed by February 5, 2021.

**SO ORDERED** this ___ day of December, 2020.

_____
The Honorable Steve C. Jones
United States District Judge