UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO,<br><br>Plaintiffs,<br><br>v.<br><br>USI INSURANCE SERVICES LLC,<br><br>Defendant. | <u>CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42</u><br><br>Civil Action File No.<br><br>1:19-cv-05582-SCJ |
| USI INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC,<br><br>Defendant. | Civil Action File No.<br><br>1:20-cv-02490-SCJ |

**ORDER REGARDING DEPOSITIONS AND DISCOVERY**

This matter is before the Court upon the Joint Motion for Entry of Order Regarding Depositions and Discovery (the "Joint Motion") filed by all parties to these consolidated cases, specifically USI Insurance Services LLC ("USI"),

1

Jameson Taylor Anderson, Robert Dean Anderson, Roger Maldonado, and Southeast Series of Lockton Companies, LLC ("Lockton").  Having reviewed the Joint Motion, based on the consent of all parties to these consolidated cases, and for good cause shown, the Court **GRANTS** the Joint Motion (with modification to the proposed order) and **ORDERS** the following:

1. This Order modifies the Court's August 4, 2020 Scheduling Order (Doc. 150 in Case No. 1:19-cv-05582-SCJ and Doc. 23 in Case No. 1:20-cv-02490-SCJ), the Court's October 28, 2020 Order Regarding Depositions (Doc. 161 in Case No. 1:19-cv-05582-SCJ and Doc. 44 in Case No. 1:20-cv-02490-SCJ), the Court's November 23, 2020 Order Regarding Depositions, Discovery, and Dispositive Motions (Doc. 173 in Case No. 1:19-cv-05582-SCJ and Doc. 52 in Case No. 1:20-cv-02490-SCJ), and the Court's December 9, 2020 Order Regarding Expert Depositions and Related Discovery (Doc. 184 in Case No. 1:19-cv-05582-SCJ and Doc. 63 in Case No. 1:20-cv-02490-SCJ).  Except as expressly amended by this Order, the above referenced Orders remain in full force and effect.

2. The Court approves the parties' stipulation to complete the following depositions after the close of discovery:

    - The deposition of Manoj Sharma and of Lockton Pursuant to Fed. R. Civ. P. 30(b)(6);

- The deposition of Rob Allen and of USI Pursuant to Fed. R. Civ. P. 30(b)(6); and

- The deposition of Dwain Gadway.

3. The parties may complete these above-referenced depositions any time prior to January 13, 2020, except that if a party submits to the Court a discovery dispute that pertains to a deposition by the deadline specified below or requests a protective order relating to a deposition prior to the deposition, the deadline to take any such deposition shall be extended until ten (10) days after the Court rules on the request or motion at issue or until the deadline otherwise specified by subsequent order of the Court.

4. The parties' deadline to submit any discovery disputes to the Court pursuant to the Instructions for Cases Assigned to the Honorable Steve C. Jones (Doc. 172 in Case No. 1:19-cv-05582-SCJ and Doc. 10 in Case No. 1:20-cv-02490-SCJ) (the "Instructions") is December 23, 2020, except as stated below. Motions to Compel may only be filed by permission of the Court.

5. Notwithstanding Paragraph 4, a discovery dispute arising from the depositions specified in Paragraph 2 above, or the expert depositions, that relates to

3

an issue that was not reasonably known to that party prior to the deposition may be submitted to the Court pursuant to the Court's Instructions within fourteen (14) days of the deposition. Additionally, and for the purpose of clarity, any dispute over the scope of the 30(b)(6) notice, even if discussed by the parties prior to the deposition, may be submitted to the Court by the parties pursuant to the Court's Instructions within fourteen (14) days of the deposition to allow the parties the opportunity to determine whether such a motion is necessary following the testimony of the witness. Motions to Compel may only be filed by permission of the Court. No party shall be prejudiced or be deemed to have waived any objection to the other parties' 30(b)(6) notice by virtue of asserting objections to such notice and/or asserting objections at the 30(b)(6) deposition; it shall not be required for a party to move for a protective order in advance of its 30(b)(6) deposition to preserve objections to topics in the notice.

6. Notwithstanding Paragraph 4, USI may submit a discovery dispute to the Court pertaining to Taylor Anderson's phone records and USI's subpoena to AT&T at any time on or before January 15, 2020. In addition, USI and Lockton are the process of meeting and conferring regarding certain issues related to Lockton's production of documents on December 11, 2020 in response to USI's

Third Requests for Production, including redactions made by Lockton to those documents, Lockton's privilege clawback letter sent on December 21, 2020, and Lockton's supplemental privilege logs provided on December 21 and 23, 2020, and following such efforts either USI or Lockton may submit any remaining discovery dispute on this issue to the Court on or before January 7, 2021. Motions to Compel may only be filed by permission of the Court.

7. If any witness currently scheduled for deposition does not appear, the party that noticed the deposition can seek relief from the Court within five (5) business days of the non-appearance.

8. This Order does not preclude other agreements between counsel under Rule 29.

**SO ORDERED** this <u>15th</u> day of January, 2021, *nunc pro tunc* to December 23, 2020.

                                    s/Steve C. Jones
                                    Honorable Steve C. Jones
                                    United States District Judge