UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | <u>CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42</u> |
|     Plaintiffs and Counterclaim Defendants, | Civil Action File No. |
| | 1:19-cv-05582-VMC |
|            v. | |
| USI INSURANCE SERVICES LLC, | |
|     Defendant and Counterclaim Plaintiff. | |
| USI INSURANCE SERVICES LLC, | Civil Action File No. |
|     Plaintiff and Counterclaim Defendant, | 1:20-cv-02490-VMC |
|            v. | |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | |
|     Defendant and Counterclaim Plaintiff. | |

## <u>PRETRIAL ORDER</u>

USI Insurance Services LLC ("USI"), Robert Dean Anderson, Jameson Taylor Anderson, and Roger Maldonado (the "Former Employees"), and Southeast Series of Lockton Companies, LLC ("Lockton") hereby submit this joint Pretrial Order and attachments. Except to the extent the Court's Pretrial Order requires the

parties' objections to be stated at the time of this submission, the parties reserve all rights as to the statements and positions taken by the other and do not waive any objections not required to be stated herein.

1.

There are no motions or other matters pending for consideration by the Court except as noted:

On or before fourteen days before the pretrial conference, pursuant to Judge Calvert's Standing Order, the parties intend to file motions in limine addressed to certain evidentiary issues.

Pursuant to Judge Calvert's Standing Order, the parties reserve the right to object to and/or oppose any motions in limine at least one week before the pretrial conference. The parties reserve the right to object to and/or oppose any other motions filed prior to trial.

Pursuant to Judge Calvert's Standing Order and in accordance with Local Rule 26.2(c), on the same date as the filing of this Pretrial Order, USI is filing a *Daubert* motion to strike the testimony of Lockton's expert, Glenn C. Sheets and Lockton and the Former employees are filing a *Daubert* motion to strike the testimony and report of USI's expert, Lorna Gunnersen.

2.

All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

## A.   **USI**

No additional discovery except for depositions to be taken for trial preservation purposes and except that USI intends to take discovery from and the deposition of Lockton's and the Former Employees' rebuttal expert on attorneys' fees per the Court's January 10, 2023 Order should they timely designate such an expert. USI has offered proposed dates to the Former Employees and Lockton to take the deposition of USI's attorneys' fees expert, Jeff Horst (February 7, February 15 – 17, and February 20 – 22, 2023).

## B.   **Former Employees and Lockton**

No additional discovery except the Former Employees and Lockton intend to take the deposition of USI's attorneys' fees expert, Jeff Horst, per the Court's January 10, 2023 Order. If the Former Employees and Lockton decide to designate a rebuttal expert on attorneys' fees, they will identify that expert and provide to

USI's that expert's report, documents relied upon by that expert, and that expert's invoices by February 13, 2023 and will make that expert available for deposition by USI on or before February 28, 2023.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections: (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**USI's claims against Robert Dean Anderson:**

- Breach of notice provisions in the DA Agreement (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of the non-compete covenant in the DA Employment Agreement (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of the client non-compete covenant in the DA Employment Agreement (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of the non-solicitation covenants in the DA Agreement – 28 U.S.C. § 1332;

- Breach of duty of loyalty (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of fiduciary duty (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- O.C.G.A. § 13-6-11 attorneys' fees claim – 28 U.S.C. § 1332; and

- Punitive damages claim – 28 U.S.C. § 1332.

**USI's claims against Jameson Taylor Anderson:**

- Breach of notice provisions in the TA Agreement (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of the non-solicitation covenants in the TA Agreement – 28 U.S.C. § 1332;

- Breach of duty of loyalty (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- Breach of fiduciary duty (liability established per Court's March 29, 2022 Order) – 28 U.S.C. § 1332;

- O.C.G.A. § 13-6-11 attorneys' fees claim – 28 U.S.C. § 1332; and

- Punitive damages claim – 28 U.S.C. § 1332.

**USI's claims against Roger Maldonado:**

- Breach of the non-solicitation covenants in RM Agreement – 28 U.S.C. § 1332; and

- O.C.G.A. § 13-6-11 attorneys' fees claim – 28 U.S.C. § 1332.

