**Summary of the Case**

To help you follow the evidence, I will give you a brief summary of the posture of this case and the positions of the parties:

This case concerns three individuals, defendants Taylor Anderson, Dean Anderson, and Roger Maldonado, who work in the insurance industry and changed jobs, to leave their former employer, plaintiff USI Insurance Services LLC (or, "USI"), to go to work with defendant Southeast Series of Lockton Companies, LLC (or, "Lockton").  The Andersons and Maldonado may be referred to together in this case as the "former employees" or "individual defendants."

Before trial, this Court made several determinations as a matter of law:

(1)   Taylor Anderson and Dean Anderson entered into agreements with USI that permitted them to terminate their employment with USI by giving at least 60 days written notice to USI.

(2)   Taylor Anderson and Dean Anderson breached the 60 days' notice provisions in their USI employment agreements by submitting written resignations to USI, effective immediately, December 9, 2019.[1]

(3)   Taylor Anderson and Dean Anderson owed a duty of loyalty and fiduciary duty to USI during the terms of their USI employment.[2]

---

[1]   MSJ Order [2019 Case, Doc. 286] at 25.
[2]   MSJ Order [2019 Case, Doc. 286] at 45-46.

(4)     Taylor Anderson and Dean Anderson breached their duty of loyalty and fiduciary duty to USI by working for Lockton during their 60-day notice periods, between December 9, 2019 and February 8, 2020.[3]

(5)     Taylor Anderson also breached his duty of loyalty and fiduciary duty to USI before December 9, 2019 by telling certain clients that he and, in some cases, Roger Maldonado were looking to change employment and would be going to work for Lockton.[4]

(6)     Dean Anderson's employment agreement with USI included a non-competition provision that prohibited him from competing with USI by working in the United States for a competitor in the same or similar capacity as he had worked at USI for a period of 6 months after February 8, 2020.

(7)     Dean Anderson breached the non-competition provision in his USI agreement by working for Lockton in the same or similar capacity as he had worked at USI during the 6-month period following February 8, 2020.[5]

(8)     Dean Anderson's employment agreement with USI also included a client non-competition provision that prohibited him from carrying on any business in the United States in competition with USI, directly or indirectly, with respect to

---

[3]     MSJ Order [2019 Case, Doc. 286] at 44-45.
[4]     MSJ Order [2019 Case, Doc. 286] at 45.
[5]     MSJ Order [2019 Case, Doc. 286] at 31.

any USI clients or prospective clients for a period of 2 years after February 8, 2020.

(9) Dean Anderson breached the client non-competition provision in his USI agreement.[6]

(10) Neither Taylor Anderson nor Roger Maldonado breached any non-competition or client non-competition provisions in their USI agreements.[7]

(11) Roger Maldonado did not have any notice requirement in his agreement with USI.[8]

(12) Roger Maldonado did not owe USI a duty of loyalty or fiduciary duty.[9]

The Court has not decided whether any of these breaches caused USI any damages. The Court has also not decided what amount of damages, if any, the breaches may have caused to USI. USI contends that it is entitled to recover damages. The former employees contend that USI suffered no damages, and they also dispute USI's calculation of damages. These are questions for you to decide in this trial.

---

[6] MSJ Order [2019 Case, Doc. 286] at 34.
[7] MSJ Order [2019 Case, Doc. 286] at 37-38.
[8] *See* MSJ Order [2019 Case, Doc. 286] at 24.
[9] MSJ Order [2019 Case, Doc. 286] at 47.

USI also alleges that the Former Employees breached a non-solicitation provision in each of their USI agreements that prohibited them each, for a period of two years after the end of their USI employment, from soliciting or attempting to solicit, directly or by assisting others, any business from any of USI's customers or prospective customers with whom the Former Employee had material contact during his USI employment for purposes of providing products or services that are competitive with those provided by USI.

