UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, <br><br>Plaintiffs, <br><br>v. <br><br>USI INSURANCE SERVICES LLC, <br><br>Defendant. | <u>CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42</u> <br><br>Civil Action File No. <br><br>1:19-cv-05582-VMC |
| USI INSURANCE SERVICES LLC, <br><br>Plaintiff, <br><br>v. <br><br>SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, <br><br>Defendant. | Civil Action File No. <br><br>1:20-cv-02490-VMC |

### USI'S NOTICE OF FILING OF PROPOSED SUMMARY OF CASE AND STATEMENT REGARDING SUMMARY JUDGMENT ORDER TO READ TO JURY

Pursuant to the Court's April 28, 2023 Order and the Pretrial Order, USI Insurance Services LLC ("USI") submits the following summary of the case and statement regarding this Court's summary judgment Order that USI proposes the Court read to the jury at the beginning of trial. This statement includes the statement USI indicated in the Pretrial Order that it is asking the Court to read to the jury in

1

order to explain for which claims liability has already been found on the Court's summary judgment order. *See* Pretrial Order (Doc. 317, pp. 15-16 in Case No. 1:19-cv-05582-VMC; Doc. 206 in Case No. 1:20-cv-02490-VMC). This statement is necessary to explain to the jury the issues that the jury needs to decide at trial.

## **USI's Proposed Summary of the Case**

This case involves a dispute between two insurance brokerage companies and three individuals. The two companies, USI Insurance Services LLC ("USI") and Southeast Series of Lockton, LLC ("Lockton") are direct competitors. USI and Lockton receive commissions by assisting their clients in obtaining insurance coverage from insurance carriers. The three individuals, Dean Anderson, Taylor Anderson, and Roger Maldonado (collectively, the "Former Employees") had employment agreements with USI. They worked in assisting corporate clients with obtaining aviation insurance and other insurance. The Former Employees each provided USI with notices of their resignation on December 9, 2019 and went to work for Lockton that same day.

USI claims that Lockton wrongfully caused the Former Employees to breach their employment agreements with USI and to breach other duties the Former Employees owed to USI under Georgia law and that USI was damaged because more than 25 USI clients transferred their business to Lockton as a result of those breaches.

USI is asking for a judgment awarding compensatory damages to it from Lockton and the Former Employees. USI is also asking for a judgment awarding its attorneys' fees and expenses and punitive damages. Lockton and the Former Employees deny these allegations and contend their actions were justified and allowed.

Lockton asserts a counterclaim against USI alleging that USI, through its employee Matthew Marchisotto, wrongfully interfered with Lockton's business relationship with a client called Tenax. Tenax was a client of USI, but transferred a portion of its business to Lockton in December 2019 after the Former Employees began working for Lockton. Lockton is asking for a judgment awarding compensatory damages to it from USI, as well as awarding its attorneys' fees and expenses and punitive damages. USI denies these allegations and contends that its actions were justified and that Lockton did not suffer any damages because Tenax kept its business with Lockton.

In this case, the Court has already granted summary judgment in favor of Plaintiff USI Insurance Services LLC and against Defendants Jameson Taylor Anderson and Robert Dean Anderson on certain issues. This means that the Court has already determined that, as a matter of law, Taylor Anderson and Dean Anderson have breached certain legal duties they owed to USI.

Specifically, the Court has found that:

<u>First</u>, regarding the Notice Provisions in the contracts of Taylor Anderson and Dean Anderson with USI (Section 8.2):

(1) The provisions in the contracts of Taylor Anderson and Dean Anderson with USI requiring them to provide 60 days' advance notice prior to resigning from their employment with USI are "reasonable to allow the employer to prepare for an orderly transition and enforceable through special damages resulting from a sudden quitting" and are legally enforceable under Georgia law. *See* Doc. 286 p. 24 (March 29, 2022 Order).

