## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | ) ) ) ) | |
| | ) | <u>CONSOLIDATED CASES</u> <u>PURSUANT TO FED. R. CIV. P. 42</u> |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 1:19-cv-05582-VMC |
| USI INSURANCE SERVICES LLC, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| USI INSURANCE SERVICES LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: 1:20-cv-02490-VMC |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### PROPOSED JURY INSTRUCTIONS

Plaintiffs James Taylor Anderson, Robert Dean Anderson, and Roger

Maldonado (the "Former Employees") and Southeast Series of Lockton

Companies, LLC ("Lockton") hereby submit the following proposed jury

instructions:

1

**Defendants' Request to Charge No. 1**

<u>TO BE GIVEN PRIOR TO JURY HEARING EVIDENCE AND AT
CONCLUSION OF EVIDENCE</u>

<u>Solicitation Defined</u>.

To "solicit" means to ask, plead, or urge something.[1]  Solicitation requires

an affirmative act.[2]  Merely accepting business that the Former Employees were

forbidden from soliciting during a period of time does not constitute solicitation of

that business.[3]

---

[1]     *Wells Fargo Ins. Servs. USA v. Gupton*, No. 1:13-CV-0520-SCJ, 2013 U.S. Dist. LEXIS 190019, at *9-10 (N.D. Ga. Mar. 4, 2013) (Judge Jones) ("The word has been otherwise defined as: 'To appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; to make petition to; to plead for; to try to obtain; and though the word implies a serious request, it requires no particular degree of importunity, entreaty, imploration, or supplication. To awake or incite to action by acts or conduct intended to and calculated to incite the act of giving. The term implies personal petition   and importunity addressed to a particular individual to do some particular thing.' ") (citing *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1995).  *Lifebrite Labs., LLC v. Cooksey*, No. 1:15-CV-4309-TWT, 2016 U.S. Dist. LEXIS 181823, at *21 (N.D. Ga. Dec. 9, 2016) (granting summary judgment).  *See also*, *Mercer Glob. Advisors Inc. v. Crowley*, No. 1:21-CV-03932-JPB, 2023 U.S. Dist. LEXIS 43206, at *15-16 (N.D. Ga. Mar. 15, 2023) (denying summary judgment because evidence satisfied definition of solicitation); *Capital Inv., Inc. v. Green*, No. 1:20-CV-03224-LMM, 2022 U.S. Dist. LEXIS 168237, at *35-36 (N.D. Ga. Mar. 29, 2022) (same); *Gallagher Benefit Servs. v. Campbell*, 528 F. Supp. 3d 1326, 1342 (N.D. Ga. 2021) (same).

[2]     *Murphree v. Yancey Bros. Co.*, 311 Ga. App. 744, 749, 716 S.E.2d 824, 828 (2011) ("covenant prohibited Murphree from initiating affirmative action to compete with Yancey by contacting former customers").

[3]     *Wells Fargo Ins. Servs. USA v. Gupton*, No. 1:13-CV-0520-SCJ, 2013 U.S. Dist. LEXIS 190019, at *14-15 (N.D. Ga. Mar. 4, 2013) (Judge Jones) (citing *Akron Pest Control v. Radar Exterminating Co.*,  216 Ga. App. 495, 497 (1995) ("Merely accepting business that [former shareholder] was forbidden otherwise to seek out for a period of time does not in any sense constitute a solicitation of that business.").  *See also, Murphree v. Yancey Bros. Co.*, 311 Ga. App. 744, 749 (2011) (non-solicitation covenant would not preclude former employee "from accepting unsolicited business from the forbidden clients."

## **Defendants' Request to Charge No. 2**

### TO BE GIVEN PRIOR TO JURY HEARING EVIDENCE AND AT CONCLUSION OF EVIDENCE

### Meaning of Solicitation Under the Law

"One does not solicit someone by merely having a conversation. . . . To solicit is to use some sort of salesmanship, to encourage and persuade another to do something.  Merely informing someone as to a change in circumstances does not qualify."

