UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| USI INSURANCE SERVICES LLC, | ) ) |
| Defendant. | ) |

CONSOLIDATED CASES
PURSUANT TO FED. R. CIV. P. 42

Civil Action No.: 1:19-cv-05582-VMC

## **VERDICT FORM – 2019 CASE**

## Count I

**Question 1.**  Did USI prove by a preponderance of the evidence that it suffered damages solely because of Dean Anderson or Taylor Anderson's failure to give 60 days' notice before resigning?

Answer: Dean Anderson: No: _____    Yes: _____.

Taylor Anderson: No: _____    Yes: _____.

**If you answered "Yes" to either part of Question 1, answer Question 2 and continue through this section.**
**If you answered "No" to both parts of Question 1, skip to Question 3.**

**Question 2.**  [Only answer this question if you answered "Yes" to either part of Question 1.]  What amount of damages, if any, did USI prove by a preponderance of the evidence that it suffered due solely to Dean Anderson and/or Taylor Anderson's failure to give 60 days' notice?

Amount: $ _____

**If you awarded any amount of damages in response to Question 2, then proceed to Question 3.**
**If you awarded no damages in response to Question 2, then go directly to Question 4 in the next section.**

**Question 3.**  Do you find that either Dean Anderson or Taylor Anderson acted in "bad faith" when he did not give 60-days' notice before resigning such that USI should recover some amount of its attorney fees?

Answer: Dean Anderson: No: _____    Yes: _____.

Taylor Anderson: No: _____    Yes: _____.

**If you answered "Yes" to Question 3, DO NOT provide any amount of damages.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.** [end of section]

## Count II

**Question 4.**   Did USI prove by a preponderance of the evidence that it suffered damages solely because Dean Anderson performed services for any former USI client between December 9, 2019, and April 7, 2020?

Answer:   No: _____   Yes: _____

**If you answered "Yes" to Question 4, answer Question 5.**

**If you answered "No" to Question 4, go directly to Question 7 in the next section.**

**Question 5.**   [Only answer this question if you answered "Yes" to Question 4.] What is the total amount of damages, if any, that USI suffered solely because Dean Anderson performed services for any former USI client between December 9, 2019, and April 7, 2020?

Answer: $_____

**If you awarded any amount of damages in response to Question 5, then proceed to Question 6.**

**If you awarded no damages in response to Question 5, then go directly to Question 7 in the next section.**

**Question 6.**   Do you find that Dean Anderson acted in "bad faith" when he breached the non-compete covenant such that USI should recover some amount of its attorney fees?

Answer:   No: _____   Yes: _____.

**If you answered "Yes" to Question 6, DO NOT provide any amount of damages. This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

[end of section]

## Count III

**Question 7.**   Did USI prove by a preponderance of the evidence that it suffered damages solely because Dean Anderson provided insurance services to clients with whom he worked at USI during the two years after he resigned from USI?

Answer:        No: _____         Yes: _____

**If you answered "Yes" to Question 7, answer Question 8.**

**If you answered "No" to Question 7, go directly to Question 10 in the next section.**

**Question 8.**   [Only answer this question if you answered "Yes" to Question 7.] What is the total amount of damages, if any, USI suffered solely because Dean Anderson provided insurance services to clients with whom he worked at USI during the two years after he resigned from USI?

Answer: $ _____

**If you awarded any amount of damages in response to Question 8, then proceed to Question 9.**

**If you awarded no damages in response to Question 8, then go directly to Question 10 in the next section.**

**Question 9.**   Do you find that Dean Anderson acted in "bad faith" when he breached the client non-compete covenant such that USI should recover some amount of its attorney fees?

Answer:        Dean Anderson:   No: _____         Yes: _____.

**If you answered "Yes" to Question 9, DO NOT provide any amount of damages. This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

[end of section]

**Count IV**

**Question 10.** Did USI prove by a preponderance of the evidence that Dean Anderson, Taylor Anderson, or Roger Maldonado "solicited" any of the following clients to move their insurance business away from USI and to Lockton, based on the meaning of "solicitation" under Georgia law? Check appropriate box(es) for each client.

| Client Name | Solicited by Dean Anderson | Solicited by Taylor Anderson | Solicited by Roger Maldonado | Not Solicited |
|---|---|---|---|---|
| Rally Point Management, LLC | | | | |
| Brightwater (BrightWater Capital, LLC, BrightWater Partners, Arista Aviation Services, Advanced Technologies, Inc., R&B Machine, Brighwater UAG (Formerly United Aero Group)) Overseas Aircraft Support, Aircraft Investment Holdings | | | | |
| Tenax Aerospace Holdings, LLC | | | | |
| Tri-Jet, LLC (Tenax) | | | | |
| Fulcrum Concepts LLC | | | | |
| Genesys Aerosystems | | | | |
| System Studies & Simulation, Inc. | | | | |
| Field Aerospace | | | | |
| SouthWind Global Aviation, Inc. | | | | |
| International Defense & Aerospace Group, LLC (US Aviation Training Solutions) | | | | |
| In-Flight Crew Connections | | | | |

