# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | ) ) ) ) | <u>CONSOLIDATED CASES</u> <u>PURSUANT TO FED. R. CIV. P. 42</u> |
| Plaintiffs, | ) ) | |
| v. | ) | Civil Action No.: 1:19-cv-05582-VMC |
| USI INSURANCE SERVICES LLC, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| USI INSURANCE SERVICES LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:20-cv-02490-VMC |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | ) ) | |
| Defendant. | ) ) | |

## <u>NOTICE OF FILING DEFENDANTS' OBJECTIONS</u>
## <u>TO USI'S TESTIMONIAL DESIGNATIONS</u>

Plaintiffs James Taylor Anderson, Robert Dean Anderson, and Roger

Maldonado (the "Former Employees") and Defendant Southeast Series of Lockton

Companies, LLC's ("Lockton," and collectively the "Defendants"), hereby file their

objections to USI's testimonial designations.

## Defendants' Objections to USI's Designations

## Dean Anderson

| *Non-confidential transcript* | | |
|---|---|---|
| 10:3-5 | | |
| 16:25-17:6 | | |
| 17:9-20 | | |
| 19:23-20:8 | | |
| 20:13-21:7 | | |
| 21:10-22:18 | | |
| 23:15-24:20 | | |
| 25:3-11 | | |
| 26:11-29:18 | | |
| 29:21-31:21 | | |
| 32:9-11 | Access to confidential info is not relevant evidence for any claim or damages issue.  Also would be confusing to jury re whether there is claim re confidential info.  402, 403. | |
| 32:14-23 | Access to confidential info is not relevant evidence for any claim or damages issue.  Also would be confusing to jury re whether there is claim re confidential info.  402, 403. | |
| 33:1-10 | Access to confidential info is not relevant evidence for any claim or damages issue.  Also would be confusing to jury re whether there is claim re confidential info.  402, 403. Similarly, payment of business | |

| | | |
|---|---|---|
| | expenses is not relevant for the same reasons.  402, 403. | |
| 33:13-34:15 | Payment of business expenses by Lockton is not relevant evidence for any claim or damages issue.  Also would be confusing to jury re whether there is claim re business expenses. 402, 403. | |
| 34:18 | | |
| 34:23-36:5 | | |
| 36:18-10 | | |
| 38:14-39:21 | | |
| 40:20-44:12 | | |
| 44:16-45:2 | | |
| 45:15-47:4 | | |
| 47:9-48:8 | | |
| 48:11-51:7 | Form objection asserted and maintained at 51:5-7.  Question is ambiguous as to what is meant by "authority" in the group.  Authority to do what? | |
| 51:13-52:18 | Answer to question wrongfully omitted at 51:10-11.  Rule of completeness. | |
| 52:21-53:1 | | |
| 53:4-54:5 | | |
| 54:8-9 | | |
| 54:13-55:13 | | |
| 55:16-59:1 | | |
| 59:7-60:9 | | |
| 61:6-9 | | |
| 61:12-17 | | |
| 61:20-62:19 | | |
| 63:5-66:10 | | |
| 67:11-68:21 | Objection to 68:14 – 70:19 under Rules 402 and 403 because no claim exists for breach of Conflict of | |

| | | |
|---|---|---|
| | Interest clause in agreement, and because breach of loyalty clause already established.  Testimony will confuse jury regarding what claims exist and do not exist. | |
| 68:25 | Objection to 68:14 – 70:19 under Rules 402 and 403 because no claim exists for breach of Conflict of Interest clause in agreement, and because breach of loyalty clause already established.  Testimony will confuse jury regarding what claims exist and do not exist. | |
| 69:12-71:10 | Objection to 68:14 – 70:19 under Rules 402 and 403 because no claim exists for breach of Conflict of Interest clause in agreement, and because breach of loyalty clause already established.  Testimony will confuse jury regarding what claims exist and do not exist. | |
| 71:22-74:3 | | |
| 74:6-10 | | |
| 74:12-18 | | |
| 74:21-76:3 | | |
| 76:13-77:22 | | |
| 77:25-78:9 | | |
| 78:23-79:10 | | |
| 79:16-80:15 | | |
| 81:6-81:23 | | |

| | | |
|---|---|---|
| 82:6-83:11 | | |
| 83:20-86:20 | Answer to question wrongfully omitted at 86:21.  Rule of completeness. | |
| 86:24-87:17 | | |
| 87:20-88:4 | Testimony should be added from 88:5 – 89:7 to complete testimony re Sterling and reason for considering other jobs.  Rule of | |

| | | |
|---|---|---|
| | completeness. | |
| 89:8-96:3 | | |
| 96:10 | | |
| 96:14-105:7 | | |
| 105:20-106:4 | | |
| 106:5-110:6 | Object to testimony at 107:13-109:14 because testimony re family dispute about advice-giving is not relevant and is more prejudicial than probative. Rules 402 & 403. Not relevant to any claim or damages issue in the case. Also, answer omitted improperly so Rule of Completeness requires adding testimony at 110:7-16. | |
| 110:17-122:18 | | |
| 122:24-124:25 | | |
| 125:4-23 | | |
| 126:3-129:6 | | |
| 129:9-130:22 | Rule of Completeness requires including short colloquy between counsel that clarified question to which witness responded.  Add testimony at 130:23 – 131:2. | |
| 131:4-22 | | |
| 131:25 | | |
| 132:11-133:7 | Question at 133:4-7 was withdrawn by counsel who asked another question before witness could answer.  Withdrawn question should be excluded under 402, 403. | |
| 133:11-140:23 | | |
| 141:3-9 | | |
| 141:16-20 | | |
| 143:16-146:4 | 145:8 – 146:4 – improper testimony about damages indemnity should be precluded by collateral source rule. | |
| 146:12-21 | | |
| 146:24-147:1 | | |
| 147:3-23 | | |
| 148:1-150:12 | | |
| 150:22-151:24 | | |

| | | |
|---|---|---|
| 152:2-155:15 | 152:2-154:3, ex. 165 – 402 questions re Lockton covenants with employees are not relevant or related to any claim or damages issues. | |
| 155:18-163:20 | | |
| 164:5-165:24 | Testimony at 165:21 – 166:1 should be excluded because the question lacks foundation (R. 602) and assumes facts not in evidence.  Further, witness's awareness is not relevant, 402. | |
| 166:1 | | |
| 166:8-13 | | |
| 166:24-168:20 | Testimony at 166:24 – 167:3 should be excluded because the question lacks foundation (R. 602) and assumes facts not in evidence.  Further, witness's awareness is not relevant, 402. | |
| 168:23 | 171:4-172:18, exhibit 151 should be excluded because Patel's activities are not relevant to a claim or damages issues and suggestions of improper conduct by Patel would be unduly prejudicial to defendants. 401 & 403 | |
| 171:4-172:18 | | |
| 172:21-22 | Testimony at 172:21-173:21 and exhibit 173 should be excluded because Patel's activities are not relevant to a claim or damages issues and suggestions of improper conduct by Patel would be unduly prejudicial to defendants.  401 & 403 | |
| 173:1-174:10 | | |

| | | |
|---|---|---|
| 175:16-22 | | |
| 179:20-188:4 | | |
| 188:7-191:2 | 188:14 - 191:2 testimony should be excluded because whether and to what extent counsel assisted in drafting letter is not relevant under 402 or should be excluded under 403. | |
| 191:23-193:12 | 188:14 - 191:2 testimony should be excluded because whether and to what extent counsel assisted in drafting letter is not relevant under 402 or should be excluded under 403. | |
| 194:9-11 | | |
| 194:13-195:8 | | |
| 195:11-196:6 | | |
| 196:14-197:9 | | |
| 197:15-198:5 | | |
| 198:10-20 | | |
| 198:25-199:21 | | |
| 199:25-203:9 | | |
| 203:25-204:6 | | |
| 204:9-15 | | |
| 204:21-25 | | |
| 205:4-207:21 | Testimony at 206:11 - 207:5 should be excluded because testimony re attorney representation of co-defendants is not relevant under 402 or should be excluded under 403.<br>Testimony at 207:16 – 209:7 regarding the claims asserted by the former employees in a Declaratory Judgment Act lawsuit is not related to any claim or damages issue and thus is not relevant under 402 or should be excluded under 403. | |
| 208:2-11 | | |
| 208:15-210:12 | | |
| 210:16-211:9 | Testimony at 210:9-12 should be excluded because it assumes facts not in evidence regarding an incorrect date for Patel's resignation and there is no foundation (R. 602) for the question. | |

| | |
|---|---|
| 211:12-218:22 | |
| 218:25-219:22 | |
| 219:25-220:9 | Testimony from 220:3 – 221:18 should be excluded because counsel is badgering the witness and asking the same question repeatedly; testimony should also be excluded as asked & answered. |
| 220:14-19 | Testimony from 220:3 – 221:18 should be excluded because counsel is badgering the witness and asking the same question repeatedly; testimony should also be excluded as asked & answered. |
| 220:22-221:16 | Testimony from 220:3 – 221:18 should be excluded because counsel is badgering the witness and asking the same question repeatedly; testimony should also be excluded as asked & answered. |
| 221:18-222:16 | |
| 222:19-223:6 | |
| 223:9-226:16 | |
| 226:19 | |
| 227:4-16 | |
| 228:1-230:23 | |
| 231:2-10 | Counsel's clarifying objection at 231:12-15 should be included for completeness because it clarifies the context of the question and confirms that the witness was not asked about privileged communications. |
| 231:17-234:11 | 232:15-233:16 – improper/misleading Q continuing agreement to terms and starting employment |
| 234:23-243:7 | |
| 243:17-21 | |
| 244:1-246:19 | Testimony at 246:15-19 re Manoj Sharma's licensing status should be excluded for lack of foundation (R. 602), no relevance under 402, and prejudice under 403. |
| | Testimony from 247:1 – 255:23 should be included regarding witnesses time living and working in Charlotte NC under the Rule of Completeness given the extensive testimony included in the examination regarding those |

