UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, | <u>CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42</u> |
| Plaintiffs, | Civil Action File No. |
| v. | 1:19-cv-05582-VMC |
| USI INSURANCE SERVICES LLC, | |
| Defendant. | |
| USI INSURANCE SERVICES LLC, | Civil Action File No. |
| Plaintiff, | 1:20-cv-02490-VMC |
| v. | |
| SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, | |
| Defendant. | |

<u>**USI INSURANCE SERVICES LLC'S PROPOSED JURY INSTRUCTIONS**</u>

PARKER, HUDSON, RAINER & DOBBS LLP

/s/ Jared C. Miller
Nancy H. Baughan
Georgia Bar No. 042575
Jared C. Miller
Georgia Bar No. 142219
Julie A. Wood
Georgia Bar No. 023749
Anne Horn Baroody
Georgia Bar No. 475569

1

303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone:  404-523-5300
Facsimile:   404-522-8409
E-mail: nbaughan@phrd.com
       jmiller@phrd.com
       jwood@phrd.com
       abaroody@phrd.com

*Attorneys for USI Insurance Services LLC*

## USI's REQUESTED JURY INSTRUCTION NO. 1

### Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.1

## USI's REQUESTED JURY INSTRUCTION NO. 2

### Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, if may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.2.2

**USI's REQUESTED JURY INSTRUCTION NO. 3**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

5

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.3

## USI's REQUESTED JURY INSTRUCTION NO. 4

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1) Did the witness impress you as one who was telling the truth?

2) Did the witness have any particular reason not to tell the truth?

3) Did the witness have a personal interest in the outcome of the case?

4) Did the witness seem to have a good memory?

5) Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6) Did the witness appear to understand the questions clearly and answer them directly?

7) Did the witness's testimony differ from other testimony or other evidence?

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.4

## USI'S REQUESTED JURY INSTRUCTION NO. 5

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.5.1

## USI'S REQUESTED JURY INSTRUCTION NO. 6

### Expert Opinion

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.6.1

**USI'S REQUESTED JURY INSTRUCTION NO. 7**

**Burden of Proof – Preponderance of the Evidence**

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When, as here, more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the party's claims by a preponderance of the evidence, you should find for the party defending as to that claim.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.7.1

## USI'S REQUESTED JURY INSTRUCTION NO. 8

### Clear and Convincing Evidence

As to the issue of punitive damages, the party seeking such damages must prove that it is entitled to relief by clear and convincing evidence. This is a higher burden of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 1.2

## USI'S REQUESTED JURY INSTRUCTION NO. 9

### Duty to Deliberate

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision), Instruction 3.8.2

## USI'S REQUESTED JURY INSTRUCTION NO. 10

### Breach of Contract Defined

USI has asserted several claims against Dean Anderson, Taylor Anderson, and Maldonado for breach of contract. I will now instruct you on the law applicable to these claims.

A contract is an agreement between two or more parties for the doing or not doing of some specified thing. A breach of contract occurs when a party fails to perform as required by the contract.

In this case, the parties do not dispute that various contracts between the parties existed. Instead, the disputes concern whether Dean Anderson, Taylor Anderson, or Maldonado breached their contracts (employment agreements) by failing to perform obligations established by the contracts' terms, and what damages USI suffered as a result.

The Court has determined that Taylor Anderson breached his contract with USI by:

o   Failing to provide 60 days' notice before his resignation;

o   Working for a competitor prior to expiration of the notice period in his employment agreement with USI; and

o Informing multiple USI Client Accounts of his impending departure and plan to go to work for Lockton.

The Court has determined that Dean Anderson breached his contract with USI by:

o Failing to provide 60 days' notice before his resignation;

o Competing with USI by acting in his same or similar capacity for Lockton in which he acted for USI and performing the same or similar functions for Lockton as those he performed on behalf of USI;

o Carrying on a business in competition with USI, directly or indirectly, with respect to USI's Client Accounts;

o Working for a competitor prior to expiration of the notice period in his employment agreement with USI.

USI contends that Dean Andersen, Taylor Andersen, and Maldonado breached their contracts with USI by:

o "Soliciting or attempting to solicit services in competition with [USI] to any Client Account";

o "Diverting or attempting to divert services away from [USI] with respect to any Client Account"; and/or

o "Inducing the termination, cancellation or non-renewal of any Client Account."

