UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMESON TAYLOR ANDERSON, ROBERT DEAN ANDERSON, and ROGER MALDONADO, <br><br> Plaintiffs, <br><br> v. <br><br> USI INSURANCE SERVICES LLC, <br><br> Defendant. | <u>CONSOLIDATED CASES PURSUANT TO FED. R. CIV. P. 42</u> <br><br> Civil Action No.: 1:19-cv-05582-VMC |
| USI INSURANCE SERVICES LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC, <br><br> Defendant. | Civil Action No.: 1:20-cv-02490-VMC |

**NOTICE OF FILING DEFENDANTS' OBJECTIONS
TO USI'S TESTIMONIAL DESIGNATIONS OF ROBERT MEYER'S
TRIAL PRESERVATION DEPOSITION**

Plaintiffs James Taylor Anderson, Robert Dean Anderson, and Roger Maldonado (the "Former Employees") and Defendant Southeast Series of Lockton

1

Companies, LLC's ("Lockton," and collectively the "Defendants"), hereby file their objections to USI's testimonial designations of Robert Meyers' trial preservation deposition taken on April 20, 2023..

## Defendants' Objections

| USI's Designations | Objection(s) | Response |
|---|---|---|
| 7:22-8:10 | | |
| 8:22-14:6 | | |
| 14:9-16:23 | 16:14-23 – Improper legal conclusion, improper expert testimony, lacks foundation, relevance, undue prejudice.  The witness is opining that USI always requires producers it hires to honor their contractual commitments.  This is an improper legal conclusion, and the witness has no foundation to say what always happens at USI, a large nationwide company for which he had only narrow responsibilities. | |
| 17:7-10 | 17:7-10 + 17:14-17 - Improper legal conclusion, improper expert testimony, lacks foundation, relevance, undue prejudice.  The witness is opining that USI always requires producers it hires to honor their contractual commitments.  This is an improper legal conclusion, and the witness has no foundation to say what always happens at USI, a large | |

| | | |
|---|---|---|
| | nationwide company for which he had only narrow responsibilities. | |
| 17:14-19:14 | 17:7-10 + 17:14-17 - Improper legal conclusion, improper expert testimony, lacks foundation, relevance, undue prejudice.  The witness is opining that USI always requires producers it hires to honor their contractual commitments.  This is an improper legal conclusion, and the witness has no foundation to say what always happens at USI, a large nationwide company for which he had only narrow responsibilities. | |
| 20:7-21:6 | | |
| 35:5-12 | Incomplete designation, rule of completeness.  The answer runs through 35:19 and should be presented in its entirety. | |
| 36:13-37 | Incomplete designation.  It is not clear where this designation ends.  The designation also fails to indicate what exhibit is being used. | |
| 37:14-38:8 | | |
| 39:24-45:3 | | |
| 45:24-46:20 | | |
| 46:23-49:7 | | |
| 49:20-50:8 | | |
| 50:13-53:4 | 53:2-4 + 53:9-22: Lacks foundation.  The witness lacks foundation to testify about what other people at USI were feeling. | |
| 53:9-54:15 | 53:2-4 + 53:9-22: Lacks foundation.  The witness lacks foundation to | |

3

|  | testify about what other people at USI were feeling. |  |
|---|---|---|
| 54:24-55:12 |  |  |
| 55:16-24 |  |  |
| 56:6-57:11 |  |  |
| 57:17-58:17 | 58:16-17 – Hearsay (see objection to Exhibit P130, which contains hearsay and hearsay within hearsay). Also object on the grounds of relevance and undue prejudice, for the reasons set forth in the objection to 41:18-45:3. This also relates to a client, Cincinnati Airport, that never moved its business and is unrelated to the damages sought in this matter. |  |
| 60:4-63:2 | 60:4-63:2 - Hearsay (see objection to Exhibit P130, which contains hearsay and hearsay within hearsay). Also object on the grounds of relevance and undue prejudice, for the reasons set forth in the objection to 41:18-45:3. This also relates to a client, Cincinnati Airport, that never moved its business and is unrelated to the damages sought in this matter. |  |
| 63:11-22 | 63:18-22 – Relevance. Whether Mr. Meyers is aware of the 60-day notice provision in Dean Anderson's contract is not relevant to any issue in this trial. |  |
| 64:5-7 | 64:5-7 + 64:10-66:19 – Relevance, Prejudice, Improper legal opinion, improper expert opinion. The witness is opining on whether he believes Dean Anderson owed a |  |