**USI's claim against Lockton:**

- Tortious interference relating to notice and duty of loyalty provisions in the DA Agreement and TA Agreement – 28 U.S.C. § 1332;

- Tortious interference relating to non-compete and non-solicitation provisions in the Agreements – 28 U.S.C. § 1332;

- Tortious interference/raiding USI's Aviation Group – 28 U.S.C. § 1332;

- O.C.G.A. § 13-6-11 attorneys' fees claim – 28 U.S.C. § 1332; and

- Punitive damages claim – 28 U.S.C. § 1332.

**Lockton's counterclaim against USI:**

- Tortious interference relating to the Marchisotto email – 28 U.S.C. § 1332;

- O.C.G.A. § 13-6-11 attorneys' fees claim – 28 U.S.C. § 1332; and

- Punitive damages claim – 28 U.S.C. § 1332.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **USI:** | Nancy H. Baughan and Jared C. Miller<br>Parker Hudson Rainer & Dobbs, LLP<br>303 Peachtree Street, NE, Suite 3600<br>Atlanta, Georgia 30308 |
| **Lockton:** | David M. Pernini<br>Wargo, French & Singer LLP<br>999 Peachtree Street, NE<br>26th Floor |

Atlanta, Georgia 30309

**Former Employees:**          Warren R. Hall, Jr.
Hall, Gilligan, Roberts & Shanlever, LLP
3340 Peachtree Road – Suite 1900
Atlanta, Georgia 30326

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

As USI is the plaintiff in Civil Action No. 1:20-cv-02490-VMC and is the counterclaim plaintiff and only party with pending claims in Civil Action No. 1:19-cv-05582-VMC, the parties agree that USI will open and close arguments to the jury.

7.

The captioned case shall be tried **(x)** to a jury or (_) to the Court without a jury, or (____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Agreed Upon Positions:**

The parties jointly request that the trial to a jury be bifurcated as it relates to the amount of punitive damages with respect to the punitive damages claims asserted by USI and Lockton, should the jury determine that either party is entitled to punitive damages. The parties request that the issue of liability as to punitive damages be considered by the jury in the first stage of the trial. If during the first stage of the trial the jury finds a party liable for punitive damages, the parties jointly request that the issue of the amount of punitive damages be deferred to a second stage of the trial. The parties jointly request that the same jury hear the evidence during the first and second stages of the trial.

**Disputed Positions:**

The Former Employees and Lockton request that, if the jury determines that the expenses of litigation are recoverable by any party, that the amount of recovery of attorneys' fees, if any, be deferred to a second stage of the trial. The Former Employees and Lockton state that such a process will streamline and simplify the presentation of evidence to the jury, especially given that the parties are relying upon expert witnesses for such damages. USI opposes this request, as there is no basis or need to bifurcate the issue of the amount of attorneys' fees, and it will be more efficient to try all issues relating to attorneys' fees together. USI contends

that the only issue that should be bifurcated to a second phase of trial is the issue of the amount of punitive damages.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

Per Judge Calvert's Standing Order, the parties understand that the Court will ask the jury certain questions concerning their legal qualifications to serve. Accordingly, the parties are not submitting an Attachment "A" to this Pretrial Order.

10.

Attached hereto as Attachment "B-1" are the general questions which USI wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Lockton wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3" are the general questions which the Former Employees, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions regarding these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

Pursuant to Judge Calvert's Standing Order, the parties will file their proposed voir dire questions at least seven (7) days before the final pretrial conference. Accordingly, the parties are not submitting an Attachment "B" to this Pretrial Order.

11.

State any objections to USI's voir dire questions.

As the parties will not be filing their proposed voir dire questions until at least seven (7) days before the final pretrial conference, objections are reserved and are not submitted at this time.

State any objections to Lockton's voir dire questions.

As the parties will not be filing their proposed voir dire questions until at least seven (7) days before the final pretrial conference, objections are reserved and are not submitted at this time.

State any objections to the Former Employees' voir dire questions.

As the parties will not be filing their proposed voir dire questions until at least seven (7) days before the final pretrial conference, objections are reserved and are not submitted at this time.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. §1870. *See* Fed. R. Civ. P. 47(b).

Judge Calvert's Standing Order provides: "In general, eight jurors, none of whom will serve as alternate, will be selected to deliberate for cases expected to last one week or less. The panel from which the 8 jurors will be selected will normally consist of 18-20 prospective jurors. If counsel anticipate the need for a larger panel, counsel should alert Ms. Shanks promptly upon calendaring of the case for trial. The Court may empanel additional jurors for cases expected to last more than one week."