To "solicit" means to ask, plead or urge something.[10]  Solicitation requires an affirmative act.[11]  Merely accepting business that the Former Employees were forbidden from seeking during this period of time does not constitute solicitation of that business.[12]

---

[10]     *Wells Fargo Ins. Servs. USA v. Gupton*, No. 1:13-CV-0520-SCJ, 2013 U.S. Dist. LEXIS 190019, at *9-10 (N.D. Ga. Mar. 4, 2013) (Judge Jones) ("The word has been otherwise defined as: 'To appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; to make petition to; to plead for; to try to obtain; and though the word implies a serious request, it requires no particular degree of importunity, entreaty, imploration, or supplication. To awake or incite to action by acts or conduct intended to and calculated to incite the act of giving. The term implies personal petition   and importunity addressed to a particular individual to do some particular thing.' ") (citing *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1995).  *Lifebrite Labs., LLC v. Cooksey*, No. 1:15-CV-4309-TWT, 2016 U.S. Dist. LEXIS 181823, at *21 (N.D. Ga. Dec. 9, 2016) (granting summary judgment).  *See also*, *Mercer Glob. Advisors Inc. v. Crowley*, No. 1:21-CV-03932-JPB, 2023 U.S. Dist. LEXIS 43206, at *15-16 (N.D. Ga. Mar. 15, 2023) (denying summary judgment because evidence satisfied definition of solicitation); *Capital Inv., Inc. v. Green*, No. 1:20-CV-03224-LMM, 2022 U.S. Dist. LEXIS 168237, at *35-36 (N.D. Ga. Mar. 29, 2022) (same); *Gallagher Benefit Servs. v. Campbell*, 528 F. Supp. 3d 1326, 1342 (N.D. Ga. 2021) (same).

[11]     *Murphree v. Yancey Bros. Co.*, 311 Ga. App. 744, 749, 716 S.E.2d 824, 828 (2011) ("covenant prohibited Murphree from initiating affirmative action to compete with Yancey by contacting former customers").

[12]     *Wells Fargo Ins. Servs. USA v. Gupton*, No. 1:13-CV-0520-SCJ, 2013 U.S. Dist. LEXIS 190019, at *14-15 (N.D. Ga. Mar. 4, 2013) (Judge Jones) (citing *Akron Pest Control v. Radar Exterminating Co.*,  216 Ga. App. 495, 497 (1995) ("Merely accepting business that [former shareholder] was forbidden otherwise to seek out for a period of time does not in any sense constitute a solicitation of that business.").  *See also, Murphree v. Yancey Bros. Co.*, 311 Ga. App. 744, 749

USI contends that the Former Employees each breached the non-solicitation provisions in their USI agreements and that these breaches caused USI damages. The Former Employees deny that they breached the non-solicitation provisions in their USI agreements. They also deny that any breach caused USI damages and dispute USI's calculation of damages on this claim. It is for you to decide if the former employees solicited a client and if so, whether it caused any damages to USI.[13]

In its case against Lockton, USI alleges that Lockton tortiously interfered with USI's agreements with the Former Employees by using wrongful means to interfere with certain contractual provisions between USI and the Former Employees and that such interference caused USI to suffer damages. Lockton denies that it used any wrongful means to interfere with the Former Employees' agreements with USI and that USI suffered damages, and disputes USI's claimed damages.[14]

Lockton has also filed a counterclaim against USI, alleging that USI tortiously interfered with Lockton's customer relationship with Tenax Aerospace Holdings, LLC by providing Tenax with false information about Lockton and the

---

(2011) (non-solicitation covenant would not preclude former employee "from accepting unsolicited business from the forbidden clients."

[13]   MSJ Order [2019 Case, Doc. 286] at 42.
[14]   MSJ Order [2020 Case, Doc. 174] at 27-29.

Former Employees, which caused Lockton damages.  USI denies that it interfered with Lockton's relationship with Tenax, and denies that Lockton suffered any damages.[15]

---

[15]   MSJ Order [2020 Case, Doc. 174] at 27-29.