(2) Taylor Anderson and Dean Anderson both breached the provisions of their contracts with USI (Section 8.2) requiring them to provide 60 days' advance notice prior to resigning from their employment with USI. *See* Doc. 286 pp. 25-26 (March 29, 2022 Order).

<u>Second</u>, regarding the six-month non-competition restriction in the contract of Dean Anderson with USI (Section 7.5):

(1) The six-month non-competition restriction in Dean Anderson's contract with USI is legally enforceable under Georgia law and applied nationwide throughout the United States. *See* Doc. 286 p. 30 (March 29, 2022 Order).

(2) Dean Anderson breached the six-month non-competition restriction in his contract with USI by working in the same or similar capacity for Lockton during the six-month period. *See* Doc. 286 pp. 30-31 (March 29, 2022 Order).

Third, regarding the two-year client non-competition restriction in the contract of Dean Anderson with USI (Section 7.6):

(1) The two-year client non-competition restriction in Dean Anderson's contract with USI is legally enforceable under Georgia law and applied nationwide throughout the United States. *See* Doc. 286 pp. 31-32 (March 29, 2022 Order).

(2) Dean Anderson breached the two-year client non-competition restriction in his contract with USI (Section 7.6) by carrying on business in competition with USI involving USI's ongoing or perspective clients in the United States. *See* Doc. 286 pp. 33-34 (March 29, 2022 Order).

Fourth, regarding USI's duty of loyalty and fiduciary duty claims against Taylor Anderson and Dean Anderson:

(1) Taylor Anderson and Dean Anderson both owed a duty of loyalty and a fiduciary duty to USI while they were employees of USI.

(2) Taylor Anderson and Dean Anderson both breached the duty of loyalty and fiduciary duty they owed to USI while they were employees of USI, including

the time period from December 9, 2019 through February 7, 2020. *See* Doc. 286 pp. 43-46 (March 29, 2022 Order).

Since the Court has already determined that Taylor Anderson and Dean Anderson are liable to USI for breaching these legal duties, on those claims your only job will be to determine the amount of damages that Taylor Anderson and Dean Anderson owe to USI. On the other claims in this case, you are to consider both the issues of liability and damages.

Respectfully submitted this 28th day of April, 2023.

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ Jared C. Miller
Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller
Georgia Bar No. 142219
Julie A. Wood
Georgia Bar No. 023749
Anne Horn Baroody
Georgia Bar No. 475569
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone: 404-523-5300
Facsimile: 404-522-8409
E-mail: nbaughan@phrd.com
        jmiller@phrd.com
        jwood@phrd.com
        abaroody@phrd.com

*Attorneys for USI Insurance Services LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the within and foregoing **USI'S NOTICE OF FILING OF PROPOSED SUMMARY OF CASE AND STATEMENT REGARDING SUMMARY JUDGMENT ORDER TO READ TO JURY** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to the following counsel of record:

**Hall, Gilligan, Roberts & Shanlever, LLP**

Warren R. Hall, Esq.
Elizabeth M. Newton, Esq.
Wayne M. Cartwright, Esq.
3340 Peachtree Road – Suite 1900
Atlanta, Georgia 30326
whall@hgrslaw.com
enewton@hgrslaw.com
wcartwright@hgrslaw.com

**Wargo & French LLP**

Joseph D. Wargo, Esq.
David M. Pernini, Esq.
Brandon Parrish, Esq.
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia 30309
jwargo@wargofrench.com
dpernini@wargofrench.com
bparrish@wfslaw.com

**Crowell & Moring LLP**

Christopher J. Banks, Esq.
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
cbanks@crowell.com

Astor H. L. Heaven, III, Esq.
1001 Pennsylvania Ave., N.W.
Floor 10
Washington, DC 20004
aheaven@crowell.com

Sigourney R. Haylock, Esq.
40th Floor
515 South Flower Street
Los Angeles, CA 90071
shaylock@crowell.com

      This 28th day of April, 2023.

      /s/ Jared C. Miller
      Jared C. Miller