Authority*: Lifebrite Labs., LLC v. Cooksey*, No. 1:15-CV-4309-TWT, 2016 U.S. Dist. LEXIS 181823, at \*21 (N.D. Ga. Dec. 9, 2016).  *See also*, *Mercer Glob. Advisors Inc. v. Crowley*, No. 1:21-CV-03932-JPB, 2023 U.S. Dist. LEXIS 43206, at \*15-16 (N.D. Ga. Mar. 15, 2023); *Gallagher Benefit Servs. v. Campbell*, 528 F. Supp. 3d 1326, 1342 (N.D. Ga. 2021).

## Defendants' Request to Charge No. 3

### Burden of Proof

The burden of proving damages rests with the party making the claim and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture. Proving a case by a "preponderance of the evidence" means that the party making the claim "must prove that, in light of all the evidence, what it claims is more likely true than not."

In order for you to award money damages to a party, it must prove all of the elements of a particular claim by a preponderance of the evidence, not just certain aspects of the claim.  If a party fails to meet this burden on any portion of its claim, you must find in favor of the defendant on that particular claim.

Authority: 11th Cir. Pattern Instruction 1.1, at pp. 1, 4 (March 10, 2022); O'Malley's Fed. Jury Prac. & Instr. § 106:01.l. O'Malley's Fed. Jury Prac. & Instr. § 104:01 ("Plaintiff [ ] has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence." "If plaintiff [ ] should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant [ ] as to that claim.").

## **Defendants' Request to Charge No. 4**

### Rules of Evidence

The object of all legal investigations is the discovery of truth, and rules of evidence are designed with that one prominent purpose in mind. During the course of this trial there may be objections made by the lawyers and rulings made by the court. These objections and rulings will involve the technical rules of evidence, and you should draw no inferences and make no assumptions from either the lawyer's objections or the court's rulings. Evidence that is not admitted because of an objection or other reason shall not be considered by you.

Authority: Georgia Pattern Jury Instructions - Civil 00.070.

## <u>Defendants' Request to Charge No. 5</u>

<u>Attorney Client Privilege</u>

The attorney-client privilege is a rule of evidence that gives the client the right to bar the disclosure of confidential communications between the attorney and client. Georgia's privilege covers not only communications that the clients make to the attorney but also communications and advice the attorney gives the client in the rendition of legal services. Parties and witnesses have a right not to disclose what they told their attorney in confidence because the law considers this information privileged.  In considering the evidence, you must not draw any negative inferences or conclusions from the fact that any witness has an attorney or communicated with that attorney.  You also must not make any assumptions about the content of any communications between a witness and his or her attorney.

<u>Authority</u>: 3 Fed. Jury Prac. & Instr. § 105:10 (6th ed.) (citing See *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp*., 383 F.3d 1337, 1341 (Fed. Cir. 2004)); O.C.G.A. § 24-5-501(a)(2); *Ga. Law Of Torts Preparation For Trial* § 24:3 (2023 ed.); *Southern Guar. Ins. Co. of Georgia v. Ash*, 192 Ga. App. 24, 383 S.E.2d 579 (1989); *Morris v. Courts*, 59 Ga. App. 666, 688 (1939).

6

## **Defendants' Request to Charge No. 6**

### Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Authority: 3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.).

## **Defendants' Request to Charge No. 7**

### Claim Relating to Solicitation

USI alleges that Dean Anderson, Taylor Anderson, and Roger Maldonado solicited insurance business from USI clients.  You should consider first whether the Former Employees solicited USI clients to move their business to Lockton.  If no solicitation occurred, you should not award any damages to USI for breach of the non-solicitation clause.