| Client Name | Solicited by Dean Anderson | Solicited by Taylor Anderson | Solicited by Roger Maldonado | Not Solicited |
|---|---|---|---|---|
| Dowe Gallagher Aerospace LLC | | | | |
| McCourt Racing Inc. | | | | |
| Go2 Weapons Inc. | | | | |
| WGS Systems, LLC | | | | |
| Alpha-1 Aerospace, LLC | | | | |
| Rampart Aviation, LLC | | | | |
| AirScan, Inc. | | | | |
| National Air Cargo Holdings, LLC | | | | |
| Midwest Transit Equipment | | | | |
| DAU /Aerway Leasing | | | | |
| Floats & Fuel Cells, Inc | | | | |
| Air USA | | | | |
| Worldclass Jet d/b/a/ Leviate | | | | |

**If you answered yes "Solicited by" for any client listed above, the proceed to Question 11, below.**

**If you answered "Not Solicited" for every client listed above, then go directly to the Question 15 in the next section.**

**Question 11.**   [Only answer this question if you marked yes "Solicited by" for any client in Question 13.] Do you find that any client listed above moved its business away from USI and to Lockton solely because of the solicitation?

Answer:         No: _____          Yes: _____

**Question 12.**   [Only answer this question if you answered "Yes" to Question 11.] If you found yes "Solicited by" at Question 10 <u>and</u> answered "Yes" to Question 11, what total amount of damages, if any, do you find that USI should recover from the Former Employees?

Dean Anderson:  $_____.

Taylor Anderson:  $_____.

Roger Maldonado:  $_____.

> **If you awarded any amount of damages in response to Question 12, then proceed to Question 13.**
>
> **If you awarded no damages in response to Question 12, then go directly to Question 14 in the next section.**

**Question 13.**   If you found that Dean Anderson, Taylor Anderson, or Roger Maldonado solicited clients of USI, do you find that they acted in "bad faith" such that USI should recover some amount of its attorney fees?

   Answer:  Dean Anderson:  No: _____  Yes: _____.

         Taylor Anderson:  No: _____  Yes: _____.

         Roger Maldonado:  No: _____  Yes: _____.

> **If you answered "Yes" to Question 13, DO NOT provide any amount of damages.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

[end of section]

## Counts V & VI

**Question 14.** Did USI prove by a preponderance of the evidence that it suffered damages caused by Dean Anderson or Taylor Anderson's breach of duty of loyalty and/or fiduciary duty to USI during their period of employment or during the time period from December 9, 2019 through February 7, 2020?

Answer:   Dean Anderson:   No: _____   Yes: _____.

Taylor Anderson:  No: _____   Yes: _____.

**If you answered "Yes" to Question 14, proceed to Question 15.**

**If you answered "No" to Question 14, answer no further questions and proceed directly to the <u>Certification</u>, below.**

**Question 15.** What is the total amount of damages, if any, USI suffered because Dean Anderson or Taylor Anderson breached a duty of loyalty and/or a fiduciary duty to USI?

Dean Anderson:  $_____.

Taylor Anderson:  $_____.

**Question 16.** Do you find that USI is entitled to recover any amount of compensation disgorgement from Dean Anderson or Taylor Anderson due to the breach of fiduciary duty to USI?

Dean Anderson:  $_____.

Taylor Anderson:  $_____.

[end of section]

## Claim for Punitive Damages Relating to Count VI

**Question 17.**   [Answer this question only if you answered "Yes" to any part of Question 14.]  Did USI prove by clear and convincing evidence that Dean Anderson or Taylor Anderson showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences?

Answer:    Dean Anderson:         No: _____        Yes: _____.

Taylor Anderson:       No: _____        Yes: _____.

**If you answered "Yes" to Question 17, DO NOT provide any amount of damages.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

**If you answered "Yes" to Question 17, continue to Question 18.**

**If you answered "No" to all of Question 17, proceed directly to the <u>Certification</u>, below.**

**Question 18.**   [Answer this question only if you answered "Yes" to any part of Question 17, above.] Do you find that USI proved by clear and convincing evidence that Dean Anderson or Taylor Anderson acted with specific intent to cause harm?

Answer:    Dean Anderson:         No: _____        Yes: _____.

Taylor Anderson:       No: _____        Yes: _____.

**If you answered "Yes" to Question 18, DO NOT provide any amount of damages.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

## **CERTIFICATION**

**Once this Verdict Form is completed, please have the Foreperson sign below and let the Bailiff know you have reached a verdict.**

**THIS VERDICT FORM IS HEREBY COMPLETE AND DATED this _____ day of May 2023.**

_____
**Foreperson**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| USI INSURANCE SERVICES LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SOUTHEAST SERIES OF  )<br>LOCKTON COMPANIES, LLC,  )<br>)<br>Defendant.  )<br>) | Civil Action No.: 1:20-cv-02490-VMC |

**<u>VERDICT FORM – 2020 CASE</u>**

## Count I Against Lockton

**Question 1.** Did USI prove by a preponderance of the evidence that Lockton interfered with USI's contractual relationships, with malice and intent to injure USI, by inducing Dean Anderson or Taylor Anderson to breach the 60-days' notice provision or their duty of loyalty to USI through wrongful conduct and without privilege?