|  | subjects. |  |
|---|---|---|
| 255:24-256:4 | Testimony at 256:5-22 should be included pursuant to the Rule of Completeness. |  |

| 258:3-10 |  |  |
|---|---|---|
| 258:14-15 | Testimony from 258:22 – 259:19 should be included pursuant to the Rule of Completeness. |  |
| 260:12-261:5 | Testimony from 261:13 – 262:12 should be included pursuant to the Rule of Completeness. |  |
| 263:10-20 |  |  |
| 264:1-265:5 |  |  |
| 265:8-266:17 | This testimony and Ex. 152 should be excluded under Rule 402 as not relevant to any claim or damages issue. |  |
| 266:24-268:4 |  |  |
| 268:21-271:16 | Testimony at 269:22 – 271:16 should be excluded because lunch with underwriters, who are not clients, is not relevant to any claim or damages issue, 402; and if minimally relevant the untrue implication that underwriters are clients makes the testimony inadmissible under Rule 403. |  |
| 271:19-273:2 | Testimony at 271:19-273:2 should be excluded because lunch with underwriters, who are not clients, is not relevant to any claim or damages issue, 402; and if minimally relevant the untrue implication that underwriters are clients makes the testimony inadmissible under Rule 403. |  |
| 273:9-274:14 | Testimony at 273:9-274:14 should be excluded because lunch with underwriters, who are not clients, is not relevant to any claim or damages issue, 402; and if minimally relevant the untrue implication that underwriters are clients makes the testimony inadmissible under Rule 403. |  |
| 275:9-278:6 |  |  |

| | | |
|---|---|---|
| 278:9-279:24 | Counsel's objection at 279:25 must be included to give context for why witness did not answer/counsel withdrew question immediately prior to the objection.  Rule of Completeness. | |
| 280:2-5 | | |
| 280:7-10 | | |
| 280:14 | | |
| 280:20-282:1 | This testimony should be excluded because it relates only to communications with clients after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 282:4-12 | This testimony should be excluded because it relates only to communications with clients after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 282:15-283:10 | This testimony should be excluded because it relates only to communications with clients after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. Additionally, Ex. 207 should be excluded because it is internal client communication that does not include a party and there is no foundation (R. 602) for it, it is hearsay 802, and not relevant under 402. | |
| 283:13-284:7 | This testimony should be excluded because it relates only to communications with clients after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 284:16-20 | | |
| 284:23-288:25 | | |

| | | |
|---|---|---|
| 289:3-290:14 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 290:17-291:20 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 291:23 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 292:3-293:8 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 293:11-296:17 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 297:11-298:6 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 298:9-299:7 | This testimony should be excluded because it relates only to communications with client | |

| | | |
|---|---|---|
| | after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 299:10 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 299:15-18 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 299:24-300:12 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 300:15-24 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 301:2-302:9 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 302:14-303:1 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not | |

| | impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
|---|---|---|
| 304:6-306:5 | Testimony at 306:7-14 should be included pursuant to Rule of Completeness. | |
| 306:15-23 | | |
| 307:1-308:1 | Testimony at 308:2-6 should be included pursuant to Rule of Completeness. Also, this testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims.  Testimony should be excluded under 402 & 403. | |
| 308:9-24 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 309:2-3 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 309:6-15 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 309:18-310:1 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |

| | | |
|---|---|---|
| 310:4-15 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 310:18-311:2 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 311:5-15 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 311:18-312:1 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 312:4-313:1 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 313:16-314:17 | This testimony should be excluded because it relates only to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony should be excluded under 402 & 403. | |
| 314:21-315:3 | | |

| | | |
|---|---|---|
| 315:9-317:3 | | |
| 317:24-318:3 | | |
| 318:10-322:2 | Colloquy at 318:4-8 should be included because USI's counsel marked the original exhibit and jury should understand that markings were not on the original records. | |
| 322:5-8 | | |
| 322:19-24 | | |
| 323:2 | | |
| 323:6-21 | Exhibit 166 and accompanying testimony should be excluded due to lack of foundation R 602 because the witness does not know its origin or source; and the witness disclaimed knowledge of whether the list was "his". This testimony and Ex. 166 also should be excluded under 401 & 403 because any contact list of the witness from his employment with USI was removed from witness's phone prior to resignation from USI and thus he never possessed the list at any time relevant to the claims or damages issues in this case. | |
| 325:15-328:8 | Question at 326:20 – 25 should be excluded due to lack of foundation (R. 602) and assumes facts not in evidence.  402 & 403. | |
| 328:11-20 | Testimony and Ex. 23 – should be excluded as hearsay under 802 and no foundation under 602. | |
| 328:23-329:10 | Testimony and Ex. 39 – should be excluded as hearsay under 802 and no foundation under 602 | |
| 329:13-330:2 | | |
| 330:5-21 | Testimony and Ex. 53 should be excluded because it relates to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony and exhibit should be excluded under 402 & 403. | |

| 331:7-23 | Testimony and Ex. 90 should be excluded because it relates to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony and exhibit should be excluded under 402 & 403.. | |
| 332:7-333:2 | Testimony and Ex. 91 should be excluded because it relates to communications with client after the client moved its business to Lockton, and thus the testimony could not impact USI's liability or damages claims. Testimony and exhibit should be excluded under 402 & 403. | |
| 333:5-337:7 | Testimony at 337:3-7 should be excluded because it lacks foundation under 602 and assumes facts not in evidence | |
| 337:8-339:5 | Testimony at 337:8-339:25 should be excluded under 401 & 403 because this intra-family conflict between father and son is not relevant to any claim or damages issues in the case, and is more prejudicial than probative under 403. | |
| 339:10-339:25 | Testimony at 337:8-339:25 should be excluded under 401 & 403 because this intra-family conflict between father and son is not relevant to any claim or damages issues in the case, and is more prejudicial than probative under 403. | |

## **Tim Cantrell**

| USI's Designations | Objection(s) | Response |
| --- | --- | --- |
| 10:12-13 | | |
| 11:6-7 | | |
| 16:24-18:12 | | |
| 18:19-19:6 | | |
| 19:9-24:17 | | |
| 24:24-25:22 | | |

| | | |
|---|---|---|
| 26:1-27:14 | | |
| 27:19-23 | | |
| 28:9-28:13 | | |
| 28:16-30:11 | | |
| 30:15-31:7 | | |
| 31:10-32:2 | | |
| 32:21-22 | | |
| 32:25-35:25 | | |
| 36:18-38:1 | | |
| 38:12-25 | | |
| 39:6-16 | | |
| 39:20-23 | | |
| 40:3-20 | | |
| 40:24-41:11 | | |
| 41:15-41:25 | | |
| 42:9-11 | | |
| 42:14 | | |
| 42:16-43:25 | | |
| 43:6-45:9 | | |
| 45:13-46:5 | | |
| 46:19-23 | | |
| 49:5-7 | | |
| 49:11-50:18 | | |
| 51:2-3 | | |
| 51:7-20 | | |
| 51:25-53:10 | | |
| 53:22-54:7 | | |
| 55:2-16 | | |
| 55:19-56:2 | | |
| 56:7-58:15 | | |
| 58:19-61:2 | 59:20-60:5     Hearsay     and relevance- the document includes language from a third party incorrectly stating the nature of a non compete. | |
| 61:6-62:21 | | |

| | | |
|---|---|---|
| 62:25-65:4 | | |
| 65:8-66:5 | 65:8-17 lack of foundation | |
| 66:9-67:3 | | |
| 67:7-67:19 | | |
| 67:23-68:4 | | |
| 68:9-20 | | |
| 68:24-69:9 | | |
| 69:13-70:5 | | |
| 70:9-70:20 | | |
| 70:25-71:3 | | |
| 71:7-18 | | |
| 71:22-72:3 | | |
| 72:6-73:7 | | |
| 73:11-74:1 | | |
| 74:4-74:20 | | |
| 74:23-75:7 | | |
| 75:18-77:2 | | |
| 86:12-13 | | |
| 86:17-21 | | |
| 86:25-87:24 | | |
| 88:3-89:18 | | |
| 89:21-90:13 | | |
| 91:20-21 | | |
| 91:25-92:11 | | |
| 92:14-93:1 | | |
| 101:2-4 | | |
| 101:8-18 | | |
| 102:3-15 | | |
| 102:20-103:9 | | |
| 103:14-104:8 | | |
| 104:11-12 | | |
| 105:13-20 | | |
| 106:6-14 | | |
| 106:18-107:5 | | |
| 107:24-108:2 | | |
| 109:14-15 | | |

| | | |
|---|---|---|
| 109:19-111:11 | | |
| 111:15-112:7 | | |
| 112:10-113:8 | | |
| 114:5-10 | | |
| Exhibit 3 | Lack of Foundation | |
| Exhibit 10 | | |
| Exhibit 11 | Lack of Foundation | |
| Exhibit 12 | Lack of Foundation | |
| Exhibit 13 | Lack of Foundation | |
| Exhibit 14 | | |
| Exhibit 15 | | |
| Exhibit 16 | Lack of Foundation | |
| Exhibit 17 | Lack of Foundation | |
| Exhibit 19 | Hearsay. | |
| Exhibit 20 | | |
| Exhibit 22 | | |
| Exhibit 26 | | |
| Exhibit 29 | | |
| Exhibit 30 | | |
| Exhibit 31 | | |
| Exhibit 32 | | |
| Exhibit 35 | | |
| Exhibit 36 | | |
| Exhibit 40 | | |
| Exhibit 44 | | |
| Exhibit 45 | | |
| Exhibit 50 | | |
| Exhibit 59 | | |
| Exhibit 63 | | |
| Exhibit 64 | | |
| **USI's COUNTER DESIGNATIONS** | | |
| 132:9-133:20 | | |
| 135:5-136:8 | Relevance | |
| 138:22-139:1 | Relevance | |
| 139:6 | Relevance | |

| 146:23-25 | Relevance; lack of foundation | |
|---|---|---|
| 147:6-8 | | |
| 147:18-23 | | |