## USI'S REQUESTED JURY INSTRUCTION NO. 11

### Breach of Contract – Elements

To show that Dean Anderson, Taylor Anderson, and Maldonado breached their contracts with USI, USI must show, by a preponderance of the evidence, the following elements:

1) Breach and the

2) Resultant damages

3) To the party who has the right to complain about the contract being broken.

A breach occurs if a contracting party fails to perform the engagement as specified in the contract.

**Source:**

UWork.com, Inc. v. Paragon Technologies, Inc., 321 Ga. App. 584, 590 (2013).

**USI'S REQUESTED JURY INSTRUCTION NO. 12**

**Breach of Contract – Non-Solicitation Covenants**

Section 7.7 of Dean Anderson's Employment Agreement states, in relevant part:

In consideration of Executive's employment hereunder, and for other good and valuable consideration, Executive agrees that: (a) During the Term and for two (2) years after Executive is no longer employed hereunder, for any reason, Executive shall not, without the Company's prior written consent, directly or indirectly, on behalf of any Competitive Business in any capacity:

(i)     Solicit or attempt to solicit services in competition with the Company to any Client Account;

(ii)    Divert or attempt to divert services away from the Company with respect to any Client Account;

        … or

(v)     Induce the termination, cancellation or non-renewal of any Client Account.

In each case with respect to any Client Account that Executive managed or regularly serviced and/or about which Executive obtained Confidential Information on behalf of the Company within the last two (2) years of Executive's employment hereunder.

Section 7.5 of Taylor Anderson's Employment Agreement states, in relevant part:

In consideration of Producer's employment hereunder, and for other good and valuable consideration, Producer agrees that: (a) During the Term and for two (2) years after Producer is no longer employed hereunder, for any reason, Producer shall not, without the Company's prior written consent, directly or indirectly, on behalf of any Competitive Business in any capacity:

(i)     Solicit or attempt to solicit services in competition with the Company to any Client Account;

(ii)    Divert or attempt to divert services away from the Company with respect to any Client Account;

… or

(v)     Induce the termination, cancellation or non-renewal of any Client Account.

In each case with respect to any Client Account that Producer managed or regularly serviced and/or about which Producer obtained Confidential Information on behalf of the Company within the last two (2) years of Producer's employment hereunder.

Section 4.5 of Roger Maldonado's contract states, in relevant part:

In consideration of Employee's employment with the Company, and for other good and valuable consideration, Employee agrees that: (a) During Employee's

employment with the Company and for two (2) years after Employee is no longer employed with the Company, for any reason, Employee shall not, without the Company's prior written consent, directly or indirectly, on behalf of any Competitive Business in any capacity:

    (i)    Solicit or attempt to solicit services in competition with the Company to any Client Account;

    (ii)    Divert or attempt to divert services away from the Company with respect to any Client Account;

        … or

    (v)    Induce the termination, cancellation or non-renewal of any Client Account.

In each case with respect to any Client Account that Employee managed or regularly serviced and/or about which Employee obtained Confidential Information on behalf of the Company within the last two (2) years of Employee's employment with the Company.

## USI'S REQUESTED JURY INSTRUCTION NO. 13

### Breach of Contract – Solicitation

Soliciting or solicitation means to awake or incite to action by acts or conduct intended to and calculated to incite the act of giving. The term implies personal petition and importunity addressed to a particular individual to do some particular thing.

A non-solicitation covenant, which restricts solicitation of the former employer's customers or employees, can forbid both direct and indirect solicitation. An "indirect" solicitation occurs when the former employee undertakes some affirmative action on his part that could be considered a solicitation in the broadest possible sense.

When a former employee contacts a client of his former employer to let them know that he now works for a competitor, you, the jury, may (but need not) infer that the former employer was implying that he can now service the client's account with the new employer.

Here, each of the contracts prohibits:

(i) Solicit[ing] or attempt[ing] to solicit services in competition with the USI to any Client Account;

(ii) Divert[ing] or attempt[ing] to divert services away from USI with respect to any Client Account;

(iii)   Induc[ing] the termination, cancellation or non-renewal of any Client

Account.

**Sources:**

*Wells Fargo Ins. Servs. USA v. Gupton*, No. 1:13-CV-0520-SCJ, 2013 U.S. Dist. LEXIS 190019, at *9-10 (N.D. Ga. Mar. 5, 2013).