4

|  |  |  |
|---|---|---|
|  | heightened duty as a practice leader to give 60 days' notice before resigning. There is no basis for this testimony and suggests legal standards, from a lay witness, that differ from the instructions the Court will charge to the jury. Its admission would be unduly prejudicial. |  |
| 64:10-67:17 | 64:5-7 + 64:10-66:19 – Relevance, Prejudice, Improper legal opinion, improper expert opinion. The witness is opining on whether he believes Dean Anderson owed a heightened duty as a practice leader to give 60 days' notice before resigning. There is no basis for this testimony and suggests legal standards, from a lay witness, that differ from the instructions the Court will charge to the jury. Its admission would be unduly prejudicial.<br><br>66:20-66:1 – Relevance, unduly prejudicial. Whether Mr. Meyers knows of other employees who resigned without notice is not relevant to any issue to be decided in this case. |  |
| 67:25-68:3 |  |  |
| 68:12-69:9 | 68:16-69:5 – Relevance, undue prejudice, improper legal conclusion, improper expert opinion. Mr. Meyers is opining on |  |

5

| | | |
|---|---|---|
| | whether he thinks certain communications are "ethical." This is not proper testimony, is likely to create confusion with the jury about the proper legal standards at issue, is unduly prejudicial because it suggests the existence of legal standards contrary to the jury instructions, and comes from a lay witness who is not properly qualified as an ethics expert.<br><br>69:6-9 + 69:13-70:10 – Calls for speculation (objection made on the record), lacks foundation, improper lay opinion, violation of motion in limine order. Mr. Meyers is being asked a hypothetical question in violation of a motion in limine order obtained by USI against the asking of hypothetical questions. | |
| 69:13-70:15 | 69:6-9 + 69:13-70:10 – Calls for speculation (objection made on the record), lacks foundation, improper lay opinion, violation of motion in limine order. Mr. Meyers is being asked a hypothetical question in violation of a motion in limine order obtained by USI against the asking of hypothetical questions. | |
| 70:19-21 | 70:19-21- Unduly prejudicial, irrelevant, improper legal conclusions. This testimony relates to the USI Code of Conduct and it is being used to suggest the existence | |

|  |  |  |
|---|---|---|
|  | of legal obligations on the Former Employees that are not the basis of any claim in this litigation. Its admission for this purpose would be extremely prejudicial to the Former Employees and would in essence tell the jury that this Code of Conduct, which expressly states that it is not a contract, is the basis of Plaintiff's breach of contract claims or tort claims. It is none of those, and it should be excluded from trial and not admitted into evidence. |  |
| 70:25-71:12 | 70:25-71:12 - Unduly prejudicial, irrelevant, improper legal conclusions for the same reasons as set forth in the objection to 70:19-21. |  |
| 71:21-72:1 | 71:21-72:1 - Unduly prejudicial, irrelevant, improper legal conclusions for the same reasons as set forth in the objection to 70:19-21. |  |
| 72:7-9 | 72:7-9 - Unduly prejudicial, irrelevant, improper legal conclusions for the same reasons as set forth in the objection to 70:19-21. |  |
| 72:20-22 | 72:20-22 - Improper testimony to prove the content of a writing, relevance, unduly prejudicial. The witness is being asked to state what he understands a provision in the USI Code of Conduct to mean. This testimony has no evidentiary value. |  |