**Agreed Upon Positions:**

The parties expect this case to last more than one week and stipulate to a jury of eight jurors. Each side shall have the number of peremptory challenges specified in 28 U.S.C. § 1870.

**Disputed Positions:**

The parties do not agree on the number of peremptory challenges per side.

*USI's Position:*

USI's position is that USI should have three peremptory challenges and Lockton and the Former Employees should collectively have three peremptory challenges combined. 28 U.S.C. § 1870 provides: "In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly." In this case, the Court should employ the rule that the several Defendants should be considered as a single party for the purposes of making challenges, so that USI (the plaintiff) and Lockton and the Former Employees (the Defendants) have an equal number of peremptory challenges. This case has been consolidated for all purposes, including trial, pursuant to the agreement of all parties. *See* Doc. 143 in Case No. 1:19-CV-5582-VMC; Doc. 15

in Case No. 1:20-cv-02490-VMC. Lockton is fully indemnifying the Former Employees. *See* Doc. 174 (Summary Judgment Order), pp. 18, 41-42 in Case No. 1:20-cv-02490-VMC. Lockton and the Former Employees' interests are entirely aligned. It would be inequitable to give the Defendants, whose interests are fully aligned, double the number of peremptory challenges as USI. *See Goldstein v. Kelleher*, 728 F.2d 32, 37 (1st Cir. 1984) (where two defendants had "identical interests at the trial," trial court erred in granting the two defendants three peremptory challenges each for a total of six and the plaintiff only three peremptory challenges); *Moore v. South African Marine Corp., Ltd.*, 469 F.2d 280, 281 (5th Cir. 1972)1 ("There was no error in the court's requiring South African and Gulf, over Gulf's objection, to share the same number of peremptory challenges allowed to the plaintiff."; noting the "power of the court under 28 U.S.C. § 1870 to consider several defendants as one party for the purpose of making challenges"); *Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856, 858 (3d Cir. 1978) ("the trial judge may require a defendant-third-party plaintiff and third-party defendants to share the same number of peremptory challenges as allocated to a single plaintiff").

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Former Employees' and Lockton's Position*:

The Former Employees and Lockton request that USI shall have three peremptory challenges and the Former Employees shall collectively have three peremptory challenges and Lockton shall have three peremptory challenges.

It is well established that consolidation works not by "completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). Thus, "although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remain[] distinct, and require[] separate verdicts and judgments; and no defendant [can] be deprived, without its consent, of any right material to its defense, [including] by **way of challenge of  jurors."** *Mut. Life Ins. Co. v. Hillmon*, 145 U.S. 285, 293, 12 S. Ct. 909, 912 (1892) (emphasis added); *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). Therefore, the Former Employees should collectively have three peremptory challenges and Lockton should have three peremptory challenges.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

There is currently no pending related litigation.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment C submitted herewith for USI's outline of the case.

USI intends to ask the Court to instruct the jury at the beginning of the trial as to the Court's rulings finding in favor of USI as to liability on certain of USI's

15

claims, so the jury understands what evidence will be presented. USI will present proposed language prior to trial.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment D-1 submitted herewith for Lockton's outline of the case and Attachment D-2 submitted herewith for Former Employees' outline of the case.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

Pursuant to Judge Calvert's Standing Order, the parties are required to confer on or before ten days before the pretrial conference to discuss factual stipulations. The parties will, therefore, file any factual stipulations reached. Therefore, there is no Attachment "E" to this Pretrial Order.

17.

The legal issues to be tried are as follows:

**USI contends the legal issues to be tried are as follows:**

This Court previously granted summary judgment to USI as to liability on its breach of contract claim (notice provisions) against Robert Dean Anderson and Jameson Taylor Anderson. For this claim (asserted as Count 1 in Counterclaims against Former Employees, Civil Action No. 1:19-cv-05582-VMC), the legal issue

to be tried is: what is the amount of damages that USI sustained as a result of the Andersons' breaches of the notice provisions?

This Court previously granted summary judgment to USI as to liability on its breach of contract claim (non-compete covenant and client non-compete covenant) against Robert Dean Anderson. For these claims (asserted as Counts 2 and 3 in the Counterclaims against Former Employees, Civil Action No. 1:19-cv-05582-VMC), the legal issue to be tried is: what is the amount of damages that USI sustained as a result of Robert Dean Anderson's breaches of the non-compete and client non-compete provisions?