If you find that solicitation occurred, then you should consider whether that solicitation caused harm to USI by causing the solicited client to move its business to Lockton.  If a client left USI and moved to Lockton for reasons other than a solicitation by one of the Former Employees, then no damages were caused.  If the solicitation did not cause damages to USI, then you should award no damages to USI or you may award Nominal Damages.  If the client moved to Lockton solely because of a solicitation, you may award damages resulting from that solicitation.

Authority*: Gallagher Benefit Servs. v. Campbell*, 1:19-cv-00836-SDG, 2021 U.S. Dist. LEXIS 56771, at *26 (N.D. Ga. Mar. 24, 2021); *Bauer v. N. Fulton Med. Ctr.*, 241 Ga. App. 568, 572 (1999); *Lay Bros., Inc. v. Golden Pantry Food Stores, Inc.*, 273 Ga. App. 870, 874 (2005).

## **Defendants' Request to Charge No. 8**

<u>Damages for a Breach of Contract – Actual Damages</u>

USI's claims for breach of Dean Anderson's non-compete, breach of the former employees' non-solicitation agreement, and breach of the 60-day notice clause and the duty of loyalty are all claims for breach of contract. If you find that any defendant breached a contract with USI, you must also determine whether USI is entitled to damages for that breach.  Georgia law has specific rules regarding damages in breach of contract cases.

Damages for breach of a contract are intended to make up for any direct harm caused to the party from the breach, not to punish the person that breached the contract. In calculating USI's damages, if any, you should determine the sum of money that will put USI in as good a position as USI would have been in if both USI and the individual employee had performed all of their promises under the contract. USI cannot be put in a better position than it would have been in if there had been no breach at all.

<u>Authority</u>: O.C.G.A. § 13-6-1 ("Damages are given as compensation for the injury sustained as a result of the breach of a contract."); 11th Circuit Pattern Instructions; *Al & Zack Brown v. Bullock*, 238 Ga. App. 246, 248, 518 S.E.2d 458, 461 (1999) ("The purpose of awarding damages for breach of contract is to 'put [the plaintiff] in as good a position as if the defendant had fully performed the contract.'").

## **Defendants' Request to Charge No. 9**

### Contract Damages - General

Damages are given as compensation for injury sustained. Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach. O.C.G.A. §§13-6-1, 13-6-2, 13-6-7.

Authority:   Georgia Pattern Instructions 18.010.

## Defendants' Request to Charge No. 10

### No Compensation is Available for Injuries that are Not Contemplated by the Parties and Not Directly Caused by Breach of Contract

Money damages can only be based on what actually, and provably, would have been gained from a contractual agreement.[4] This means you may only award damages to USI if you find that it has proven, by a preponderance of the evidence, that the damages it is seeking arise naturally and as a matter of course from the specific breach of contract[5] – and not from different actions or lawful actions of the employees.[6]  So, if you find that USI lost business to Lockton, but that loss was due to the decision of the former clients to move their business, and not due to the improper, breaching acts of the former employees or Lockton, you cannot award damages.

---

[4] *LNV Corp. v. Branch Banking & Tr. Co*., 723 F. App'x 653, 656 (11th Cir. 2018) ("Georgia courts have explained that a plaintiff suing for breach of contract should, if successful, recover the full benefit of his bargain, but no more.").

[5] O.C.G.A. § 13-6-2 ("Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach.").

[6] O.C.G.A. § 13-6-1 ("Damages are given as compensation for the injury sustained as a result of the breach of a contract.").

**<u>Defendants Request to Charge No. 11</u>**

<u>Nominal Damages</u>

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money.  If the injury is small or mitigating circumstances are strong, only nominal damages are given.

What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

<u>Authority</u>: Georgia Pattern Jury Instructions - Civil 66.010.

## Defendants' Request to Charge No. 12

### Nominal Damages

If you find that a breach occurred, but was not the cause of USI's losses, you can award no damages to USI, or you can award nominal damages.  "Nominal" means "a trivial sum."