Answer:  Yes  _____   No  _____

**If you answered "No" to Question 1, continue to Question 2.**

**Question 2.** What amount of damages, if any, did USI prove by a preponderance of the evidence that Lockton's wrongful conduct caused it to suffer, in excess of any damages you may have awarded to USI for Counts I, V, and VI against Taylor Anderson and Dean Anderson?

Amount: $ _____

## Count II Against Lockton

**Question 3.** Did USI prove by a preponderance of the evidence that Lockton induced Dean Anderson, Taylor Anderson, or Roger Maldonado, with intent to injure and malice, to breach their covenants not to compete with USI or to "solicit" customers after they left their employment with USI through wrongful conduct and without privilege, with malice and intent to injure USI?

Answer:  Yes  _____          No  _____

**If you answered "No" to Question 3, continue to Question 4.**

**Question 4.** What amount of damages, if any, did USI prove by a preponderance of the evidence that Lockton's wrongful conduct caused it to suffer, in excess of any damages you may have awarded to USI for Counts II, III, and IV against Taylor Anderson and Dean Anderson?

Amount: $ _____

## Count III Against Lockton

**Question 5.** Did USI prove that Lockton interfered with USI's employee relationships through wrongful conduct and without privilege, with malice and intent to injure USI, by inducing all or a large percentage of employees in USI's National Aviation Practice Group, upon whom USI depends to function, to leave?

Answer:  Yes  _____        No  _____

**If you answered "No" to Question 5, continue to Question 6.**

**Question 6.** What amount of damages, if any, did USI prove by a preponderance of the evidence that Lockton's wrongful conduct caused it to suffer, in excess of any damages you awarded for Counts I and II against Lockton?

Amount: $ _____

## Claim for Punitive Damages Relating to
## Counts I, II, & III Against Lockton

**If you awarded damages in Questions 2, 4, or 6, answer Question 7.**

**Question 7.** Did USI prove by clear and convincing evidence that Lockton's actions, with respect to Counts I, II, and III, showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences?

Answer:  Count I     Yes  _____      No  _____

Count II    Yes  _____      No  _____

Count III   Yes  _____      No  _____

**If you answered "Yes" to any part of Question 7, continue to Question 8.**
**If you answered "No" to Question 7, continue to Question 9.**

**Question 8.** If you answered "Yes", do you also find that USI proved by clear and convincing evidence that Lockton acted with specific intent to cause harm to USI?

Answer:  Yes  _____      No  _____

**If you answered "Yes" to Questions 7 and 8, <u>DO NOT</u> provide any amount of damages. This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

## Claim for Attorneys' Fees Relating to
## Counts I, II, & III Against Lockton

**If you awarded damages in Questions 2, 4, or 6, answer Question 9.**

**Question 9.** Did USI prove that Lockton acted in bad faith, was stubbornly litigious, or caused unnecessary trouble and expense such that it is entitled to recoup its attorney's fees?

Answer:  Yes  _____    No  _____

**If you answered "Yes" to Question 9, DO NOT provide any amount of attorney's fees to award.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

## Count I Against USI

**Question 10.** Did Lockton prove by a preponderance of the evidence that USI interfered with Lockon's business relationship with its client Tenax Aerospace Holdings LLC through wrongful conduct and without privilege, with malice and intent to injure Lockton?

Answer:  Yes  _____       No  _____

**If you answered "No" to Question 10, continue to Question 12.**

**Question 11.** What amount of damages, if any, did Lockton prove by a preponderance of the evidence that USI's wrongful conduct caused it to suffer?

Amount: $ _____

**Claim for Punitive Damages Relating to Count I Against USI**

**If you awarded damages in Question 11, answer Question 12.**

**Question 12.**   Did Lockton prove by clear and convincing evidence that Lockton's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences?

Answer:  Yes  _____       No  _____

**If you answered "No" to Question 12, continue to Question 14.**

**Question 13.**   If you answered "Yes", do you also find that USI proved by clear and convincing evidence that Lockton acted with specific intent to cause harm?

Answer:  Yes  _____       No  _____

**If you answered "Yes" to Question 13, <u>DO NOT</u> provide the amount of punitive damages to award.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**

**Claim for Attorneys' Fees Relating to Count I Against USI**

**If you awarded damages in Question 11, answer Question 14.**

**Question 14.** Did Lockton prove that USI acted in bad faith, was stubbornly litigious, or caused unnecessary trouble and expense such that it is entitled to recoup its attorney's fees?

Answer:  Yes  _____    No  _____

**If you answered "Yes" to Question 14, <u>DO NOT</u> provide any amount of attorney's fees to award.  This determination will be reserved for a second phase of trial where you will hear additional evidence and argument on the amount of any such damages.**