Linda Jagger

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 9:5-7 | | |
| 11:19-24 | | |
| 12:13-19 | | |
| 31:8-15 | | |
| 31:22-32:6 | Relevance.    The  texts  has  no relationship to any disputed issue in this matter. | |
| 32:12-33:3 | Relevance.    The  texts  has  no relationship to any disputed issue in this matter. | |
| 34:17-22 | Relevance.    The  texts  has  no relationship to any disputed issue in this matter. | |
| 37:16-22 | | |
| 40:15-17 | | |
| 41:5-13 | | |
| 42:12-43:1 | | |
| 43:20-25 | | |
| 47:11-12 | Relevance.   Overall  revenue  of  a third party is not at issue. | |
| 48:7-22 | Relevance through line 17.  Overall revenue of a third party is not at issue. | |
| 49:5-7 | | |
| 49:15-17 | | |
| 50:23-51:5 | | |
| 51:11 | | |
| 52:8-11 | | |
| 52:15-23 | | |

| | | |
|---|---|---|
| 53:6-10 | | |
| 55:16-18 | | |
| 60:10-61:2 | 60:24-61:10 Leading | |
| 61:9-63:6 | | |
| 63:9-21 | Answer is cut off and should extend to line 25. | |
| 64:16-65:1 | | |
| 65:10-18 | | |
| 66:9-23 | | |
| 67:2 | | |
| 67:12-23 | 67:12-19.  Relevance:  Gross cost of insurance is not relevant. | |
| 68:3-12 | | |
| 68:15-69:1 | | |
| 69:12-71:23 | | |
| 72:2-73:2 | | |
| 76:10-12 | Leading | |
| 76:15-77:5 | 76:15 -16 Response is to a leading question. | |
| 77:25-80:8 | | |
| 80:22-81:10 | | |
| 81:21-82:5 | | |
| 84:11-87:8 | | |
| 90:23-92:7 | 91:9-14 Hearsay. | |
| 92:10-93:14 | 92:21-93:6 Hearsay | |
| 93:18-24 | | |
| 95:4-7 | | |
| 95:13-97:1 | | |
| 97:5-17 | | |
| 97:21 | | |
| 98:11-104:19 | 98:11-16 Hearsay | |
| 104:22-25 | | |
| 105:4-16 | | |
| 105:20-106:2 | | |
| 106:6-107:6 | 106:7-15 Hearsay | |
| 107:9-21 | | |

| | | |
|---|---|---|
| 107:25-108:10 | | |
| 108:23-25 | | |
| 109:4-9 | | |
| 109:13-110:4 | | |
| 110:12 | | |
| 111:6-19 | | |
| 111:24-112:10 | | |
| 112:14-113:8 | | |
| 113:13-17 | | |
| 113:22-114:18 | | |
| 115:4-14 | | |
| 115:16-21 | 115:19-25 Leading | |
| 115:25-120:2 | 115:25-3 Leading | |
| 120:6-13 | | |
| 120:20-121:7 | | |
| 122:3-24 | | |
| 123:5-124:3 | | |
| 124:7-16 | 124:13-21 leading | |
| 124:21-25 | 124:22-25-125:10 leading | |
| 125:10-126:24 | | |
| 127:3-17 | | |
| 128:7-18 | | |
| 130:7-10 | | |
| 130:14 | | |
| 132:7-11 | | |
| 132:15-18 | | |
| 132:22-134:12 | 133:21-134:12.    Leading, lack of foundation, hearsay. | |
| 135:9-18 | | |
| 135:22-137:4 | 135:17-22 Leading | |
| 140:2-141:5 | 141:4-11 Leading | |
| 141:11 | Leading | |
| 141:16-142:3 | 142:1-7 Leading | |
| 142:7-143:11 | | |
| 143:15-145:12 | 143:9- | |
| 145:16-146:13 | | |

| | | |
|---|---|---|
| 146:17-147:19 | 146:12-12-20 Leading | |
| 148:1-150:14 | | |
| 150:18-152:8 | 152:7-12 Leading | |
| 152:12-153:1 | | |
| 153:6-154:17 | | |
| 154:25-155:6 | | |
| 155:10-23 | | |
| 156:2-160:6 | | |
| 160:10-162:18 | | |
| 162:22-24 | | |
| 163:18-168:3 | | |
| 168:9-171:9 | | |
| 171:13-173:5 | 173:6-8 must be included. | |
| 173:9-10 | | |
| 173:14-174:9 | | |
| 174:16-175:12 | | |
| 177:16-19 | | |
| 177:23-178:3 | | |
| 179:5-181:5 | | |
| 181:9 | | |
| 182:15-183:7 | | |
| 183:11-187:10 | | |
| 189:16-190:4 | | |
| 191:10-192:5 | | |
| 192:19-193:4 | | |
| 193:9-195:4 | 194:17-21 relevance/hearsay. | |
| 195:15-196:16 | | |
| 215:13-217:6 | | |
| 219:2-23 | | |
| 220:4-17 | | |
| 220:21-221:22 | 220:14-21 leading | |
| 229:20-230:3 | Relevance.  That this witness does not know the answer to counsel's questions is not relevant to any issue in dispute. | |
| 230:7-9 | | |

| | | |
|---|---|---|
| 231:4-6 | | |
| 231:16-233:4 | | |
| 233:8-14 | | |
| 233:18-234:14 | | |
| 235:7-10 | | |
| 235:14-17 | | |
| 236:1-4 | | |
| Exhibit 2 | Relevance. The texts has no relationship to any disputed issue in this matter. | |
| Exhibit 3 | Relevance. The texts has no relationship to any disputed issue in this matter. | |
| Exhibit 4 | | |
| Exhibit 6 | | |
| Exhibit 7 | | |
| Exhibit 11 | | |
| Exhibit 12 | Lack of foundation, cumulative | |
| Exhibit 13 | | |
| Exhibit 14 | | |
| Exhibit 15 | | |
| Exhibit 16 | | |
| Exhibit 19 | | |
| Exhibit 20 | | |
| Exhibit 21 | | |
| Exhibit 22 | | |
| Exhibit 23 | | |
| Exhibit 25 | | |
| Exhibit 27 | | |
| Exhibit 29 | | |
| Exhibit 30 | | |
| Exhibit 31 | | |
| Exhibit 32 | | |
| Exhibit 35 | | |
| Exhibit 36 | | |
| Exhibit 38 | | |

| Exhibit 42 | | |
|---|---|---|
| Exhibit 44 | | |
| Exhibit 45 | | |
| Exhibit 61 | | |
| Exhibit 64 | Lack of foundation | |
| Exhibit 68 | Lack of foundation | |
| Exhibit 69 | Lack of foundation | |
| Exhibit 70 | | |

Rikin Patel

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 10:23-11:1 | | |
| 13:23-14:3 | | |
| 14:13-18 | Relevance | |
| 21:18-22:9 | Relevance | |
| 22:24-25 | | |
| 23:25-24:12 | | |
| 25:18-26:1 | | |
| 26:16-27:6 | | |
| 29:9-17 | | |
| 31:4-6 | | |
| 31:23-9 | | |
| 32:16-22 | | |
| 33:20-34:9 | | |
| 34:19-22 | | |
| 34:25-35:3 | | |
| 35:6-37:12 | | |
| 37:15-18 | | |
| 37:21 | | |
| 43:1-44:10 | | |
| 44:21-23 | | |
| 45:2 | | |
| 45:6-46:4 | | |

| | | |
|---|---|---|
| 46:7 | | |
| 47:2-10 | | |
| 47:13 | | |
| 47:22-48:2 | | |
| 48:12-15 | | |
| 49:5-13 | | |
| 50:25-51:12 | Relevance | |
| 51:24-52:15 | Relevance | |
| 53:2-16 | Relevance | |
| 53:25-54:5 | | |
| 61:12-14 | | |
| 61:20 | | |
| 61:23 | | |
| 63:11-14 | | |
| 63:20-64:1 | | |
| 64:22-65:3 | | |
| 65:10-11 | | |
| 65:14-19 | | |
| 65:21 | | |
| 66:4-14 | | |
| 67:6-11 | | |
| 67:13 | | |
| 69:6-15 | Relevance | |
| 69:20-70:9 | Relevance | |
| 74:5-11 | | |
| 74:15-25 | | |
| 76:18-19 | | |
| 76:22-23 | | |
| 77:14-78:10 | | |
| 78:16-18 | | |
| 78:25-80:7 | | |
| 80:10-81:14 | | |
| 81:22-25 | | |
| 82:2 | | |
| 83:8-13 | | |
| 83:16-84:3 | | |

| | | |
|---|---|---|
| 84:15-16 | | |
| 84:18-85:12 | | |
| 85:18-21 | | |
| 87:14-16 | | |
| 87:19-88:4 | | |
| 88:7-22 | | |
| 88:25-89:5 | | |
| 89:8-11 | | |
| 89:14-18 | | |
| 89:21-24 | | |
| 91:12-24 | | |
| 92:15-16 | | |
| 92:19-22 | | |
| 92:25-93:20 | | |
| 95:7-96:17 | | |
| 96:19-97:1 | | |
| 97:4-25 | | |
| 98:19-21 | | |
| 98:23 | | |
| 99:3-7 | | |
| 99:9-10 | | |
| 100:3-6 | | |
| 100:15-101:4 | | |
| 101:13-21 | | |
| 101:24 | | |
| 102:1-7 | | |
| 102:10:14 | | |
| 103:20-23 | | |
| 104:7-22 | | |
| 104:25-105:7 | | |
| 105:12-16 | | |
| 105:19-23 | | |
| 106:1-14 | | |
| 106:24-107:6 | | |
| 107:9-108:16 | | |
| 108:19-24 | | |