*Anderson v. USI Ins. Servs. LLC*, No. 1:19-CV-5582-SCJ, 2020 WL 1933803, at *5 (N.D. Ga. Apr. 21, 2020) ("[T]he Georgia appellate courts have defined the phrase forbidding solicitation directly or indirectly as unambiguous and enforceable in that **'[a]n 'indirect' solicitation occurs when the former employee undertakes 'some affirmative action on his part that could be considered a solicitation in the broadest possible sense**.' *Id.* at *10 (emphasis original) (quoting *Sysco Food Servs. of Atlanta, Inc. v. Chupp*, 225 Ga. App. 584, 588, 484 S.E.2d 323, 326 (1997)).)

*Anderson v. USI Ins. Servs. LLC*, No. 1:19-CV-5582-SCJ, 2022 WL 2111982, at *17 (N.D. Ga. Mar. 29, 2022) ("[T]he plain language of the Non-Solicitation Covenants encompasses more than the verb 'solicit.' In particular, the Former Employees agreed not to divert or attempt to divert services away from USI with respect to any Client Account or Active Potential Client. Furthermore, and they agreed not to induce or attempt to induce termination of any Client Account. DSOMF ¶¶ 16, 25, 36. Therefore, limiting review of the conduct to actions that could be termed 'solicitation' is simply wrong.").

*Sysco Food Servs. of Atlanta, Inc. v. Chupp,* 225 Ga. App. 584, 587 (1997).

*Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1995).

*Murphree v. Yancee Bros. Co.*, 311 Ga. App. 744, 748 (2011) (enforcing non-solicit prohibiting solicitation, diversion, or taking away of customers).

*Interra Int'l, LLC v. Al Khafaji*, NO. 1:16-CV-1523-MHC, 2019 WL 13040092, at *3, 14-15 (N.D. Ga. Mar. 21, 2019) (finding genuine issues of fact and allowing jury to consider breach of both solicitation and inducement prongs of non-solicit).

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Schultz*, No. 01-0402, 2001 WL 1681973, at *3 (D.D.C. Feb. 26, 2001).

## USI'S REQUESTED JURY INSTRUCTION NO. 14

### Breach of Fiduciary Duty Defined

Dean Anderson and Taylor Anderson, as employees of USI, owed a duty of loyalty to USI that precluded them from competing with USI during the term of their employment.

Dean Anderson and Taylor Anderson also agreed in their contracts (employment agreements) with USI that they "acknowledge[d] a duty of loyalty to [USI] and agree[d] to use [their] best efforts to faithfully, diligently and completely perform all duties and responsibilities … in furtherance of the business of [USI]." (DA Agreement, § 2.3; TA Agreement, § 2.4.)

The Court has determined that Dean Anderson and Taylor Anderson breached their duty of loyalty and fiduciary duties owed to USI by:

- o Working for a competitor prior to expiration of the notice period in their employment agreements with USI; and

- o Informing multiple USI Client Accounts of their impending departure and plan to go to work for Lockton.

## USI'S REQUESTED JURY INSTRUCTION NO. 15

### Tortious Interference with Contractual and Business Relations

USI has alleged a claim against Lockton for tortious interference with contractual business relations. USI contends that Lockton interfered with USI's contractual and business relations by:

- Inducing Dean Anderson and Taylor Anderson to breach the 60-day notice and duty of loyalty provisions in their contracts (employment agreements);

- Inducing Dean Anderson, Taylor Anderson, and/or Maldonado to breach their non-solicitation obligations in the contracts with USI;

- Inducing Dean Anderson to breach the non-compete and client non-compete covenants in his contract (employment agreement) with USI;

- Raiding USI's Aviation Practice Group by inducing many of USI's employees in USI's Aviation Practice Group to leave USI and join Lockton.

Lockton has alleged a claim against USI for tortious interference with contractual and business relations. Lockton contends that USI interfered with Lockton's contractual and business relations by:

- Sending an email on January 16, 2020 with intention to induce Tenax to leave Lockton and return to USI.