| | | |
|---|---|---|
| | The proffered testimony is also unduly prejudicial, irrelevant, improper legal conclusions for the same reasons as set forth in the objection to 70:19-21. | |
| 72:25-73:16 | 72:25-73:14 – Same objections as to 72:20-22.<br><br>73:15-16 + 73:21 – Same objections as to 70:19-21. | |
| 73:21-77:6 | 73:15-16 + 73:21 – Same objections as to 70:19-21. | |
| 77:17-78:17 | | |
| Exhibit P-56 | | |
| Exhibit P-398 | Relevance. | |
| Exhibit P-396 | Relevance, Lacks Foundation, hearsay. | |
| Exhibit P-130 | Hearsay.  USI is attempting to introduce out of court statements from Amira Couch and others at USI for the truth.  Some of those statements contain hearsay within hearsay (i.e., summaries from Ms. Couch about statements by a client.).  All of this is hearsay and not admissible for the truth if offered by USI.<br><br>Also object on the grounds of relevance and undue prejudice, for the reasons set forth in the objection to 41:18-45:3.  This also relates to a client, Cincinnati Airport, that never moved its business and is unrelated to the damages sought in this matter. | |

8

| Exhibit P-59 | | |
|---|---|---|
| Exhibit P-432 | Unduly prejudicial, irrelevant, improper legal conclusions.  This is the USI Code of Conduct and it is being used to suggest the existence of legal obligations on the Former Employees that are not the basis of any claim in this litigation.  Its admission for this purpose would be extremely prejudicial to the Former Employees and would in essence tell the jury that this Code of Conduct, which expressly states that it is not a contract, is the basis of Plaintiff's breach of contract claims or tort claims.  It is none of those, and it should be excluded from trial and not admitted into evidence. | |
| Exhibit P-399 | Relevance. | |

Counterdesignations:  83:15-21, 84:22-86:10, 86:25-87:8, 88:7-9, 88:17-90:14, 93:13-95:2, 95:5-7, 95:9-96:6, 97:2-98:1, 104:14-105:25, 106:12-19, 107:12-108:19, 132:11-18, 133:3-4, 134:21-23, 135:19-136:22, 137:7-138:11, 140:5-141:13, 144:1-18, 145:4-8, 146:15-147:5, 153:11-15, 156:3-21, 157:24-159:10, 160:15-162:13, 166:2-167:8, 179:4-12, 180:12-17, 181:1-5, 181:9-183:23, 185:9-18, 188:1-10, 188:18-189:16, 192:6-15, 192:21-193:21, 194:22-198:4, 199:15-200:2, 200:5-23, 201:21-202:13, 202:16

Move for admission of all exhibits used in the counterdesignations.

Respectfully submitted this 4th day of May, 2023.

**HALL, GILLIGAN, ROBERTS & SHANLEVER LLP**

*/s/ Warren H. Hall, Jr.*
Warren H. Hall, Jr.
Georgia Bar No. 319405
Wayne M. Cartwright
Georgia Bar No. 257328
Kristina K. Griffin
Georgia Bar No. 808069
whall@hgrslaw.com
wcartwright@hgrslaw.com
kgriffin@hgrslaw.com

3340 Peachtree Road NE – Suite 1900
Atlanta, Georgia 30326-1082
T: (404) 442-8776
F: (866) 864-9612

*Attorneys for Taylor Anderson, Dean Anderson, and Roger Maldonado*

**CROWELL & MORING LLP**

*s/ Christopher J. Banks*
Christopher J. Banks, Admitted *Pro Hac Vice*
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
cbanks@crowell.com
T: (415) 986-2800
F: (415) 986-2827

Astor H. L. Heaven, III Admitted *Pro Hac Vice*
1001 Pennsylvania Ave., N.W.
Floor 10
Washington, DC 20004
aheaven@crowell.com

**WARGO, FRENCH & SINGER LLP**

*/s/ David M. Pernini*
Joseph D. Wargo
Georgia Bar No. 738764
David M. Pernini
Georgia Bar No. 572399
Brandon Parrish
Georgia Bar No. 388223
999 Peachtree Street, NE
Suite 1120
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Fax: (404) 853-1501
jwargo@wfslaw.com
dpernini@wfslaw.com
bparrish@wfslaw.com

*Attorneys for Southeast Series of Lockton Companies, LLC*

Sigourney R. Haylock Admitted *Pro Hac Vice*
40th Floor
515 South Flower Street
Los Angeles, CA 90071
shaylock@crowell.com

*Attorneys for Taylor Anderson, Dean Anderson,
and Roger Maldonado*

## **RULE 7.1.D CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

                                      */s/ Warren R. Hall, Jr.*
                                      WARREN R. HALL, JR.