This Court previously granted summary judgment to USI as to liability on its breach of loyalty and breach of fiduciary duty claims it asserted against Robert Dean Anderson and Jameson Taylor Anderson. For these two claims (asserted as Counts 5 and 6 in the Counterclaims against Former Employees, Civil Action No. 1:19-cv-05582-VMC), the legal issue to be tried is: what is the amount of damages that USI sustained as a result of the Andersons' breaches of their duty of loyalty and breaches of their fiduciary duty?

As to USI's breach of contract claim (non-solicitation covenant) against the Former Employees (asserted in Count 4 in the Counterclaims against Former Employees, Civil Action No. 1:19-cv-05582-VMC), the legal issues to be tried are:

18

(1) Did the Former Employees breach the non-solicitation covenant; and (2) what is the amount of damages that USI sustained as a result of the Former Employees' breaches of the non-solicitation covenant?

Whether USI is entitled to recover attorneys' fees and legal expenses from the Former Employees pursuant to O.C.G.A. § 13-6-11?

If the jury finds that USI is entitled to recover attorneys' fees, what amount of attorneys' fees and legal expenses should the jury award USI?

Whether USI is entitled to recover punitive damages against Robert Dean Anderson and Jameson Taylor Anderson?

If the jury finds that Robert Dean Anderson and/or Jameson Taylor Anderson are liable for punitive damages, what amount of punitive damages should the jury award USI?

As to USI's tortious interference claim against Lockton (asserted in Count 1 in Civil Action No. 1:20-cv-02490-VMC), the legal issues to be tried are: (1) whether Lockton tortiously interfered with Robert Dean Anderson and Jameson Taylor's contractual and business relationships with USI when it induced the Andersons to breach the 60-day notice and duty of loyalty provisions in the Agreements with USI; and (2) what is the amount of damages that USI sustained

as a result of Lockton's tortious interference with the Andersons' notice provisions and duty of loyalty provisions in the Agreements and the Andersons?

As to USI's tortious interference claim against Lockton (asserted in Count 2 in Civil Action No. 1:20-cv-02490-VMC), the legal issues to be tried are: (1) whether Lockton tortiously interfered with the Former Employees' contractual and business relationships with USI when it induced the Former Employees to breach the non-solicitation covenants in the Agreements with USI; (2) whether Lockton tortiously interfered with the Robert Dean Anderson's contractual and business relationships with USI when it induced Robert Dean Anderson to breach the non-compete and client non-compete covenants in the DA Agreement; and (3) what is the amount of damages that USI sustained as a result of Lockton's tortious interference with the Former Employees' non-solicitation covenants in the Agreements and Robert Dean Anderson's non-compete and client non-compete covenants in the DA Agreement?

As to USI's tortious interference claim against Lockton (asserted in Count 3 in Civil Action No. 1:20-cv-02490-VMC), the legal issues to be tried are: (1) whether Lockton tortiously interfered with USI's contractual and business relationships with its employees in the Aviation Practice Group when it raided USI's Aviation Practice Group and induced many of its employees to leave; and

(2) what is the amount of damages that USI sustained as a result of Lockton's raiding of USI's Aviation Practice Group?

Whether USI is entitled to recover attorneys' fees and legal expenses from Lockton pursuant to O.C.G.A. § 13-6-11?

If the jury finds that USI is entitled to recover attorneys' fees, what amount of attorneys' fees and legal expenses should the jury award USI?

Whether USI is entitled to recover punitive damages against Lockton?

If the jury finds that Lockton is liable for punitive damages, what amount of punitive damages should the jury award USI?

As to Lockton's counterclaim for tortious interference with contractual relations against USI relating to the Marchisotto email (asserted in Civil Action No. 1:20-cv-02490-VMC), the legal issues to be tried are: (1) was the sending of the Marchisotto email the type of wrongful conduct that supports such a legal claim; (2) whether the sending of the Marchisotto email was a privileged communication pursuant to O.C.G.A. § 51-5-7(e); (3) whether the Marchisotto email was sent with malice with the intent to injure; (4) whether the sending of the Marchisotto email made it more difficult for Lockton to perform its contract with Tenax; and (5) whether the Marchisotto email caused any damages to Lockton.

Whether Lockton is entitled to recover attorneys' fees and legal expenses from USI pursuant to O.C.G.A. 13-6-11?