Authority:  O.C.G.A. § 13-6-6 ("In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action."); *Fowler's Holdings, LLLP v. CLP Family Invs., L.P.*, 318 Ga. App. 73, 74, 732 S.E.2d 777, 778 (2012).

## **Defendants' Request to Charge No. 13**

### Proof of Damages Requires Reasonable Certainty and Prior Contemplation of the Parties.

In some cases, a loss is caused by a breach of contract, but recovery for that loss is not permitted because the amount of the alleged loss cannot be proven with reasonable certainty or was not contemplated by the parties at the time of the breach. Damages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made.

Damages that are not closely connected to the contract such that they are not the probable result of the breach are considered "remote or consequential damages." Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract or unless they may be computed exactly, such as the profits that are the immediate fruit of the contract and are independent of any collateral enterprises entered into in contemplation of the contract.

Authority:  *AcryliCon USA, Ltd. Liab. Co. v. Silikal GmbH*, 985 F.3d 1350, 1371 (11th Cir. 2021); O.C.G.A. § 13-6-2; O.C.G.A. § 13-6-8; *Triad Drywall, LLC v. Bldg. Materials Wholesale, Inc.*, 300 Ga. App. 745, 746, 686 S.E.2d 364, 365 (2009); Georgia Pattern Jury Instruction 18.030.

**<u>Defendants Request to Charge No. 14</u>**

<u>Contract Damages; Remote or Consequential</u>

Lost profits that are not part of the actual contract, such as lost profits sought in this case by USI, are called remote or consequential damages under Georgia law.  Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract . . . and [must be] independent of any collateral enterprises entered into in contemplation of the contract.

<u>Authority</u>: Georgia Pattern Instruction 18.030.  O.C.G.A. §13-6-8.
*AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1370 (11th Cir. 2021).

## **Defendants Request to Charge No. 15**

### Lost Profits.

In this case, USI claims lost net profits relating to its claims against Dean Anderson, Taylor Anderson, and Roger Maldonado.  If you find that the former employees did engage in "solicitation" as that term is defined under Georgia law, USI's damages may include net profits on such claims only if USI proves with reasonable certainty that net profits would have been earned, but were not earned because of the defendant's breach of contract.  Likewise, if you find that any of the breaches of contract by the former employees solely caused USI to suffer damages, USI's damages may include net profits on such claims only if USI proves with reasonable certainty that net profits would have been earned, but were not earned because of the breach of contract.

Thus, to prove lost profits, USI must show by a preponderance of the evidence that the clients who moved their business to Lockton would have continued doing business with USI if not for a breach of contract by one of the former employees. Unless these elements are proven by a preponderance of the evidence, you may not find in favor of USI.

Authority:   O.C.G.A. § 13-6-2; O.C.G.A. § 13-6-8; Restatement of Contracts, comment (a) and (b) to § 344; Georgia Pattern Instruction 18.010; Ga. Pattern Instruction 18.030; *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1243 (11th Cir. 2009); *Am. Infoage v. Only Sol. Software*, 362 Ga. App. 706, 710, 870 S.E.2d 47, 51 (2022); *Triad Drywall, LLC v. Bldg. Materials Wholesale, Inc.*,

300 Ga. App. 745, 746, 686 S.E.2d 364, 365 (2009); *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga. App. 546, 284 S.E.2d 282, 1981 Ga. App. LEXIS 2688 (1981); Restatement of Contracts §§ 351-52 and comment (b) to § 346.

## **Defendants Request to Charge No. 16**

### Proof Required to Recover Lost Profits

You may not find that USI has shown its profits with reasonable certainty unless it proves by a preponderance of the evidence the specific dollar amount it expected to earn and the specific dollar amount of expenses it would have had (so that that amount can be subtracted from earnings to calculate profit).

Further, USI must prove that it had a history of profitability for the business that it lost in order to establish a claim for lost profits.