| | | |
|---|---|---|
| 109:2-9 | | |
| 109:5-9 | | |
| 109:11-21 | | |
| 110:13-19 | | |
| 110:21-25 | | |
| 111:3-6 | | |
| 111:9-13 | | |
| 111:15 | | |
| 112:9-13 | | |
| 112:15-16 | | |
| 112:18-19 | | |
| 112:21 | | |
| 112:25-113:5 | | |
| 113:8-9 | | |
| 114:20-22 | Relevance | |
| 114-25:115-1 | Relevance | |
| 115:23-25 | | |
| 116:3-9 | Relevance | |
| 116:12-23 | Relevance | |
| 118:20-119:1 | Relevance | |
| 119:21-23 | Relevance | |
| 120:1-4 | Relevance | |
| 120:16-121:12 | Relevance | |
| 121:16-122:10 | Relevance | |
| 122:13 | Relevance | |
| 123:9-14 | Relevance | |
| 123:16 | Relevance | |
| 124:4-12 | Relevance; Fed. R. Evid. 403 | |
| 124:15-20 | Relevance; Fed. R. Evid. 403 | |
| 125:8-17 | Relevance | |
| 126:7-11 | Relevance | |
| 126:14 | | |
| 126:18-127:12 | Relevance | |
| 127:19-128:3 | Relevance | |
| 129:7-12 | | |
| 129:14 | | |

| | | |
|---|---|---|
| 129:16-18 | | |
| 129:21-130:18 | | |
| 130:20 | | |
| 132:2-9 | Relevance; asked and answered | |
| 132:15-17 | Relevance | |
| 132:20-25 | Relevance | |
| 133:3-134:11 | Relevance | |
| 134:18-135:20 | Relevance | |
| 135:23-136:1 | | |
| 136:6-7 | | |
| 136:11-138:5 | Relevance; Fed. R. Evid. 403 | |
| 138:8-11 | Relevance; Fed. R. Evid. 403 | |
| 138:14-139:5 | Relevance; Fed. R. Evid. 403 | |
| 141:12-142:8 | Relevance; Fed. R. Evid. 403 | |
| 142:19-23 | Relevance; Fed. R. Evid. 403 | |
| 143:13-15 | Relevance; Fed. R. Evid. 403 | |
| 146:1-9 | Relevance; Fed. R. Evid. 403 | |
| 147:10-16 | Relevance; Fed. R. Evid. 403 | |
| 147:19-24 | Relevance; Fed. R. Evid. 403 | |
| 148:9-150:5 | Relevance; Fed. R. Evid. 403 | |
| 150:10-13 | Relevance; Fed. R. Evid. 403 | |
| 150:16-151:6 | Relevance; Fed. R. Evid. 403 | |
| 151:19-152:1 | Relevance; Fed. R. Evid. 403 | |
| 154:11-155:9 | Relevance | |
| 157:1-14 | Relevance; Fed. R. Evid. 403 | |
| 158:18-21 | Relevance; Fed. R. Evid. 403 | |
| 158:25 | | |
| 159:6-8 | Relevance; Fed. R. Evid. 403 | |
| 159:14-16 | Relevance; Fed. R. Evid. 403 | |
| 159:19-22 | Relevance; Fed. R. Evid. 403 | |
| 159:25 | | |
| 160:2-4 | Relevance; Fed. R. Evid. 403 | |
| 161:8-162:4 | Relevance; Fed. R. Evid. 403 | |
| 162:7-25 | | |
| 163:3-4 | Relevance; Fed. R. Evid. 403 | |
| 163:15-19 | Relevance; Fed. R. Evid. 403 | |

| | | |
|---|---|---|
| 164:20-165:1 | Relevance; Fed. R. Evid. 403 | |
| 165:4-166:3 | Relevance; Fed. R. Evid. 403 | |
| 166:6-23 | Relevance; Fed. R. Evid. 403 | |
| 167:1-10 | Relevance; Fed. R. Evid. 403 | |
| 167:13-18 | Relevance; Fed. R. Evid. 403 | |
| 167:21-22 | Relevance; Fed. R. Evid. 403 | |
| 168:12-169:7 | Relevance; Fed. R. Evid. 403 | |
| 169:10-171:14 | Relevance; Fed. R. Evid. 403 | |
| 171:20-172:11 | Relevance; Fed. R. Evid. 403 | |
| 173:22-174:18 | Relevance; Fed. R. Evid. 403 | |
| 174:21-175:25 | Relevance; Fed. R. Evid. 403 | |
| 176:3-8 | Relevance; Fed. R. Evid. 403 | |
| 176:12-23 | Relevance; Fed. R. Evid. 403 | |
| 177:13-24 | Relevance; Fed. R. Evid. 403 | |
| 178:2-6 | Relevance; Fed. R. Evid. 403 | |
| 178:10-11 | Relevance; Fed. R. Evid. 403 | |
| 178:14-179:8 | Relevance; Fed. R. Evid. 403 | |
| 179:12-20 | | |
| 179:23-181:2 | | |
| 181:7-14 | | |
| 182:5-6 | Relevance; Fed. R. Evid. 403 | |
| 182:11-23 | Relevance; Fed. R. Evid. 403 | |
| 183:17-184:6 | Relevance; Fed. R. Evid. 403 | |
| 184:9-18 | Relevance; Fed. R. Evid. 403 | |
| 185:21-24 | Relevance; Fed. R. Evid. 403 | |
| 186:12-22 | | |
| 186:25-187:6 | Relevance; Fed. R. Evid. 403 | |
| 187:13-15 | Relevance; Fed. R. Evid. 403 | |
| 187:20-188:1 | | |
| 188:9-11 | | |
| 188:14-17 | | |
| 188:20-24 | | |
| 189:6-8 | | |
| 189:12-14 | | |
| 189:19-24 | | |
| 190:3-15 | | |

| | | |
|---|---|---|
| 191:1-5 | | |
| 191:8-16 | | |
| 191:19 | | |
| 191:23-192:7 | | |
| 192:10-23 | | |
| 193:1-3 | | |
| 193:7-11 | | |
| 193:14-23 | | |
| 194:1-8 | | |
| 194:11-16 | | |
| 194:21 | | |
| 195:9-11 | | |
| 195:14-15 | | |
| 195:23-196:1 | | |
| 196:23-197:11 | | |
| 197:14-17 | | |
| 198:14-19 | | |
| 199:4-200:12 | | |
| 201:8-23 | | |
| 202:21-203:20 | | |
| 204:1-13 | | |
| 204:21-205:6 | | |
| 205:10-14 | | |
| 205:20-206:12 | | |
| 207:16-17 | | |
| 207:21-208:7 | | |
| 208:13-22 | | |
| 208:25-209:16 | | |
| 210:3-18 | | |
| 211:25-212:3 | | |
| 212:7-10 | | |
| 213:8-9 | | |
| 213:15-23 | | |
| 214:1-21 | 214:17-21; 214:24-215:10 - Relevance; Fed. R. Evid. 403 | |
| 214:24-215:10 | | |

| | | |
|---|---|---|
| 215:18-216:10 | | |
| 216:15 | | |
| 217:2-3 | Relevance | |
| 217:16-218:2 | Relevance | |
| 218:6 | | |
| 218:16-219:21 | | |
| 219:25-220:14 | | |
| 220:17-18 | | |
| 220:22-222:20 | | |
| 222:24-223:7 | | |
| 223:12-13 | | |
| 223:16-224:1 | | |
| 224:19-25 | | |
| 225:4-12 | | |
| 225:19-226:1 | 225:21-25 Relevance | |
| 226:4-23 | 2226:4-10 Relevance; Fed. R. Evid. 403 | |
| 233:17-234:3 | | |
| 234:6-18 | | |
| 234:22-235:3 | | |
| 235:7 | | |
| 236:1-15 | | |
| 236:19-237:5 | | |
| 238:4-16 | | |
| 238:20-239:1 | | |
| 239:11-240:1 | | |
| 241:18-242:3 | | |
| 245:22-25 | Relevance | |
| 246:3 | Relevance | |
| 247:4-7 | | |
| 247:13-23 | Relevance | |
| 248:1-3 | Relevance | |
| 249:12-25 | Relevance | |
| 250:4-8 | Relevance; Fed. R. Evid. 403 | |
| 250:12-251:8 | Relevance; Fed. R. Evid. 403 | |
| 254:8-16 | | |

| | | |
|---|---|---|
| 254:19-255:5 | | |
| 255:8-18 | | |
| 257:6-20 | | |
| 257:23-258:2 | | |
| 258:5-16 | | |
| 258:20-259:8 | | |
| 259:18-24 | | |
| 260:7-10 | | |
| 260:16-262:2 | | |
| 262:6-11 | | |
| 262:19-23 | | |
| 263:2-13 | | |
| 263:16 | | |
| 263:22-264:1 | | |
| 264:16-265:14 | | |
| 265:17-24 | | |
| 266:3-17 | | |
| 275:15-23 | | |
| 276:1-9 | Asked and answered | |
| 278:18-279:1 | Relevance; Fed. R. Evid. 403 | |
| 279:4-10 | Relevance; Fed. R. Evid. 403 | |
| 280:6-17 | Relevance; Fed. R. Evid. 403 | |
| 280:20-281:8 | Relevance; Fed. R. Evid. 403 | |
| 282:5-9 | Relevance | |
| 282:12-15 | Relevance | |
| 282:18-23 | Relevance | |
| 283:3-10 | Relevance | |
| 283:14-284:8 | | |
| 284:12-21 | | |
| 285:17-20 | | |
| 285:24-286:2 | | |
| 286:4 | | |
| 286:24-287:6 | Relevance | |
| 287:11-18 | Relevance | |
| 287:21-22 | Relevance | |
| 288:12-289:4 | | |