**USI'S REQUESTED JURY INSTRUCTION NO. 16**

**Tortious Interference with Contractual and Business Relations – Elements**

To show that Lockton tortiously interfered with USI's contractual relations, USI must show, by a preponderance of the evidence, each of the following elements:

1) USI had a contract;

2) Lockton was not a party to the contract;

3) Lockton engaged in improper action or wrongful conduct, without privilege, towards USI's contract;

4) Lockton interfered purposely and with malice in one or more of the ways that USI has alleged;

5) Lockton's interference induced a breach of contractual obligations by Dean Anderson, Taylor Anderson, or Maldonado; and

6) Lockton's interference resulted in damages to USI.


To show that USI tortiously interfered with Lockton's contractual relations, Lockton must show, by a preponderance of the evidence, each of the following elements:

1) Lockton had a contract;

2) USI was not a party to the contract;

3) USI engaged in improper action or wrongful conduct, without privilege, towards Lockton's contract;

4) USI interfered purposely and with malice in one or more of the ways that Lockton has alleged;

5) USI's interference induced a breach of contractual obligations by a third party or caused a third party to discontinue or fail to enter into an anticipated business relationship with Lockton; and

6) USI's interference resulted in damages to Lockton.

**Source:**

USI's instruction is modeled after the elements of tortious interference with contractual relations as stated and explained by the Court of Appeals of Georgia in *Slosberg v. Giller*, 341 Ga. App. 581, 584 (2017). *See also Tribeca Homes, LLC v. Marathon Inv. Corp.*, 322 Ga. App. 596, 598 (2013). USI has slightly modified the language to assist the jury in understanding the legal elements of these claims.

## USI'S REQUESTED JURY INSTRUCTION NO. 17

### Improper Action and Malice

*"Improper action"* refers to conduct that is "wrongful in itself." Improper action can be found in a variety of conduct, and it is up to you, the jury, to decide if Lockton or USI engaged in conduct that was sufficiently wrongful to impose liability for tortious interference. A new employer inducing an employee to breach non-compete or non-solicit agreements with a former employer can be tortious interference. An agreement by a new employer to indemnify the employee is one factor that may be found to induce an employee to leave his current company and to encourage the employee to breach his contracts.

*"Malice"* refers to conduct which constitutes unauthorized interference or interference without legal justification or excuse. The term 'malicious,' used in this connection, is to be given a liberal meaning. The act is malicious when the thing done is with the knowledge of the plaintiff's rights, and with the intent to interfere therewith.

**Sources:**

*Disaster Services, Inc. v. ERC Partnership*, 228 Ga. App. 739, 741 (1997).

*Kirkland v. Tamplin*, 285 Ga. App. 241, 244 (2007).

*Walker v. Select Portfolio Services, Inc.* No. 1:16-cv-3401-SCJ, 2017 WL 9516599, at *2 (N.D. Ga. Aug. 10, 2017).

28

*Carroll Anesthesia Associates, P.C. v. AnestheCare, Inc.*, 234 Ga. App. 646 (1998)).

*USI Ins. Servs. LLC v. Southeast Series of Lockton Companies, LLC*, No. 1:20-CV-2490-SCJ, 2022 WL 1715211, at *13.

*Slosberg v. Giller*, 341 Ga. App. 581, 584 (2017).

*Architectural Mfg. Co. v. Airotec, Inc.*, 119 Ga. App. 245, 250 (1969).

## USI'S REQUESTED JURY INSTRUCTION NO. 18

### Privileged Communications

You should find that a communication is privileged if you find that the communication was made with a good faith intent on the part of the speaker to protect his or her interest in the matter in which it is concerned or as a fair and honest report of a court proceeding. As to Lockton's claim against USI for tortious interference, if you find that Mr. Marchisotto's email was privileged, then you must find for USI on that claim.

**Source:**

O.C.G.A. § 51-5-7(3), (6)

*Fieldturf USA v. TenCate Thiolon Middle E.*, 945 F. Supp. 2d 1379 (N.D. Ga. 2013).

30

## USI'S REQUESTED JURY INSTRUCTION NO. 19

### Damages – Contract

The Court has determined that Dean Anderson and Taylor Anderson breached their employment agreements with USI in multiple ways. You, the jury, must determine the amount of damages, if any, that USI sustained as a result of the Andersons' breaches of contract.

Additionally, if you find that Dean Anderson, Taylor Anderson, or Maldonado breached their agreements with USI by failing to perform under the non-solicitation obligations of their employment agreements, then you must determine the amount of damages, if any, that USI sustained as a result of those breaches of contract.