If the jury finds that Lockton is entitled to recover attorneys' fees and legal expenses, what amount of attorneys' fees and legal expenses should the jury award Lockton?

Whether Lockton is entitled to recover punitive damages against USI?

If the jury finds that USI is liable for punitive damages, what amount of punitive damages should the jury award Lockton?

**Lockton contends the legal issues to be tried are as follows:**

**USI's Claims Against Lockton**

Count I.      Tortious Interference with Contractual and Business Relations—Notice and Duty of Loyalty Provisions and Common Law Duties with respect to Taylor Anderson and Dean Anderson

- Whether Lockton induced the Andersons to breach any contractual duties to USI.

- Whether Lockton induced the Andersons to breach any other duties to USI.

- Whether Lockton's alleged actions constitute an "improper or wrongful act" to sustain a tortious interference claim.

- Whether Lockton's actions in hiring the Andersons fall within the "fair competition" privilege under Georgia law.

- Whether USI's damages, if any, for the violations of the notice and loyalty provisions in the Andersons' employment contracts are attributable to Lockton's actions.

- Whether USI's damages, if any, for the violations of the Andersons' common law duties are attributable to Lockton's actions.

Count II.   Tortious Interference with Contractual and Business Relations — Non-Competition and Non-Solicitation Covenants with respect to the Andersons and Maldonado:

- Whether Lockton induced the Andersons and Maldonado to breach their contractual duties of non-competition and non-solicitation to USI.
- Whether Lockton's alleged actions constitute an "improper or wrongful act" to sustain a tortious interference claim.
- Whether Lockton's actions in hiring the Andersons and Maldonado fall within the "fair competition" privilege under Georgia law.
- Whether USI's damages, if any, for the violations of the non-competition and non-solicitation provisions in the Andersons's employment contracts are attributable to Lockton's actions.

Count III.   Tortious Interference with Contractual and Business Relations— Raiding with respect to USI's Aviation Practice Group

- Whether Lockton induced any USI employees, aside from the Andersons and Maldonado, to breach their contractual duties to USI.
- Whether Lockton's alleged actions amount to a raiding of USI's Aviation Practice Group.
- Whether Lockton's alleged actions constitute an "improper or wrongful act" to sustain a tortious interference claim.
- Whether Lockton's actions in hiring USI employees from its Aviation Practice Group fall within the "fair competition" privilege under Georgia law.
- Whether USI can establish any damages attributable to Lockton for the hiring of USI employees

<u>Attorneys' Fees.</u>

- Whether USI is entitled to recover attorney's fees under O.C.G.A. § 13-6-11 from Lockton

<u>Punitive Damages</u>

- Whether Lockton is liable for punitive damages under O.C.G.A. § 51-12-5.1 and, if so, in what amount

**<u>Lockton's Counterclaim against USI</u>**

<u>Count I.</u>     Tortious Interference with Contractual and Business Relations— Matthew Marchisotto E-mail

- Whether USI's January 16, 2020 e-mail from its vice president, Marchisotto, was false.
- What efforts USI, acting through Marchistto, took to verify the accuracy of the January 16, 2020 e-mail.
- Whether Marchisotto and USI sent the January 16, 2020 e-mail with the intent to induce Lockton's customer to breach its contract with Lockton and return to USI.
- Whether USI's actions in sending the January 16, 2020 letter made Lockton's relationship with its client Tenax more expensive and burdensome.
- Whether Lockton's decision to indemnify its customer for legal fees related to this action was attributable to the January 16, 2020 e-mail.
- The damages Lockton has suffered flowing from the January 16, 2020 e-mail.

<u>Attorneys' Fees.</u>

- Whether Lockton is entitled to recover attorney's fees under O.C.G.A. § 13-6-11 from USI.

Punitive Damages

- Whether USI is liable for punitive damages under O.C.G.A. § 51-12-5.1 and, if so, in what amount.

**The Former Employees state the legal issues to be tried are as follows based upon the legal rulings of the Court to date:**

Count I:

What profits did USI lose, if any, solely because Dean Anderson did not provide 60-days advance notice of his resignation from USI?

What profits did USI lose, if any, solely because Taylor Anderson did not provide 60-days advance notice of his resignation from USI?