Authority:   *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1370-71 (11th Cir. 2021) (any attempt to show "exact computation" of lost profits "must include evidence showing that the business claiming lost profits had a proven track record of profitability" and "its projected expenses, for that time frame" for which damages are claimed.  Without this evidence, a party "fail[s] as a matter of law to prove lost profits."); *EZ Green Assocs., LLC v. Ga.-Pacific Corp.*, 331 Ga. App. 183, 188-89 (2015) (emphasis in original) ("[I]n Georgia, it is well settled that anticipated profits are too speculative and uncertain to be recoverable unless they are based on an **actual** track record of sales.  And this requirement is based on the rationale that the profits of a commercial business are dependent on so many hazards and chances, that unless the anticipated profits are capable of ascertainment, and the loss of them traceable directly to the defendant's wrongful act, they are too speculative to afford a basis for the computation of damages.")

**<u>Defendants Request to Charge No. 17</u>**

<u>No Compensation is Available for Injuries that the Parties Did Not Expect at
the Time of Signing the Contract</u>

Further, money damages cannot be awarded unless they are awarded
specifically to compensate for an injury that was contemplated by the parties at the
time that they signed the agreement. This means you may only award damages to
USI, if you find that they have proven by a preponderance of the evidence, that the
damages they are seeking are ones that USI and the Former Employees
contemplated when they signed the agreement. Note that the Former Employees
signed the agreement years before they decided to leave their employment with
USI, and you are not permitted to consider what they knew at the time of leaving.
You should instead consider only what both parties knew or expected at the time of
entering the agreement.

<u>Authority</u>: O.C.G.A. § 13-6-2; Georgia Pattern Instruction 18.010.

## **Defendants Request to Charge No. 18**

### Duty to Mitigate

When by a breach of contract one is injured, one is bound to lessen the

damages as far as is practicable by the use of ordinary care. O.C.G.A. §13-6-5.

Authority: Georgia Pattern Instructions 18.070.

**<u>Defendants Request to Charge No. 19</u>**

<u>Attorneys' Fees Under O.C.G.A. § 13-6-11</u>

The expenses of litigation are not generally allowed as a part of the damages. But, if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow them. When I use the term "bad faith" that means "bad faith connected with the transaction and dealing that led to the dispute between the parties," not bad faith in defending or resisting the claim after this lawsuit had already started. Further, a party is not being stubbornly litigious or causing unnecessary trouble and expense if there is a bona fide controversy or dispute between the parties.

You should determine from the evidence whether any party defending a breach of contract claim has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense. If you make such a finding, you then must determine the amount of attorney's fees (or other expense), if any, allowed, in the second phase of the trial.

<u>Authority</u>: Ga. Pattern Instruction 18.020; *Artzner v. A & a Exterminators*, 242 Ga. App. 766, 773, 531 S.E.2d 200, 206 (2000); *David G. Brown, P.E. v. Kent*, 274 Ga. 849, 850, 561 S.E.2d 89, 90-91 (2002).

**Defendants' Request to Charge No. 20**

Breach of Fiduciary Duty

Before trial, the Court ruled that Dean Anderson and Taylor Anderson owed a fiduciary duty and duty of loyalty to USI for sixty-days from December 9, 2019 through February 7, 2020.

It is for you to decide what damages, if any, USI suffered that were caused by Dean Anderson or Taylor Anderson's breach of these duties during that 60-day time period. You may not award any damages relating to breach of any fiduciary duty or loyalty for the period of time after February 7, 2020.

Authority: *C.R. of Thomasville, LLC v. Hannaford*, 363 Ga. App. 581, 584, 871 S.E.2d 679, 683 (2022); *Hanson Staple Co. v. Eckelberry*, 297 Ga. App. 356, 358-59, 677 S.E.2d 321, 323-24 (2009); *Fine v. Commun. Trends, Inc.*, 305 Ga. App. 298, 309, 699 S.E.2d 623, 634 (2010).