| | | |
|---|---|---|
| 289:11-15 | | |
| 289:18-19 | | |
| 290:8-11 | | |
| 290:14 | | |
| 290:20-291:8 | | |
| 291:12-292:20 | | |
| Exhibit 1 | | |
| Exhibit 2 | | |
| Exhibit 3 | | |
| Exhibit 5 | | |
| Exhibit 6 | | |
| Exhibit 7 | | |
| Exhibit 8 | | |
| Exhibit 9 | | |
| Exhibit 12 | | |
| Exhibit 13 | | |
| Exhibit 15 | | |
| Exhibit 16 | | |
| Exhibit 17 | | |
| Exhibit 18 | | |
| Exhibit 19 | | |
| Exhibit 22 | | |
| Exhibit 27 | | |
| Exhibit 30 | | |
| Exhibit 35 | | |
| Exhibit 39 | | |
| Exhibit 40 | | |
| Exhibit 41 | | |
| Exhibit 42 | | |
| Exhibit 46 | | |
| Exhibit 48 | | |
| Exhibit 49 | | |
| Exhibit 50 | | |
| Exhibit 53 | | |
| Exhibit 74 | | |
| Exhibit 83 | | |

| | | |
|---|---|---|
| Exhibit 88 | | |
| Exhibit 98 | | |
| Exhibit 100 | | |
| Exhibit 101 | | |
| Exhibit 102 | | |
| Exhibit 103 | | |
| Exhibit 104 | | |
| Exhibit 105 | | |
| Exhibit 107 | | |
| Exhibit 117 | | |
| Exhibit 124 | | |
| Exhibit 125 | | |
| Exhibit 126 | | |
| Exhibit 127 | | |
| Exhibit 128 | | |
| Exhibit 130 | | |
| Exhibit 140 | | |

Kimberly Grier

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 13:2-4 | | |
| 16:7-9 | | |
| 17:2-4 | | |
| 17:9-21 | | |
| 18:6-19:2 | | |
| 23:4-11 | | |
| 23:23-25 | | |
| 24:16-24 | | |
| 25:21-26:2 | | |
| 28:6-11 | | |
| 29:15-30:16 | | |
| 31:5-17 | | |

| | | |
|---|---|---|
| 32:12-24 | | |
| 33:21-34:7 | | |
| 34:17-35:14 | | |
| 35:21-36:13 | | |
| 37:8-38:1 | | |
| 38:24-39:7 | | |
| 39:18-24 | | |
| 40:24-41:9 | | |
| 41:25-42:4 | | |
| 42:11-12 | | |
| 42:15-25 | | |
| 44:6-25 | | |
| 45:3-6 | | |
| 48:11-14 | | |
| 49:14-51:7 | | |
| 51:16-21 | | |
| 52:1-3 | | |
| 52:18-23 | | |
| 53:1-13 | | |
| 53:18-54:5 | | |
| 54:24-55:1 | | |
| 56:19-57:6 | | |
| 57:20-58:12 | Relevance.  Ms. Fant is not a witness or party | |
| 60:3-6 | | |
| 60:9-15 | | |
| 60:18-24 | | |
| 68:19-22 | | |
| 69:14-25 | Lack of foundation | |
| 71:4-7 | | |
| 71:20 | | |
| 70:24-72:13 | 71:16-72:13 Relevance and FRE403.  Ms. Grier's employment contracts with USI are not at issue. | |

| 72:18-73:14 | Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |
| 73:17-23 | Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |
| 76:16-78:4 | | |
| 78:22-23 | | |
| 79:1-14 | | |
| 79:18-23 | | |
| 80:5-6 | | |
| 80:10-81:10 | | |
| 81:15-22 | | |
| 82:16-23 | | |
| 83:3-5 | | |
| 83:11-84:14 | | |
| 84:19-23 | | |
| 85:2-22 | | |
| 86:4-8 | | |
| 86:11-19 | | |
| 86:22-87:11 | | |
| 87:13-88:10 | | |
| 88:14-89:9 | | |
| 89:13-90:9 | | |
| 92:16-21 | | |
| 93:3-94:15 | | |
| 94:19-24 | | |
| 96:14-16 | | |
| 96:20-23 | | |
| 96:25-97:10 | | |
| 97:14-23 | | |
| 98:1-2 | | |
| 98:6-12 | | |
| 98:14-15 | | |
| 98:20-99:10 | | |
| 99:15-18 | | |

| | | |
|---|---|---|
| 100:21-101:10 | | |
| 101:20-103:21 | | |
| 104:2-10 | | |
| 104:18-107:12 | | |
| 107:23-108:9 | | |
| 108:12 | | |
| 108:25-110:11 | | |
| 110:15-111:14 | | |
| 111:17-112:3 | | |
| 112:6-10 | | |
| 112:16-21 | | |
| 112:23-113:5 | | |
| 113:8-21 | | |
| 114:1-2 | | |
| 114:21-23 | | |
| 115:2-8 | | |
| 115:14-19 | | |
| 115:23 | | |
| 116:12-21 | | |
| 117:1-7 | | |
| 125:3-8 | | |
| 125:11-126:6 | | |
| 126:9-127:4 | | |
| 127:7-23 | | |
| 128:1-25 | | |
| 129:2-11 | | |
| 129:15-19 | | |
| 129:22-131:11 | | |
| 131:15-133:2 | | |
| 133:12-20 | | |
| 133:23-134:10 | | |
| 135:3-6 | | |
| 135:9-19 | | |
| 136:2-138:22 | 138:20 -23 Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |

| | | |
|---|---|---|
| 138:25-140:4 | Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |
| 140:14-21 | | |
| 141:2-11 | | |
| 141:14-142:25 | | |
| 143:3-144:6 | Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |
| 145:18-146:7 | Relevance and FRE403. Ms. Grier's employment contracts with USI are not at issue. | |
| 146:10-15 | | |
| 146:18 | | |
| 147:8-148:2 | | |
| 148:9-10 | | |
| 148:15-18 | | |
| 148:22-150:15 | | |
| 150:20-153:3 | | |
| 153:6-157:1 | | |
| 157:4-158:4 | | |
| 158:7-159:8 | | |
| 164:23-165:20 | | |
| 165:22-166:10 | | |
| 167:5-168:11 | | |
| 168:24-169:14 | | |
| 171:1-4 | | |
| 171:10-13 | | |
| 171:19-172:6 | | |
| 172:9-17 | | |
| 172:22-173:18 | | |
| 173:23-174:6 | | |
| 174:9-21 | | |
| 174:24-175:11 | | |
| 175:14-19 | | |
| 175:22-176:8 | | |
| 178:14-15 | | |

| | | |
|---|---|---|
| 178:19-179:12 | | |
| 180:6 | Relevance and 403. No claim for theft of confidential information exists/ | |
| 180:9-181:21 | Relevance and 403. No claim for theft of confidential information exists | |
| 182:15-183:9 | Relevance and 403. No claim for theft of confidential information exists | |
| 185:12-186:7 | | |
| 187:1-187:21 | | |
| 187:24-189:3 | | |
| 189:18-190:1 | | |
| 190:10-13 | | |
| 190:17-22 | | |
| 191:4-14 | | |
| 192:8-193:2 | | |
| 193:9-16 | | |
| 194:6-11 | | |
| 194:14-195:10 | | |
| 195:13-18 | | |
| 195:21-196:25 | | |
| 197:25-198:3 | | |
| 198:6-9 | | |
| 200:1-22 | Lack of foundation, hearsay and relevance. | |
| 201:4-17 | Lack of foundation, hearsay | |
| 202:3-10 | Hearsay | |
| 202:13-22 | Hearsay | |
| 202:25-203:8 | Hearsay, lack of foundation | |
| 203:11 | Hearsay lack of foundation | |
| 204:2-20 | Hearsay | |
| 205:6-21 | | |
| 207:12-25 | | |

| | | |
|---|---|---|
| 208:4-13 | Lack of foundation and relevance. The Witnesses lack of knowledge is not relevant to any issue in this case. | |
| 208:17 | Lack of foundation and relevance. The Witnesses lack of knowledge is not relevant to any issue in this case. | |
| 209:5-7 | | |
| 212:16-20 | | |
| 212:23-213:3 | | |
| 213:18-21 | | |
| 213:24-214:24 | | |
| 215:5-18 | | |
| 217:18-21 | | |
| 217:23-24 | | |
| 218:3-13 | | |
| 222:13-14 | | |
| 222:17-223:9 | Relevance and 403. The loss of a contacts has no relevance to any issue in this case, and there is not claim or allegation of spoliation. | |
| 225:12-18 | | |
| 225:21-226:14 | | |
| 226:19-228:9 | Relevance and 403. There is no claim or argument of any violation of restrictive covenants by Ms. Grier. | |
| 238:16-19 | | |
| 238:22 | | |
| 243:1-4 | Relevance. | |
| 243:7-21 | | |
| 243:25-245:12 | | |
| 245:15-19 | | |
| 246:12 | | |
| 246:15-247:7 | | |
| 247:15-23 | | |
| 249:20-250:3 | | |
| 250:6-251:4 | Hearsay | |
| 251:8 | | |