Damages are given as compensation for an injury sustained. You can award money for those damages that arise naturally and according to the usual course of things from the breaches of contract and such as the parties contemplated when the contract was made as the probable result of the breaches.

**Source:**

Georgia Suggested Pattern Jury Instructions – Civil 18.010 (modified)

## USI'S REQUESTED JURY INSTRUCTION NO. 20

### Damages – Contract – Restrictive Covenants

Damages recoverable for a breach of a restrictive covenant are lost profits, as well as the loss of customers, the loss of employees, and the decreased value of the business property purchased in reliance on the covenant.

**Source:**

*Direct Response Prods., Inc. v. Thomas*, No. 1:13–cv–1526–WSD, 2013 WL 5890473, at *3 (N.D. Ga. Nov. 1, 2013).

*Gaines v. Crompton & Knowles Corp*., 190 Ga. App. 863, 864 (1989).

*Reid v. Bryant*, 100 Ga. App. 105, 112 (1959).

## USI'S REQUESTED JURY INSTRUCTION NO. 21

### Damages – Contract – Disgorgement of Signing Bonuses; Monthly Draw

Damages recoverable for breach of fiduciary duty or a duty of loyalty can include any ill-gotten gains of the defendant who breached such duties.

**Source:**

*McMillian v. McMillian*, 310 Ga. App. 735, 738 (2011).

**USI'S REQUESTED JURY INSTRUCTION NO. 22**

**Damages – Contract – Nominal Damages**

In every case of breach of contract, the party not breaching it has a right to damages. But, if there has been no actual damage, the party seeking damages can recover nominal damages that will carry expenses of litigation.

**Source:**

Georgia Suggested Pattern Jury Instructions – Civil 18.012

## USI'S REQUESTED JURY INSTRUCTION NO. 23

### Proximate Cause – Tort Claims

The Court has determined that Dean Anderson and Taylor Anderson breached their fiduciary duties to USI. You, the jury, must decide if Dean Anderson or Taylor Anderson's tortious conduct was a proximate cause of a loss to USI.

Additionally, if you find that either USI or Lockton tortiously interfered with the contractual or business relations of the other, then you, the jury, must decide if the tortious conduct was a proximate cause of a loss to the party asserting the claim.

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or *some similar event*, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be

the only cause, nor the last or nearest cause. It is sufficient if it combines with another

cause resulting in the injury.

**Source:**

Ga. Suggested Pattern Jury Instruction, Civil § 60.200 (modified)

**USI'S REQUESTED JURY INSTRUCTION NO. 24**

**Damages – Tort**

If you find that Dean Anderson or Taylor Anderson's breaches of fiduciary duty proximately caused a loss to USI, then you, the jury, must determine the amount of USI's damages as against Dean Anderson and Taylor Anderson.

If you find that Lockton committed the tort of tortious interference with contractual and business relations and that such tortious conduct proximately caused a loss to USI, then you must determine the amount of USI's damages as against Lockton.

If you find that USI committed the tort of tortious interference with contractual and business relations and that such tortious conduct proximately caused a loss to Lockton, then you must determine the amount of Lockton's damages as against USI.

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that USI or Lockton is entitled to recover, you should award the party entitled to recover such sums as you believe are reasonable and just in this case.

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

**Source:**

Georgia Suggested Pattern Jury Instruction – Civil §66.001 & 66.010

O.C.G.A. §51-12-4

*High Schoals Mfg. Co. v. Price*, 136 Ga. 22(4) (1911)

*Smith v. Overby*, 30 Ga. 241, 248 (1860)

*Batson v. Higginbothem*, 7 Ga. App. 835, 838 (1910)

*Ransone v. Christian*, 56 Ga. 351(6) (1876)

## USI'S REQUESTED JURY INSTRUCTION NO. 25

### Damages – Tortious Interference

(1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for:

> (a) the pecuniary loss of the benefits of the contract or the prospective relation;

> (b) consequential losses for which the interference is a legal cause; and

> (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.

(2) In an action for interference with a contract by inducing or causing a third person to break the contract with the other, the fact that the third person is liable for the breach does not affect the amount of damages awardable against the actor; but any damages in fact paid by the third person will reduce the damages actually recoverable on the judgment.