Regarding the notice clause of the contract, did Dean Anderson act in a way giving rise to exposure for expenses of litigation under O.C.G.A. § 13-6-11?  If yes, in what amount?

Regarding the notice clause of the contract, did Taylor Anderson act in a way giving rise to exposure for expenses of litigation under O.C.G.A. § 13-6-11?  If yes, in what amount?

Count II:

What profits did USI lose, if any, solely because Dean Anderson worked for Lockton between December 9, 2019, and the date upon which he went out on medical leave: April 7, 2020?

By working for Lockton from December 9, 2019, through April 7, 2020, did Dean Anderson act in a way giving rise to exposure for attorney fees under O.C.G.A. § 13-6-11?  If yes, in what amount?

Count III:

What profits did USI lose, if any, solely because Dean Anderson provided insurance services to a client  in the two years after his employment with USI ended.

By providing insurance services to a client in the two years after his employment with USI ended, did Dean Anderson act in a way giving rise to exposure for attorney fees under O.C.G.A. § 13-6-11?  If yes, in what amount?


Count IV:

Did Taylor Anderson solicit USI clients to move their insurance business to Lockton?

If solicitation occurred, what profits did USI lose, if any, that were solely caused by the solicitation?

Did Taylor Anderson act in a way giving rise to exposure for expenses of litigation under O.C.G.A. § 13-6-11?  If yes, in what amount?

Did Dean Anderson solicit USI clients to move their insurance business to Lockton?

If solicitation occurred, what profits did USI lose, if any, that were solely caused by the solicitation?

Did Dean Anderson act in a way giving rise to exposure for expenses of litigation under O.C.G.A. § 13-6-11?  If yes, in what amount?

Did Roger Maldonado solicit USI clients to move their insurance business to Lockton?

If solicitation occurred, what profits did USI lose, if any, that were solely caused by the solicitation?

Did Roger Maldonado act in a way giving rise to exposure for expenses of litigation under O.C.G.A. § 13-6-11?  If yes, in what amount?

Counts V & VI:

What profits did USI lose, if any, that were caused by Taylor Anderson's breach of a fiduciary duty of loyalty to USI?

What profits did USI lose, if any, that were caused by Dean Anderson's breach of a fiduciary duty of loyalty to USI?

Is Taylor Anderson liable for punitive damages under O.C.G.A. § 51-12-5.1 and if yes in what amount?

Is Dean Anderson liable for punitive damages under O.C.G.A. § 51-12-5.1 and if yes in what amount?

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the

witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

See Attachments F-1 (USI), F-2 (Lockton), and F-3 (Former Employees).

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The parties agree that they may prepare summaries of exhibits pursuant to Fed. R. Evid. 1006 after this Pretrial Order and shall exchange any exhibits they propose to use pursuant to Fed. R. Evid. 1006 no later than seven days prior to the first day of trial.

The parties agree to reserve all objections to exhibits, except as to authenticity and privilege, until trial. The parties agree that is the most efficient approach in this case.

See Attachments G-1 (USI), G-2 (Former Employees and Lockton).

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**USI:**  See Attachment 20-1 submitted herewith.

**Lockton:**    See Attachment 20-2 submitted herewith.

**Former Employees:**    See Attachment 20-3 submitted herewith.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the

day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as "H-3" for the Former Employees are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

USI objects to the Former Employees' trial briefs because they are procedurally improper, and untimely, attempts to move this Court for reconsideration of this Court's well-reasoned summary judgment orders. *See* Local Rule 7.2(E) ("Motions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order

or judgment."). USI refers the Court to the extensive summary judgment briefing, and this Court's prior summary judgment orders, which address the issues set forth in the Former Employees' trial briefs. Those issues have already been decided by this Court.

Pursuant to Judge Calvert's Standing Order, on or before fourteen days before the pretrial conference, the parties will file motions in limine addressing certain evidentiary issues. Pursuant to the Standing Order and in accordance with Local Rule 26.2(c), on the same date as this the filing of this Pretrial Order, the parties will file any *Daubert* motions with respect to certain expert testimony. Attached hereto as part of Attachments C, D-1, and D-2, the parties have set forth certain legal authority as required by Paragraphs 14 and 15 of this Pretrial Order. The parties have further briefed the legal issues at issue in this case when the parties filed their respective motions for summary judgment and their respective responses and reply briefs in opposition or in support of such motions for summary judgments.