## Defendants' Request to Charge No. 21

### Employee Entitled to Compete After Resignation

Under Georgia law, an employee is entitled to compete immediately upon resignation of employment.  The Court has already determined that Dean Anderson and Taylor Anderson were not permitted to resign until February 7, 2020.  After that point Dean Anderson and Taylor Anderson owed no further fiduciary duty or duty of loyalty to their former employer, USI.

Objection:  Lockton and the Former Employees object to the giving of this charge with respect to the effective date of their resignation and/or the involuntary continuation of their employment or period of fiduciary duty as imposed by the Court in its summary judgment order, and in subsequent rulings.  For the reasons argued at summary judgment, in trial briefs, and in motions in limine, the Defendants urge the Court to reconsider and correct the rulings in this regard pursuant to its authority to do so under Fed. R. Civ. P. 54(b).  Defendants submit this charge under objection because it comports with the Court's current rulings as a matter of law, and thus a charge consistent with those rulings is hereby submitted, but with objection.

Authority: *Hanson Staple Co. v. Eckelberry*, 297 Ga. App. 356, 358-59 (2009).

23

**Defendants' Request to Charge No. 22**

Disgorgement Remedy For Breach of Fiduciary Duty

USI seeks to recover disgorgement of money paid to Dean Anderson and Taylor Anderson during the period in which the Court determined that they breached their fiduciary duty to USI.  You may award disgorgement damages to USI if you find that Dean Anderson or Taylor Anderson's breach of fiduciary duty justifies returning to USI compensation that they received during the period of their breach.  You may only consider disgorgement with respect to compensation received by Dean Anderson or Taylor Anderson during their employment with USI and during the 60-day period ending on February 7, 2020.

Disgorgement is not appropriate if you find there is a more appropriate, more accurate way to measure damages for breach of fiduciary duty.

Authority:  *McMillian v. McMillian*, 310 Ga. App. 735, 738, 713 S.E.2d 920, 922 (2011); *Gallagher Ben. Servs. v. Campbell*, Civil Action No. 1:19-cv-00836-SDG, 2021 U.S. Dist. LEXIS 211103, at *5 (N.D. Ga. Aug. 13, 2021); *Vinson v. E.W. Buschman Co.*, 172 Ga. App. 306, 310, 323 S.E.2d 204, 207 (1984).

**.Defendants' Request to Charge No. 23**

Disgorgement Allowed Only During Period of Fiduciary Duty Breach

If you award disgorgement as a remedy to USI, the award can only apply to amounts paid to Dean Anderson and Taylor Anderson during the period of time when they were in breach.  In this case, that means when they were in breach during their employment with USI or during the 60-days leading up to February 7, 2020.  However, disgorgement is not allowed for periods of time after the fiduciary period ends, or for compensation that was obtained by entirely lawful means.

Authority:  *KEG Techs., Inc. v. Laimer*, 436 F. Supp. 2d 1364, 1375-76 (N.D. Ga. 2006); *Jennette v. Nat'l Cmty. Dev. Servs., Inc.*, 239 Ga. App. 221 (1999).

**<u>Defendants Request to Charge No. 24</u>**

<u>Punitive Liability</u>

If you find in favor of USI on its claim for breach of fiduciary duty against the Former Employees and/or if you find for either USI or Lockton's claims of tortious interference, you can also consider whether there are any aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Punitive damages can be awarded in this case only if the prevailing party has proved, by clear and convincing evidence, that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

The standard for awarding punitive damages is "clear and convincing evidence," which is a higher standard than the "preponderance of the evidence" standard. Therefore, in order for USI or Lockton to prove that it is entitled to punitive damages, USI or Lockton must present clear, convincing, and decisive evidence so that you are convinced with reasonable certainty that the individual or individuals you are ordering to pay punitive damages actually engaged in willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care.

26

Any award you make of punitive damages must be reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

Also, if you decide to impose punitive damages any party, you will also be asked to specify whether you find that that party acted with specific intent to cause harm. A party possesses specific intent to cause harm when that party desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it.