| | | |
|---|---|---|
| 255:5-7 | | |
| 255:10-16 | | |
| 256:2-256:7 | | |
| Exhibit 1 | | |
| Exhibit 4 | Lack of foundation | |
| Exhibit 5 | | |
| Exhibit 6 | | |
| Exhibit 8 | | |
| Exhibit 13 | | |
| Exhibit 14 | | |
| Exhibit 15 | | |
| Exhibit 16 | Relevance and FRE403.  Ms. Grier's employment contracts with USI are not at issue. | |
| Exhibit 17 | | |
| Exhibit 18 | | |
| Exhibit 19 | | |
| Exhibit 20 | | |
| Exhibit 21 | | |
| Exhibit 22 | | |
| Exhibit 23 | | |
| Exhibit 27 | | |
| Exhibit 28 | | |
| Exhibit 29 | | |
| Exhibit 30 | Lack   of   foundation,   hearsay, relevance | |
| Exhibit 31 | | |
| Exhibit 32 | | |
| Exhibit 33 | | |
| Exhibit 35 | | |
| Exhibit 36 | | |
| Exhibit 37 | | |
| Exhibit 38 | | |
| Exhibit 40 | | |
| Exhibit 43 | | |
| Exhibit 44 | | |

| Exhibit 46 | | |
|---|---|---|
| Exhibit 49 | Relevance | |
| Exhibit 50 | | |
| Exhibit 51 | | |
| Exhibit 54 | | |
| Exhibit 56 | | |
| Exhibit 58 | | |
| Exhibit 59 | | |
| Exhibit 62 | | |
| Exhibit 73 | | |
| Exhibit 74 | | |
| Exhibit 91 | | |
| Exhibit 92 | | |
| Exhibit 93 | Relevance.   No claim for theft of confidential information remains. | |
| Exhibit 94 | Hearsay | |

## **Don Kirlin**

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 6:25-7:1 | | |
| 8:21-9:7 | | |
| 9:18-10:1 | | |
| 10:9-21 | | |
| 11:8-13:13 | | |
| 14:5-20 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 14:21-15:2 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 15:3-11 | | |

| | | |
|---|---|---|
| 15:21-16:19 | | |
| 17:2-16 | | |
| 18:5-22 | | |
| 21:3-22:8 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 22:9 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 23:5-20 | | |
| 24:19-25:9 | | |
| 26:2-4 | | |
| 26:15-28:3 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 26:16-26:9 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 28:19-31:15 | | |
| 32:4-6 | | |
| 32:14-33:2 | The testimony at 32:14-20 is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 33:15-35:1 | | |
| 35:5-15 | | |
| 37:14-16 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 38:3-10 | | |

| | | |
|---|---|---|
| 38:21-41:9 | | |
| 42:4-12 | | |
| 43:7-44:9 | | |
| 44:23-45:22 | | |
| 46:22-25 | | |
| 47:4-21 | | |
| 47:25-48:1 | | |
| 48:5-51:19 | | |
| 51:23-53:20 | | |
| 54:11-55:25 | | |
| 56:7-57:14 | | |
| 57:18-58:4 | | |
| 58:15-61:1 | | |
| 61:5-62:15 | | |
| 62:23-63:15 | | |
| 63:19-64:5 | | |
| 65:2-25 | | |
| 66:6-67:11 | | |
| 67:17-68:12 | | |
| 68:16-69:3 | | |
| 69:7-8 | | |
| 70:2-6 | | |
| 70:17-72:7 | | |
| 72:11-17 | | |
| 72:21-76:25 | | |
| 77:4-9 | | |
| 77:12-15 | | |
| 77:20-22 | | |
| 78:2-5 | | |
| 78:9 | | |
| 78:14-81:13 | | |
| 81:20-82:1 | | |
| 82:5-83:10 | | |
| 83:16-84:8 | | |
| 84:12-17 | | |
| 85:20-87:10 | | |

| | | |
|---|---|---|
| 90:12-91:1 | | |
| 91:6-14 | | |
| 91:18-92:13 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 92:17-93:17 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 94:1-23 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 94:24-95:2 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 95:7-10 | | |
| 95:20-96:12 | | |
| 96:15-97:12 | | |
| 97:22-99:18 | | |
| 99:22-100:17 | | |
| 101:1-4 | | |
| 105:4-8 | | |
| 105:14-106:6 | | |
| 106:10-16 | | |
| **USI's Counter Designations** | | |
| 101:24-25 | | |
| | | |
| | | |

**Jameson Salmon**

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 9:6-8 | | |
| 16:1-16 | | |
| 17:8-20:21 | | |
| 22:2-23:8 | | |
| 24:10-22 | | |
| 26:9-29:19 | | |
| 30:8-13 | | |
| 33:12-34:5 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 34:6-13 to provide a full and fair understanding of Mr. Salmon's testimony and to avoid misleading the jury and distorting the facts. | |
| 35:14-39:14 | | |
| 40:1-41:9 | | |
| 41:12-44:2 | | |
| 44:5-45:11 | | |
| 46:11-48:5 | | |
| 49:2-9 | | |
| 49:13-18 | | |
| 49:20-50:4 | The testimony at 50:2-4 is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 50:12-18 | The testimony at 50:12-15 is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 50:22-51:8 | | |

| | | |
|---|---|---|
| 51:14 | | |
| 51:18-52:5 | | |
| 52:9-53:10 | | |
| 53:14-54:3 | | |
| 54:6-54:15 | | |
| 54:19-20 | | |
| 55:2-56:16 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 56:17-21 to provide a full and fair understanding of Mr. Salmon's testimony and to avoid misleading the jury and distorting the facts. | |
| 57:1-58:19 | | |
| 58:22-60:18 | | |
| 60:22-61:8 | | |
| 61:12-63:8 | | |
| 63:14-64:4 | | |
| 64:7-65:16 | | |
| 65:20-67:22 | | |
| 68:5-69:10 | | |
| 69:15-22 | | |
| 69:25-70:2 | | |
| 70:8-72:14 | | |
| 72:17-73:4 | | |
| 73:8-74:20 | | |
| 74:24-75:3 | | |
| 75:7-76:6 | | |
| 76:10-18 | | |
| 76:22-77:12 | | |
| 77:16-19 | | |
| 77:25-78:11 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |

| | | |
|---|---|---|
| 78:15-79:14 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 79:18-81:8 | The testimony at 79:18-23 is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 81:12-82:25 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 83:4-84:22 | The testimony at 83:4-17 is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. | |
| 85:1-3 | | |
| 89:21-22 | | |
| 90:1-23 | | |
| **USI's Counter Designations** | | |
| 33:10-11 | | |
| 48:6-10 | | |

## David Sosa

| **USI's Designations** | **Objection(s)** | |
|---|---|---|
| 9:1-3 | | |
| 11:4-5 | | |
| 12:5-12 | | |
| 20:17-23:7 | | |
| 31:23-32:2 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") | |

| | | |
|---|---|---|
| | additional context must be included, specifically 32:3-33:24 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 33:25-34:3 | | |
| 34:7-35:11 | | |
| 35:18-37:14 | | |
| 38:11-23 | | |
| 44:13-25 | | |
| 46:12-25 | | |
| 47:13-48:9 | | |
| 48:25-49:7 | | |
| 49:14-17 | | |
| 49:24-50:3 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 50:3-50:21 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 50:22-51:12 | | |
| 52:5-17 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 52:18-52:22 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |

| 52:23-54:16 | | |
|---|---|---|
| 54:20-55:9 | | |
| 55:19-56:16 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 56:16-56:24 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 56:25-57:2 | | |
| 57:7-10 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 57:11-57:13 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 58:11-14 | | |
| 58:18-59:11 | Object to the introduction of Exhibit No. 48 and discussion of the same as Mr. Sosa lacks personal knowledge of the exchange between Taylor Anderson and Mr. Dodson and when asked if he was involved in the subject matter, he testified that "I was not, not directly. This is the first time I'm seeing this document." 58:6-8. This testimony is inadmissible under Federal Rule 602 and the | |

| | | |
|---|---|---|
| | evidence fails to meet the requirements of Federal Rule 901. | |
| 60:5 | Object to the introduction of Exhibit No. 39 and discussion of the same as Mr. Sosa lacks personal knowledge of the exchange between Taylor Anderson and Mr. Dodson and when asked if he was involved in the subject matter, he testified that "I was not, not directly. This is the first time I'm seeing this document." 58:6-8. This testimony is inadmissible under Federal Rule 602 and the evidence fails to meet the requirements of Federal Rule 901. | |
| 60:8-61:6 | Object to the introduction of Exhibit No. 39 and discussion of the same as Mr. Sosa lacks personal knowledge of the exchange between Taylor Anderson and Mr. Dodson and when asked if he was involved in the subject matter, he testified that "I was not, not directly. This is the first time I'm seeing this document." 58:6-8. This testimony is inadmissible under Federal Rule 602 and the evidence fails to meet the requirements of Federal Rule 901. | |
| 62:24-63:4 | The question proposed by USI's counsel at 63:1-63:4 misstates Taylor Anderson's sworn testimony. Contrary to the statement made in counsel's | |

| | | |
|---|---|---|
| | question, Taylor Anderson did not testify that "he'd changing firms to Lockton." Instead, Taylor Anderson testified that when pressed by Mr. Sosa as to where Taylor Anderson might go if he left USI, Taylor Anderson, "informed [Mr. Sosa] that it would be somewhere **like** Lockton." T. Anderson Dep. 211:15 (emphasis added). Federal Rule 611(a). | |
| 63:8-64:9 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 64:10-14 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 64:15-65:9 | The question proposed by USI's counsel at 64:25-65:2 misstates Taylor Anderson's sworn testimony. Contrary to the statement made in counsel's question, Taylor Anderson did not testify that "he told [Mr. Sosa] he was going to Lockton before he made the move to Lockton." Instead, Taylor Anderson testified that when pressed by Mr. Sosa as to where Taylor Anderson might go if he left USI, Taylor Anderson, "informed [Mr. Sosa] that it would be somewhere **like** | |