**Source:**

Restatement (2d) of Torts, § 774A

## USI'S REQUESTED JURY INSTRUCTION NO. 26

### Damages – Lost Profits

In tort actions, recovery may include loss of profits, provided their loss is the proximate result of the defendant's wrong and they can be shown with reasonable certainty. Profits which are remote, or speculative, contingent or uncertain are not recoverable.

It is the burden of the party seeking lost profits to provide sufficient data to estimate the damages with reasonable certainty, but it is not necessary to submit exact figures or prove lost profits with exact mathematical certainty.

**Source:**

*GT Software, Inc. v. WebMethods, Inc.*, CIVIL ACTION FILE NO. 1:07-CV-0172-BBM, 2008 WL 11333333 (N.D. Ga. Sept. 17, 2008) (quoting *Ga. Grain Growers Ass'n v. Craven*, 95 Ga. App. 741, 747 (1957)).

*Second Continental, Inc. v. Atl. E-Z Builders, Inc.*, 237 Ga. App. 304 (1999).

Restatement (Second) of Contracts § 352 (1981).

## USI'S REQUESTED JURY INSTRUCTION NO. 27

### Punitive Liability

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

The Court has determined that Dean Anderson and Taylor Anderson breached their duties of loyalty and fiduciary duties owed to USI. These claims constitute torts under Georgia law, and you must consider whether or not to award punitive damages against Dean Anderson and Taylor Anderson.

You may also decide that USI has prevailed on its claims against Lockton for tortious interference with contractual and business relations. These claims constitute torts under Georgia law, and if USI prevails on these claims, you must consider whether or not to award punitive damages against Lockton.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence. A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.

41

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.700

**USI'S REQUESTED JURY INSTRUCTION NO. 28**

**Punitive Liability, Continued**

If the party seeking punitive damages fails to prove, by clear and convincing evidence, that the party from whom such damages are sought was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award (impose) punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation to the party seeking them but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide (that the party seeking punitive damages should receive) (to impose) punitive damages.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.702 (modified)

*Alliance Transp., Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983).

**USI'S REQUESTED JURY INSTRUCTION NO. 29**

**Intent to Harm**

If you decide to award punitive damages, you should further specify whether you find that the party from whom such damages are sought acted with specific intent to cause harm. A party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it. Intent is always a question for the jury. It may be shown by direct or circumstantial evidence.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.711

44

**USI'S REQUESTED JURY INSTRUCTION NO. 30**

**Intent to Harm; Amplified**

Intent is ordinarily ascertained from acts and conduct. You may not presume the party against whom punitive damages are sought acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced. The jury may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

You may presume a person of sound mind and discretion intends the natural and probable consequences of his act. The evidence may or may not rebut this presumption.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.712

O.C.G.A. § 16-2-6

O.C.G.A. § 16-2-5

*J. B. Hunt Transport v. Bentley,* 207 Ga. App. 250, 255 (1992)

*Brinson v. State*, 163 Ga. App. 567 n. 2 (1982)

*Hayes v. State*, 193 Ga. App. 33, 36 (1989)

**USI'S REQUESTED JURY INSTRUCTION NO. 31**

**Contract Damages; Attorney's Fees (Expenses of Litigation); Generally**

The expenses of litigation are not generally allowed as a part of the damages. But, if a party against whom damages are sought has acted in bad faith or has been stubbornly litigious or has caused the party seeking damages unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 18.020 (modified)

O.C.G.A. § 13-6-11

## USI'S REQUESTED JURY INSTRUCTION NO. 32

### Contract Damages; Attorney's Fees (Expenses of Litigation); Bad Faith

"Bad faith," for purposes of a claim for attorneys' fees, is bad faith connected with the transaction and dealings out of which cause of action arose, rather than bad faith in defending or resisting a claim after a cause of action has already arisen. The mere refusal of a party to pay a debt does not rise to the level of bad faith. "Bad faith" is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, the breach of a known duty through some motive of interest or ill will. "Bad faith" cannot be prompted by an honest mistake as to one's rights or duties but must result from some interested or sinister motive.