The parties do not anticipate filing any additional trial briefs at this time. If the parties decide that additional briefing on specific legal issues would assist the Court in the trial of this matter, the parties agree to confer in good faith about the need for such additional briefing and raise the issue with the Court, if necessary.

22.

In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

Per Judge Calvert's Standing Order, the parties state that they will file and email to Judge Calvert's chambers their proposed jury charges by 9:00 a.m. on the last business day before the first day of trial.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.

Per Judge Calvert's Standing Order, the parties state that they will file and email to Judge Calvert's chambers their proposed verdict forms by 9:00 a.m. on the last business day before the first day of trial.

24.

Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

The parties agree that USI shall receive an hour for its opening statement and an hour for its closing argument and that Lockton and the Former Employees shall receive an hour combined for their opening statement and an hour combined for their closing argument. This additional time is necessary given that this case is two consolidated cases and given the volume of the evidence.

34

25.

If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

Paragraph 25 is not applicable because the case is being tried before a jury.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority attended a mediation before a Magistrate Judge on May 12, 2022, to discuss in good faith the possibility of settlement of this case. The parties also discussed the issue of settlement prior to that mediation. Neither the mediation nor the parties' settlement discussions resulted in a settlement. The Court (__) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(__X__) Little possibility of settlement.

(_____) No possibility of settlement.

27.

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.

The Court has specially set this case for trial to begin on May 1, 2023.

28.

USI estimates that it will require 4 days to present its evidence. Lockton estimates that it will require 1-2 days to present its evidence. Former Employees estimate that they will require 3-4 days to present their evidence. It is estimated that the total trial time is 8-10 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( X ) submitted by stipulation of the parties or ( ___ ) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be

binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2023.

_____
The Honorable Victoria M. Calvert
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ Jared C. Miller
Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller
Georgia Bar No. 142219
Julie A. Wood
Georgia Bar No. 023749
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone:  404-523-5300
Facsimile:   404-522-8409
E-mail: nbaughan@phrd.com
        jmiller@phrd.com
        jwood@phrd.com

*Counsel for USI Insurance Services LLC*

**WARGO, FRENCH & SINGER LLP**

 /s/ David M. Pernini
Joseph D. Wargo
Georgia Bar No. 738764
David M. Pernini
Georgia Bar No. 572399
Brandon Parrish
Georgia Bar No. 388223
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Fax: (404) 853-1501
jwargo@ wfslaw.com
dpernini@wfslaw.com
bparrish@wfslaw.com

*Counsel for Southeast Series of Lockton Companies, LLC*

**HALL, GILLIGAN, ROBERTS & SHANLEVER LLP**

 /s/ Warren R. Hall
Warren R. Hall
Georgia Bar No. 319405
Wayne M. Cartwright
Georgia Bar No. 257328
Elizabeth M. Newton
Georgia Bar No. 975191
Kristina K. Griffin
Georgia Bar No. 808069
3340 Peachtree Road – Suite 1900
Atlanta, Georgia 30326
Telephone: 404-442-8776
Facsimile:  404-537-5555
E-mail: whall@hgrslaw.com

wcartwright@hgrslaw.com
enewton@hgrslaw.com

*Counsel for Jameson Taylor Anderson,*
*Robert Dean Anderson, and Roger Maldonado*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing

**PRETRIAL ORDER** upon all parties to this matter by electronically filing a copy

of same with the Court's CM/ECF system, which will automatically send an

electronic copy to the following counsel of record:

> Warren R. Hall, Esq.
> Elizabeth M. Newton, Esq.
> Wayne M. Cartwright, Esq.
> Kristina K. Griffin, Esq.
> Hall, Gilligan, Roberts & Shanlever, LLP
> 3340 Peachtree Road – Suite 1900
> Atlanta, Georgia 30326
> whall@hgrslaw.com
> enewton@hgrslaw.com
> wcartwright@hgrslaw.com
> kgriffin@hgrslaw.com
>
> Joseph D. Wargo, Esq.
> David M. Pernini, Esq.
> Brandon Parrish, Esq.
> Wargo, French & Singer LLP
> 999 Peachtree Street, NE, 26th Floor
> Atlanta, Georgia 30309
> jwargo@wfslaw.com
> dpernini@wwfslaw.com
> bparrish@wfslaw.com

This 27th day of January, 2023.

> /s/ Jared C. Miller
> Jared C. Miller