Authority: Ga. Pattern Instructions 02.400; 66.700; 66.702; 66.711; 66.780.

**<u>Defendants Request to Charge No. 25</u>**

<u>Tortious Interference with Contract/Business Relations – Elements</u>

To prevail on a claim for tortious interference with contractual and/or business relations, the plaintiff must prove all of the following elements by a preponderance of the evidence:

(1) the defendant was without privilege and acted improperly;

(2) the defendant acted purposefully and with malice with intent to injure the plaintiff;

(3) the defendant caused a breach of contract or caused a party or third party to discontinue or fail to enter into an anticipated relationship with the plaintiff; and

(4) the defendant's wrongful actions proximately caused damage to the plaintiff.

In the tortious interference context, improper conduct means conduct wrongful in itself. Generally, such conduct involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil lawsuits, and unwarranted criminal prosecutions.

In contrast, a competitor acts "within privilege" and therefore may solicit employees if it does so as a matter of fair competition.  A competitor acts in fair competition where (1) the acts are taken for the purpose of competition between the actor and competitor, (2) the actor does not employ improper means, (3) the actor does not intend to create or continue an illegal restraint of competition, and

28

(4) the actor's purpose is at least in part to advance its interests in its competition

with the other.

The term "malice" means any unauthorized interference or any interference

without legal justification or excuse. An act is malicious when it is done with both

(1) knowledge of the party's rights and (2) intent to interfere with those rights.

Persuading a person to break a contract is not malicious unless done for the

purpose of injuring the plaintiff or benefiting the defendant at the expense of the

plaintiff.  Moreover, because improper conduct is required, merely persuading a

person to break a contract is not enough to prove tortious interference.

<u>Authority</u>: *Sommers Co. v. Moore,* 275 Ga. App. 604, 605 (2005); *Kirkland v. Tamplin*, 285 Ga. App. 241, 244 (2007); *Cox v. City of Atlanta,* 266 Ga. App. 329, 333 (2004); *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane,* 269 Ga. 604, 608 (1998); *Slosberg v. Giller*, 341 Ga. App. 581, 582 (2017); *Rowell v. Phoebe Putney Memorial Hospital, Inc.*, 338 Ga. App. 603, 604 (2016).

## **Defendants Request to Charge No. 26**

### Tortious Interference with Employee Relations – Elements

In addition to the tortious interference claims USI and Lockton assert regarding their contracts and business relationships, USI also asserts a claim against Lockton for tortiously interfering with its employees in its National Aviation Practice Group.  This claim requires proof of the same elements of tortious interference, but to prove wrongful conduct with respect to this claim, USI must show that Lockton destroyed or inflicted substantial injury on USI by attracting away all or a large percentage of personnel upon whom USI depends to function.

Authority: *Architectural Mfg. Co. v. Airotec*, 119 Ga.App. 245, 250–51 (1969); *Am. Bldgs. Co. v. Pascoe Bldg. Sys., Inc*., 260 Ga. 346, 349 (1990); *Orkin Exterminating Co. v. Martin Co*., 240 Ga. 662, 666 (1978).

**<u>Defendants Request to Charge No. 27</u>**

<u>Tortious Interference – Proximate Cause</u>

A claim of tortious interference requires the defendant's wrongful acts were the proximate cause of the plaintiff's damages.  Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

<u>Authority</u>: Georgia Pattern Jury Instructions - Civil 60.001.

**<u>Defendants Request to Charge No. 28</u>**

<u>Tortious Interference – Damages</u>

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

<u>Authority</u>: Georgia Pattern Jury Instructions - Civil 66.001.

32

## **Defendants Request to Charge No. 29**

### Duty to Mitigate Damages

When a person is injured by the negligence of another, he or she must mitigate his or her damages as much as is practicable by the use of ordinary care and diligence.

Authority: Georgia Pattern Jury Instructions, 66.015.