| | | |
|---|---|---|
| | Lockton." T. Anderson Dep. 211:15 (emphasis added). Federal Rule 611(a). | |
| 65:20-23 | | |
| 66:12-14 | | |
| 66:17-68:3 | | |
| 69:2-18 | | |
| 70:10-12 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 70:12-19 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 71:2-11 | | |
| 74:8-76:2 | | |
| 76:10-24 | | |
| 77:7-78:9 | The question proposed by USI's counsel at 78:2-4 misstates both Taylor Anderson's sworn testimony and David Sosa's sworn testimony. At no point during Taylor Anderson's deposition or Mr. Sosa's deposition was it established that Taylor Anderson informed David Sosa that he would definitely be leaving USI and joining Lockton. As a result of Counsel's unfair question, Mr. Sosa's testimony from 78:2-9 should be excluded pursuant to Federal Rule 611(a) as it is likely to confuse and mislead the jury. | |

| | |
|---|---|
| 78:20-79:3 | Counsel continues to propose the same improper and unfounded question at 79:1-3 and thus this testimony should be excluded pursuant to Federal Rule 611(a) as it is likely to confuse and mislead the jury. |
| 79:9 | Counsel continues to propose the same improper and unfounded question at 79:1-3 and thus this testimony should be should be excluded pursuant to Federal Rule 611(a) as it is likely to confuse and mislead the jury. |
| 79:11-14 | This testimony is irrelevant under Federal Rule 401 and should be excluded pursuant to Federal Rule 402. |
| 81:20-82:7 | The question proposed by USI's counsel at 82:5-7 misstates both Taylor Anderson's sworn testimony and David Sosa's sworn testimony. At no point during Taylor Anderson's deposition or Mr. Sosa's deposition was it established that Taylor Anderson informed David Sosa that he would definitely be leaving USI and joining Lockton. As a result of Counsel's unfair question, Mr. Sosa's testimony from 81:20-82:7 should be excluded pursuant to Federal Rule 611(a) as it is likely to confuse and mislead the jury. |
| 82:10-83:16 | The question proposed by USI's counsel at 82:5-7 misstates both |

| | | |
|---|---|---|
| | Taylor Anderson's sworn testimony and David Sosa's sworn testimony. At no point during Taylor Anderson's deposition or Mr. Sosa's deposition was it established that Taylor Anderson informed David Sosa that he would definitely be leaving USI and joining Lockton. As a result of Counsel's unfair question, Mr. Sosa's testimony from 82:10-83:16 should be excluded pursuant to Federal Rule 611(a) as it is likely to confuse and mislead the jury. | |
| 83:20-84:12 | This testimony was contorted by USI's counsel's unfair and inaccurate insistence that prior to his departure from USI Taylor Anderson had a call with Mr. Sosa in which Taylor Anderson informed Mr. Sosa that he was joining Lockton. Despite repeated assertions by USI's counsel – over Defendant's objections – there is no evidence to support this assertion. As a result of USI's counsel misstatements, Mr. Sosa's testimony on the phone calls prior to December 9, 2019 should be excluded. | |
| 84:18-85:2 | This testimony was contorted by USI's counsel's unfair and inaccurate insistence that prior to his departure from USI Taylor Anderson had a call with Mr. Sosa in which Taylor Anderson | |

| | | |
|---|---|---|
| | informed Mr. Sosa that he was joining Lockton. Despite repeated assertions by USI's counsel – over Defendant's objections – there is no evidence to support this assertion. As a result of USI's counsel misstatements, Mr. Sosa's testimony on the phone calls prior to December 9, 2019 should be excluded. | |
| 85:5-7 | This testimony was contorted by USI's counsel's unfair and inaccurate insistence that prior to his departure from USI Taylor Anderson had a call with Mr. Sosa in which Taylor Anderson informed Mr. Sosa that he was joining Lockton. Despite repeated assertions by USI's counsel – over Defendant's objections – there is no evidence to support this assertion. As a result of USI's counsel misstatements, Mr. Sosa's testimony on the phone calls prior to December 9, 2019 should be excluded. | |
| 85:11-86:1 | | |
| 86:7-87:5 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 87:6-88:25 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |

| | | |
|---|---|---|
| 89:1-91:6 | | |
| 91:10 | Exhibit 8 and this entire line of questioning should be excluded as Mr. Sosa testified, "I have no idea" who the document was sent to or how it was produced. 92:6. | |
| 91:13-92:12 | Exhibit 8 and this entire line of questioning should be excluded as Mr. Sosa testified, "I have no idea" who the document was sent to or how it was produced. 92:6. | |
| 92:16-22 | Exhibit 5 and this entire line of questioning should be excluded as Mr. Sosa was not a recipient of the document did not even discuss it with anyone (93:1), and thus the evidence fails to meet the requirements of Federal Rule 901. | |
| 93:9-94:12 | | |
| 94:15-96:18 | | |
| 97:3-99:7 | | |
| 99:11-100:18 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 100:19-24 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 100:25-101:3 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 101:L4-9 to provide a full and fair | |

| | | |
|---|---|---|
| | understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 101:10-24 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 101:25-102:8 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 102:9-103:3 | The testimony at 102:21-103:3 is inadmissible hearsay. Further, the proposed testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 103:4-9 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 103:10-15 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 103:16-19 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |

| | | |
|---|---|---|
| 103:20-104:2 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 104:3-7 to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 105:3-106:19 | | |
| 106:23-25 | | |
| 107:2-22 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically the testimony ends on a question from USI's counsel but does not allow include Mr. Sosa's response at 107:23-108:4 which should be included to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 108:8-22 | | |
| 109:1-20 | | |
| 109:24 | | |
| 110:2-111:9 | | |
| 112:10-11 | | |
| 112:14-115:1 | | |
| 115:11-116:14 | | |
| 116:25-117:6 | | |
| 117:10-14 | | |
| 117:18-24 | | |
| 118:3-11 | | |

| | | |
|---|---|---|
| 118:14-15 | | |
| 118:24-119:17 | | |
| 120:11-12 | | |
| 120:15-121:21 | | |
| 123:16-20 | Testimony is taken out of context and under Federal Rule 106 ("Rule of Completeness") additional context must be included, specifically 123:20-24 should be included to provide a full and fair understanding of Mr. Sosa's testimony and to avoid misleading the jury and distorting the facts. | |
| 123:25-124:10 | Mr. Sosa lacks personal knowledge of who works on the Brightwater accounts at Lockton. He testified "I don't have direct involvement.. I don't know who that team consists of." 124:4-7. Thus, this testimony is inadmissible under Federal Rule 602. | |
| 133:2 | | |
| 133:12-15 | | |
| 136:10-137:16 | | |
| 140:3-13 | | |
| 142:14-143:7 | | |
| 145:13-146:1 | | |
| 146:17-22 | | |
| 147:1-7 | | |
| 147:11-14 | | |
| 162:22-163:12 | | |
| 164:22-166:6 | | |
| | | |
| | | |

| Counter Designations | Objections | |
|---|---|---|
| 14:10-16 | | |
| 65:10-13 | | |
| 88:13-14 | | |
| 107:23 | | |
| 137:25-138:2 | | |
| 138:5-15 | | |
| 138:21-139:9 | | |
| 139:15-24 | | |

## Roger Smith

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 8:5-7 | | |
| 10:18-19 | | |
| 14:5-14 | | |
| 15:3-17:12 | Not relevant, FRE 401 | |
| 18:2-21 | | |
| 19:5-24 | | |
| 20:10-23:15 | Leading, FRE 611(c) (Dep. at 22:19–25) | |
| 23:19-24:10 | | |
| 24:11-24 | Rule of Completeness requires inclusion of 24:25–25:10, FRE 106 | |
| 25:19-25 | Leading, assumes facts not in evidence, FRE 602, 611 | |
| 26:5-25 | | |
| 27:3-12 | Leading, assumes facts not in evidence, FRE 602, 611; improper impeachment evidence, FRE 608 | |
| 27:24-28:6 | Improper impeachment evidence, FRE 608 | |
| 28:9-29:13 | Improper impeachment evidence, FRE 608 (Dep. at 28:9–12); | |

| | | |
|---|---|---|
| 29:21-32:22 | Lack of personal knowledge/speculation, FRE 602 (Dep. at 32:15–22) | |
| 33:5-7 | | |
| 34:8-20 | | |
| 35:17-37:2 | | |
| 37:19-39:4 | Asked and answered/needlessly cumulative, FRE 403 (Dep. at 37:19–38:8, 39:1–4) | |
| 39:9-22 | Leading, assumes facts not in evidence, FRE 602, 611 | |
| 40:5-22 | Leading, assumes facts not in evidence, FRE 602, 611 | |
| 41:5 | | |
| 41:18-42:11 | Leading, assumes facts not in evidence, FRE 602, 611; misstates prior testimony | |
| 42:14-18 | Compound/argumentative, FRE 403, 611(a) | |
| 42:20-44:1 | Speculation/lack of personal knowledge & leading, FRE 602, 611 | |
| 44:4-9 | Speculation/lack of personal knowledge, FRE 602 | |
| 44:12-23 | Leading, FRE 611 (Dep. at 44:21–23) | |
| 45:1-18 | Leading, assumes facts not in evidence, FRE 602, 611 (Dep. at 45:8–9, 45:16–18) | |
| 45:21-47:9 | Needlessly cumulative (Dep. at 46:17–47:9) | |
| 47:22-24 | | |
| 48:2-49:6 | | |
| 50:12-51:10 | Rule of Completeness requires inclusion of 49:17–50:11, FRE 106 | |
| 51:15-52:13 | Leading, FRE 611 (Dep. at 52:11–13) | |
| 52:16-22 | Leading, FRE 611 | |