**<u>Source</u>:**

O.C.G.A. § 13-6-11

*Bowen v. Laird*, 348 Ga. App. 1, 5–6 (2018)

*Rapid Grp., Inc. v. Yellow Cab of Columbus, Inc.*, 253 Ga. App. 43, 49 (2001)

*Citizens & Southern Trust Co. v. Hicks*, 216 Ga. App. 338, 339 (1995)

## <u>USI'S PROPOSED PHASE TWO JURY INSTRUCTIONS (SUBJECT TO CHANGE DEPENDING ON PHASE ONE)</u>

### USI'S REQUESTED JURY INSTRUCTION NO. 1

#### Punitive Damages; Amount; Generally

You have decided to award punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. (You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award should reflect that purpose only.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.740

## USI'S REQUESTED JURY INSTRUCTION NO. 2

### Punitive Damages; Measure

The measure of such damages is your enlightened conscience as an impartial jury.

**Source**:

Georgia Suggested Pattern Jury Instructions, Civil § 66.741

## USI'S REQUESTED JURY INSTRUCTION NO. 3

### Punitive Damages; Amount; Guidelines

In considering the amount of punitive damages, you may consider the following factors:

1) the nature and egregiousness of the defendant's conduct;

2) the extent and duration of the defendant's wrongdoing and the possibility of its recurrence;

3) the intent of the defendant in committing the wrong;

4) the profitability of the defendant's wrongdoing;

5) the amount of actual damages awarded;

6) the previous awards of punitive damages against the defendant;

7) potential or prior criminal (civil) sanctions against the defendant based upon the same wrongful acts;

8) the financial circumstances, that is, the financial condition and or the net worth of the defendant; and

9) any other pertinent circumstances.

**Source:**

Georgia Suggested Pattern Jury Instructions, Civil § 66.750 (modified)

*State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

**USI'S REQUESTED JURY INSTRUCTION NO. 4**

**Attorneys' Fees and Expenses of Litigation; Amount of Damages**

Any award of attorneys' fees is to be determined upon the evidence of the reasonable value of the professional services which underlie the claim for attorneys' fees. To recover attorneys' fees and expenses of litigation, the party seeking them must prove both their actual cost and their reasonableness. Whether attorneys' fees and expenses of litigation are reasonable and necessary is a matter for expert opinion. It is your task to judge the weight and credibility of the testimony presented.

**Source:**

*Sims v. G.T. Architecture Contractors Corp.*, 292 Ga. App. 94, 96 (2008)

*Davis v. S. Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (1998)

*Am. Med. Transport Grp., Inc. v. Glo-An, Inc.*, 235 Ga. App. 464, 466 (1998)

## USI'S REQUESTED JURY INSTRUCTION NO. 5

### Attorneys' Fees and Expenses of Litigation; Proof

In awarding attorneys' fees and expenses of litigation in this case, it is not necessary for an attorney to segregate fees and expenses between successful and unsuccessful claims if the claims are so intertwined that work performed in connection with other claims is also necessary for the claim on which fees are allowed.

To show what portion of the total attorneys' fees were allocable to the claim that supported the award of fees, an attorney may estimate the percentage of his or her total fees spent on the claim supporting an award of attorneys' fees.

**Source:**

*Wilson v. Wernowsky*, 355 Ga. App. 834, 848 (2020).

*Campbell v. Bausch*, 195 Ga. App. 791, 792 (1990).

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that I have this day served a copy of the within and foregoing **USI INSURANCE SERVICES LLC'S PROPOSED JURY INSTRUCTIONS** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to the following counsel of record:

**Hall, Gilligan, Roberts & Shanlever, LLP**

Warren R. Hall, Esq.
Elizabeth M. Newton, Esq.
Wayne M. Cartwright, Esq.
3340 Peachtree Road – Suite 1900
Atlanta, Georgia 30326
whall@hgrslaw.com
enewton@hgrslaw.com
wcartwright@hgrslaw.com

**Wargo & French LLP**

Joseph D. Wargo, Esq.
David M. Pernini, Esq.
Brandon Parrish, Esq.
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia 30309
jwargo@wargofrench.com
dpernini@wargofrench.com
bparrish@wfslaw.com

**Crowell & Moring LLP**

Christopher J. Banks, Esq.
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
cbanks@crowell.com

Astor H. L. Heaven, III, Esq.
1001 Pennsylvania Ave., N.W.
Floor 10
Washington, DC 20004
aheaven@crowell.com

Sigourney R. Haylock, Esq.
40th Floor
515 South Flower Street
Los Angeles, CA 90071
shaylock@crowell.com

  This 2nd day of May, 2023.

        /s/ Jared C. Miller
        Jared C. Miller