| | | |
|---|---|---|
| 52:24-53:7 | | |
| 53:11-54:15 | | |
| 54:21-23 | Rule of Completeness requires inclusion of 54:24–55:9, FRE 106 | |
| 55:10-56:3 | Lack of foundation re: Alan Webb, FRE 602 | |
| 57:14-25 | Rule of Completeness requires inclusion of 58:1–11, FRE 106 | |
| 59:8-60:2 | Speculation/lack of personal knowledge, FRE 602 | |
| 60:22-61:2 | Speculation/lack of personal knowledge, FRE 602 | |
| 61:6-10 | Speculation/lack of personal knowledge, FRE 602 | |
| 61:25-63:17 | Leading, FRE 611 (Dep. at 63:7–15) | |
| 63:20-64:15 | Leading, FRE 611 | |
| 64:21-66:7 | Hearsay, FRE 801 (Dep. at 65:19–66:4) | |
| 66:10 | | |
| 66:16-23 | Not relevant, FRE 401 | |
| 67:1-68:15 | Not relevant, FRE 401; lack of foundation re: Alan Webb, FRE 602 | |
| 68:25-69:23 | Hearsay, FRE 801 | |
| 70:2-3 | Leading, FRE 611 | |
| 70:6-13 | Leading, FRE 611 | |
| 71:24-72:21 | Rule of Completeness requires inclusion of 73:8–12, FRE 106 | |
| 73:13-74:6 | Leading, FRE 611 | |
| 78:8-12 | | |
| 78:23-79:1 | | |
| 79:6-11 | Confusing, FRE 403; Leading, FRE 611 | |
| 79:14-20 | Confusing; FRE 403; Leading, FRE 611 | |
| 88:24-89:4 | Not relevant, FRE 401 | |
| Exhibit 3 | | |
| Exhibit 5 | | |

| Exhibit 7 | | |
|---|---|---|
| Exhibit 9 | | |
| Exhibit 10 | | |
| Exhibit 11 | Lack of personal knowledge/lack of foundation, FRE 602; Hearsay, FRE 801 | |
| Exhibit 13 | | |
| Exhibit 14 | | |
| Exhibit 16 | Hearsay, FRE 801 (as to Tammy Crawford) | |
| Exhibit 18 | Hearsay, FRE 801 | |
| Exhibit 23 | | |
| Exhibit 25 | | |
| Exhibit 30 | Not relevant, FRE 401 | |
| Exhibit 31 | | |
| Exhibit 33 | Not relevant, FRE 401 | |
| Exhibit 34 | | |

**Stan Wood**

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 10:8-10 | | |
| 12:4-8 | | |
| 27:24-28:5 | | |
| 28:22-29:13 | Not relevant, FRE 401 | |
| 29:25-30:2 | Not relevant, FRE 401 | |
| 30:18-31:7 | | |
| 33:19-24 | Not relevant, FRE 401 | |
| 34:3-8 | Not relevant, FRE 401 | |
| 34:18-36:24 | Not relevant, FRE 401 (Dep. at 34:18–35:12) | |
| 39:25-40:17 | Not relevant, FRE 401 (Dep. at 40:3-40:17) | |
| 41:18-43:2 | | |
| 43:18-45:22 | Not relevant, FRE 401 (Dep. at 43:25–45:4) | |

| | | |
|---|---|---|
| 46:18-48:11 | | |
| 49:22-50:15 | Misstates testimony, vague, confusing (Dep. at 50: 13–14); Rule of Completeness requires inclusion of 50:17 and 50:23-24, FRE 106 | |
| 51:1-52:7 | Leading, FRE 611 | |
| 54:5-15 | | |
| 59:1-6 | | |
| 63:6-8 | Leading, FRE 611 | |
| 63:11-64:12 | | |
| 64:16-65:8 | Needlessly cumulative evidence, FRE 403 (Dep. at 64:16-25) | |
| 66:1-68:17 | | |
| 68:20 | | |
| 69:10-69:22 | Lack of personal knowledge/speculation, FRE 602 (Dep. at 69:10-17) | |
| 70:2-4 | | |
| 70:7-16 | Leading, FRE 611 | |
| 70:19-20 | Leading, FRE 611; asked and answered | |
| 71:8-9 | | |
| 71:22-74:12 | | |
| 76:9-81:12 | Lack of personal knowledge/speculation, FRE 602 (Dep. at 81:1-5) | |
| 81:16-82:8 | Needlessly cumulative (Dep. at 81:20–82:8) | |
| 82:12-83:20 | | |
| 83:24-84:16 | Not relevant, FRE 401; cumulative | |
| 84:21-85:17 | Not relevant, FRE 401; cumulative | |
| 85:21-87:17 | | |
| 88:1-89:2 | Speculation (Dep. at 88:1–20, 24–25) | |
| 89:10-91:15 | Leading, FRE 611 (Dep. at 89:23–90:18); speculation, FRE 602 (Dep. at 91:14–15) | |

| | | |
|---|---|---|
| 91:19-24 | Speculation, FRE 602 (Dep. at 91:14–19) | |
| 92:1-11 | Leading, FRE 611 | |
| 92:14-95:7 | Leading, FRE 611 (Dep. at 93:19–95:7) | |
| 95:10-96:11 | Leading, FRE 611 (Dep. at 95:10–15) | |
| 96:15-25 | Leading, FRE 611 (Dep. 96:10) | |
| 97:2-25 | Misstates testimony, leading, FRE 611 (Dep. 97:23-25) | |
| 98:3-6 | | |
| 98:17-99:1 | Leading, FRE 611 (Dep. 98:23-99:1) | |
| 99:5-22 | Leading, FRE 611; needlessly cumulative | |
| 99:25-100:10 | | |
| 100:14-102:1 | Leading, FRE 611; needlessly cumulative | |
| 102:4-13 | Leading, FRE 611; needlessly cumulative | |
| 102:16-18 | Leading, FRE 611; needlessly cumulative | |
| 102:20-103:4 | Leading question, FRE 611 (Dep. 103:2-4) | |
| 103:8-17 | | |
| 103:21-106:2 | | |
| 106:5-107:2 | | |
| 107:6-108:18 | | |
| 108:21-111:18 | | |
| 111:22-112:13 | | |
| 112:16-22 | | |
| 112:25-113:13 | | |
| 113:17- 114:1 | | |
| 114:10-115:7 | | |
| 115:11-116:16 | | |
| 116:25-118:8 | | |
| 119:13-121:17 | | |

| | | |
|---|---|---|
| 121:20-122:5 | Leading, FRE 611; needlessly cumulative | |
| 122:10-123:8 | | |
| 123:12-23 | | |
| 125:8-22 | | |
| 126:11-127:11 | Not relevant, FRE 401 | |
| 143:5-20 | Rule of Completeness requires inclusion of 143:21, FRE 106 | |
| Exhibit 9 | | |
| Exhibit 10 | | |
| Exhibit 11 | | |
| Exhibit 12 | | |
| Exhibit 13 | Lack of foundation, personal knowledge, FRE 602 | |
| Exhibit 14 | Lack of foundation, personal knowledge, FRE 602 | |
| Exhibit 15 | | |
| Exhibit 16 | | |
| Exhibit 17 | | |
| Exhibit 21 | | |
| Exhibit 22 | | |
| Exhibit 23 | | |
| Exhibit 24 | | |
| Exhibit 26 | | |
| Exhibit 27 | | |
| Exhibit 28 | | |
| Exhibit 30 | | |
| Exhibit 52 | Lack of foundation, personal knowledge, FRE 602 | |

Respectfully submitted this 2nd day of May, 2023.

**HALL, GILLIGAN, ROBERTS & SHANLEVER LLP**

*/s/ Warren H. Hall, Jr.*
Warren H. Hall, Jr.
Georgia Bar No. 319405
Wayne M. Cartwright
Georgia Bar No. 257328
Kristina K. Griffin
Georgia Bar No. 808069
whall@hgrslaw.com
wcartwright@hgrslaw.com
kgriffin@hgrslaw.com

3340 Peachtree Road NE – Suite 1900
Atlanta, Georgia 30326-1082
T: (404) 442-8776
F: (866) 864-9612

*Attorneys for Taylor Anderson, Dean Anderson, and Roger Maldonado*

**CROWELL & MORING LLP**

*s/ Christopher J. Banks*
Christopher J. Banks, Admitted *Pro Hac Vice*
3 Embarcadero Center
26th Floor

**WARGO, FRENCH & SINGER LLP**

*/s/ David M. Pernini*
Joseph D. Wargo
Georgia Bar No. 738764
David M. Pernini
Georgia Bar No. 572399
Brandon Parrish
Georgia Bar No. 388223
999 Peachtree Street, NE
Suite 1120
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Fax: (404) 853-1501
jwargo@wfslaw.com
dpernini@wfslaw.com
bparrish@wfslaw.com

*Attorneys for Southeast Series of Lockton Companies, LLC*

San Francisco, CA 94111
cbanks@crowell.com
T: (415) 986-2800
F: (415) 986-2827

Astor H. L. Heaven, III Admitted *Pro Hac Vice*
1001 Pennsylvania Ave., N.W.
Floor 10
Washington, DC 20004
aheaven@crowell.com

Sigourney R. Haylock Admitted *Pro Hac Vice*
40th Floor
515 South Flower Street
Los Angeles, CA 90071
shaylock@crowell.com

*Attorneys for Taylor Anderson, Dean Anderson,*
*and Roger Maldonado*

## **<u>RULE 7.1.D CERTIFICATE</u>**

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

*/s/ Warren R. Hall, Jr.*
WARREN R. HALL, JR.
